IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| (1) METACAFE, INC., | § | |
| (2) GOOGLE, INC., | § | |
| (3) YOUTUBE, INC., | § | |
| (4) SONY PICTURES ENTERTAINMENT, INC., | § | |
| (5) SONY ELECTRONICS, INC., | § | CIVIL ACTION NO. |
| (6) SONY COMPUTER ENTERTAINMENT AMERICA, INC. | § | |
| (7) SONY BMG MUSIC ENTERTAINMENT GP, | § | **02:07CV102** |
| (8) SONY CORPORATION | § | |
| (9) SONY CORPORATION OF AMERICA | § | |
| (10) GROUPER NETWORKS, INC., | § | |
| (11) GOTUIT MEDIA CORP., | § | JURY DEMAND |
| (12) DISCOVERY COMMUNICATIONS, INC., | § | |
| (13) MACMILLAN PUBLISHERS, INC., | § | |
| (14) PURE VIDEO NETWORKS, INC., | § | |
| (15) DIGITAL PLAYGROUND, INC. | § | |
| (16) NEW FRONTIER MEDIA, INC. | § | |
| (17) SBO PICTURES, INC. | § | |
| (18) VIVID ENTERTAINMENT, LLC | § | |
| (19) SUN MICROSYSTEMS, INC. | § | |
| (20) MLB ADVANCED MEDIA, L.P. | § | |
| | § | |
| DEFENDANTS. | § | |

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Antor Media Corporation ("Antor") for its First Amended Complaint against Defendants MetaCafe, Inc. ("MetaCafe"), Google, Inc. ("Google"), YouTube, Inc. ("YouTube"), Sony Pictures Entertainment, Inc. ("Sony Pictures"), Sony Electronics, Inc. ("Sony Electronics"), Sony Computer Entertainment America, Inc. ("Sony Computer"), Sony BMG Music Entertainment GP ("Sony BMG"), Sony Corporation ("Sony Corp"), Sony Corporation of America ("Sony America"), Grouper Networks, Inc. ("Grouper"), Gotuit Media Corp.

("GoTuIt"), Discovery Communications, Inc. ("Discovery"), Macmillan Publishers Inc. ("MacMillan"), PureVideo Networks, Inc. ("PureVideo"), Digital Playground, Inc. ("Digital Playground"), New Frontier Media, Inc. ("New Frontier"), SBO Pictures, Inc. ("SBO"), Vivid Entertainment, LLC ("Vivid"), Sun Microsystems, Inc. ("Sun"), and MLB Advanced Media, L.P. ("MLB Advanced Media").

## THE PARTIES

1. Antor is a corporation duly organized and existing under the laws of the state of Texas, having a principal place of business in Plano, Texas.

2. MetaCafe is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 537 Hamilton, Palo Alto, CA 94301. MetaCafe has an agent for service of process as: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Google is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

4. YouTube is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 1000 Cherry Avenue, San Bruno, CA 94066. YouTube has an agent for service of process as: Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Sony Pictures is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 10202 West Washington Boulevard, Culver City, CA 90232. Sony Pictures has an agent for service of process as: Leonard D. Venger, 10202 West Washington Boulevard, Culver City, CA 90232.

6. Sony Electronics is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 16450 W. Bernardo Street, San Diego, CA 92127. Sony Electronics has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

7. Sony Computer is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 919 E. Hillsdale Boulevard, 2nd floor, Foster City, CA 94404. Sony Computer has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

8. Sony BMG is a general partnership organized and existing under the laws of the State of Delaware, having a principal place of business at 550 Madison Ave., New York, NY 10022-3211. Sony BMG has an agent for service of process as: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

9. Sony Corp is a corporation duly organized and existing under the laws of Japan, having a principal place of business at 7-35 Kitashinagawa, 6-Chome Shinagawa-Ku, Tokyo, 141-0001, Japan. Sony Corp has an agent for service of process as: Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

10. Sony America is a corporation duly organized and existing under the laws of the state of New York, having a principal place of business at 555 Madison Avenue, 8th Floor, New York, NY 10022. Sony America has an agent for service of process as: Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

11. Grouper is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 475 Gate 5 Road #255, Sausalito, CA 94965.

Grouper has an agent for service of process as: David Samuel, 475 Gate 5 Road #255, Sausalito, CA 94965.

12. GoTuIt is a corporation duly organized and existing under the laws of the state of Delaware having a principal place of business at 15 Constitution Way Woburn, MA 01801. GoTuIt has an agent for service of process as: Corporation Service Company, 84 State Street, Boston, MA 02109.

13. Discovery is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 3905 West Berry Avenue, Littleton, CO 80123. Discovery has an agent for service of process as: Brian Novak, 3905 West Berry Avenue, Littleton, CO 80123.

14. MacMillan is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 175 Fifth Avenue, New York, NY 10010. Macmillan has an agent for service of process as: St. Martin's Press, Incorporated, 175 Fifth Avenue, New York, NY 10010.

15. PureVideo is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 841 Apollo Street, Suite 310, El Segundo, CA 90245. PureVideo has an agent for service of process as: Gregory Morrow, 841 Apollo Street, Suite 310, El Segundo, CA 90245.

16. Digital Playground is corporation organized and existing under the laws of the State of California, having a principal place of business at 16134 Hart St., Van Nuys, CA 91406. Digital Playground has an agent for service of process as: Anna M. Vradenburgh, 555 St. Charles Dr., Ste. 107, Thousand Oaks, CA 91360.

17. New Frontier is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business at 7007 Winchester Circle, Suite 200, Boulder, CO 80301.  New Frontier has an agent for service of process as: Karyn Miller, 7007 Winchester Circle, Suite 200 Boulder, CO 80301.

18. SBO is a corporation organized and existing under the laws of the State of California, having a principal place of business at 9040 Eton Ave., Canoga Park, CA 91304. SBO has an agent for service of process as: Steven B. Orenstein, 9040 Eton Ave., Canoga Park, CA 91304.

19. Vivid is a corporation organized and existing under the laws of the State of California, having a principal place of business at 3599 Cahuenga Blvd. W 4th Fl., Los Angeles, CA 90068.  Vivid has an agent for service of process as: Steven Hirsch, 3599 Cahuenga Blvd W, 4th Floor, Los Angeles, CA 90068.

20. Sun is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 4150 Network Circle, SSCA 12-206, Santa Clara, California 95054.  Sun has an agent for the service of process as:  CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

21. MLB Advanced Media is a partnership organized and existing under the laws of the state of New York, having a principal place of business at 75 9th Ave., 5th fl. New York, NY 10011.  MLB Advanced Media has an agent for service of process as: Michael Mellis, 75 Ninth Ave., New York, NY 10011.

JURISDICTION

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*  This Court has personal jurisdiction over the Defendants in that each of them has

committed acts within Texas and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

23. Antor does business and has an office in Collin County, Texas, in this district. Each of the Defendants has committed acts within this judicial district giving rise to this action and does business in this district, including advertising and/or providing services to their respective customers in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) (c), and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,734,961

24. On March 31, 1998, United States Patent No. 5,734,961 (the '961 Patent) was duly and legally issued for an invention entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network." Antor was assigned the '961 Patent and Antor continues to hold all rights and interest in the '961 Patent. A true and correct copy of the '961 Patent is attached hereto as Exhibit 1.

25. Each of the Defendants has infringed and continues to infringe the '961 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and services related to the streaming and/or downloading of media, such as video and audio, to devices via a network, such as the Internet; the practice of the methods claimed in the '961 Patent; and inducing and contributing to the manufacture, use, sale, importation, and/or offer for sale of such products and services and the practice of the methods claimed in the '961 Patent. Each of the Defendants is liable for infringement of the '961 Patent

pursuant to 35 U.S.C. § 271.

26. Each of the Defendants' acts of infringement has caused damage to Antor, and Antor is entitled to recover from each Defendant the damages sustained by Antor as a result of their individual wrongful acts in an amount subject to proof at trial.  Each of the Defendants' infringement of Antor's exclusive rights under the '961 Patent will continue to damage Antor's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

27. Upon information and belief, Defendants' infringement of the '961 Patent is willful and deliberate, entitling Antor to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Antor prays for judgment and seeks relief against each of the Defendants as follows:

(a) For judgment that the '961 Patent has been and continues to be infringed by each Defendant;

(b) For an accounting of all damages sustained by Antor as the result of the acts of infringement by each Defendant;

(c) For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by each Defendant, their officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with them, including related individuals and entities, customers, representatives, OEMS, dealers, and distributors;

(d) For actual damages together with prejudgment interest;

(e) For enhanced damages pursuant to 35 U.S.C. § 284;

(f) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For all costs of suit; and,

(h) For such other and further relief as the Court may deem just and proper.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Antor Media Corporation demands a trial by jury.

Respectfully submitted this 11th day of April, 2007.

/s/*Brett C. Govett*
Robert M. Chiaviello, Jr., Attorney-in-Charge
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

| | |
|---|---|
| S. Calvin Capshaw, III | Nicholas H. Patton |
| Elizabeth L. DeRieux | J. Kurt Truelove |
| Andrew W. Spangler | PATTON, TIDWELL & SCHROEDER, L.L.P. |
| BROWN McCARROLL L.L.P. | |
| 1127 Judson Road, Suite 220 | 4605 Texas Blvd. |
| Longview, TX 75601 | Texarkana, TX 75503 |
| Telephone: (903) 236-9800 | Telephone: (903) 792-7080 |
| Facsimile: (903) 236-8787 | Facsimile: (903) 792-8233 |

T. John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR.,
P.C.
109 W. Tyler
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323