IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| METACAFE, INC., | § | CIVIL ACTION NO. 2:07-CV-00102-DF |
| GOOGLE, INC., | § | JUDGE DAVID FOLSOM |
| YOUTUBE, INC., | § | |
| SONY PICTURES ENTERTAINMENT, INC., | § | |
| SONY ELECTRONICS, INC., | § | |
| SONY COMPUTER ENTERTAINMENT | § | |
|     AMERICA, INC., | § | |
| SONY BMG MUSIC ENTERTAINMENT GP, INC., | § | |
| GROUPER NETWORKS, INC., | § | JURY DEMANDED |
| GOTUIT MEDIA CORPORATION | § | |
| MACMILLAN PUBLISHERS, INC., | § | |
| MACMILLAN PUBLISHERS, LTD., | § | |
| PURE VIDEO NETWORKS, INC., | § | |
| DIGITAL PLAYGROUND, INC., | § | |
| NEW FRONTIER MEDIA, INC., | § | |
| SBO PICTURES, INC., | § | |
| VIVID ENTERTAINMENT, LLC, | § | |
| SUN MICROSYSTEMS, INC., | § | |
| AND MLB ADVANCED MEDIA, L.P. | § | |
|     DEFENDANTS. | § | |

**DEFENDANTS MACMILLAN PUBLISHERS, INC.'S AND MACMILLAN PUBLISHERS, LTD.'S OPPOSED MOTION TO STAY PENDING REEXAMINATION**

On March 27, 2007, Antor Media Corporation ("Antor") initiated the instant patent infringement suit based on alleged infringement of U.S. Patent No. 5,734,961 ("the '961 patent"). The suit was unusual because, at the time of Antor's complaint, the validity of the '961 patent was under reexamination before the United States Patent and Trademark Office ("Patent Office").[1] Indeed, several parallel infringement suits were pending before this Court, and Antor

---

[1] The Patent Office granted petitioner's request for an *ex parte* reexamination on January 5, 2006.

had already stipulated to staying at least one other patent infringement proceeding (the *Antor Media Corporation v. Samsung Telecommunications LLP* case, 5:06-cv-239). Based on this history, Defendants Macmillan Publishers, Inc. and Macmillan Publishers Ltd. ("the Macmillan Defendants") asked Antor to jointly move for a stay of proceedings based on the Macmillan Defendants' acceptance of the stipulation Ordered by this Court in the DataTreasury litigation (5:05-cv-173). Plaintiff refused.

In the interest of judicial economy and to avoid undue duplication of efforts between this Court and the Patent Office, Defendants move this Court for a stay of this action pending a final decision by the Patent Office on the *ex parte* reexamination of the '961 patent. And because this case is at such a preliminary stage, if and when the '961 patent emerges from reexamination, the Macmillan Defendants also ask that they then be allowed an additional 20 days to file their Answer to Antor's latest Complaint for Patent Infringement (currently the Second Amended Complaint). Consistent with this Court's Order on the stay issue in other case(s), Defendants affirm that they would accept the stipulation language from the DataTreasury litigation:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

## ARGUMENT

The power to stay litigation pending the outcome of a reexamination proceeding is included in a court's discretionary powers.[2] It is a part of the court's "power . . . to prevent

---

[2] *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341-42 (Fed. Cir. 1983) (a trial court has wide latitude in granting stay of litigation pending reexamination); see also *Emhart Indus. Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

costly pretrial maneuvering which attempts to circumvent the reexamination procedure."[3] In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."[4] A court will then balance the competing interests of the parties before granting a stay of litigation.[5]

### A. Plaintiff Will Not Be Prejudiced by the Stay

The first factor relates to whether a plaintiff will be prejudiced or disadvantaged by the stay. This factor weighs in favor of granting the stay due the early stages of the present litigation and by the fact that Plaintiff had previously stipulated to a stay with other defendants concerning the same patent. Because the Parties have not yet engaged in scheduling, discovery, or claim construction, "granting a stay conserves judicial resources."[6] Under these facts the Court has found no undue prejudice to Antor, and Plaintiff cannot reasonably claim otherwise.[7]

### B. A Stay Would Simplify the Issues of this Litigation

Reexamination is a statutory procedure that can be invoked by any person wishing to challenge the patentability of a U.S. patent.[8] But the Patent Office will agree to reexamine a patent only when the petition raises a substantial new question of patentability.[9] Given the Patent Office's decision to reexamine the '961 patent, its continuing vitality remains in doubt.

---

[3] H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980).
[4] *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D. N.Y. 1999).
[5] *United Sweetner USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (holding that in granting a stay of litigation pending reexamination, "'a district court must evaluate the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case.'" (citing *United Merchants & Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ill. 1980))).
[6] *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 1993 LEXIS 21073 *2-3 (N.D. Ill. 1993).
[7] *Antor Media Corp. v. Nokia, Inc.*, 2:05-cv-00186-DF-CMC, Docket No. 410, at 10.
[8] 37 C.F.R. § 1.510(a).
[9] 37 C.F.R. § 1.525(a).

Indeed, even if the '961 patent was to reemerge from reexamination, as the Court astutely observed in *Antor Media Corp. v. Nokia, Inc.*, there is "a high likelihood that results of the PTO's reexamination will have a dramatic effect on the issues before the Court . . . ."[10]  Should the reexamination change the scope of the '961 patent in a manner relevant to this case, any discovery or motion practice prior to the patent's reemergence from reexamination would likely waste the Parties' and the Court's time and increase the cost of litigation unnecessarily.

### C. A Stay Will Avoid Wasting the Time and Resources of the Court and Parties

Except for document preservation efforts that will be on-going, neither the Court nor the parties have invested significant resources in this case.  Discovery has not begun.  A scheduling order has yet to be entered.  And Defendants have yet to Answer Antor's Complaint.  This factor, Defendants submit, also weighs heavily in favor of granting the stay.

### D. The Technical Expertise of the Patent Office Further Weighs in Favor of Granting the Stay

In addition to the three (3) factors outlined above, courts also consider "the technical expertise of the Patent Office" in deciding whether to grant a stay pending reexamination.[11]  The Patent Office is particularly suited to reexamine the merits of the validity of the patent claims in cases where there are no previous reexamination proceedings.[12]  The Court recognized precisely this rationale in its September 27, 2006 Order in the *Antor v. Nokia, Inc.* case: " . . . the Court will benefit from the PTO's expertise and determination on reexamination."[13]  The Court's finding in the *Samsung* matter concerns the same patent and applies with equal force here.

---

[10] *Antor Media Corp. v. Nokia, Inc.*, 2:05-cv-186, Docket No. 410, at 10.
[11] *Agar Corp. Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex. 1997).
[12] *Id.*
[13] *Antor Media Corp. v. Nokia, Inc.*, 2:05-cv-186-DF-CMC, Docket No. 410, at 10.

## CONCLUSION

This case is in its earliest stages, and the '961 patent is under reexamination. Based on these facts, the Court previously found good cause to stay proceedings in a parallel action pending the outcome of reexamination. Because the facts here are even more compelling, the Court should do so again here. The Macmillan Defendants will agree to be bound by the stipulation language accepted by the Court in the DataTreasury litigation, and Defendants will work with Antor to keep the Court apprised of developments in the reexamination that may impact the ordered stay. If and when the '961 patent emerges from reexamination, the Macmillan Defendants should also be given an additional 20 days to file their Answers to Antor's Second Amended Complaint for Patent Infringement.

Dated: May 22, 2007

Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS**
**MACMILLAN PUBLISHERS, INC.**
**AND MACMILLAN PUBLISHERS, LTD.**

_/s/ Li Chen, with permission, Kelley Conaty_
**LI CHEN**
ATTORNEY-IN-CHARGE
Texas Bar No. 24001142
Email: LChen@Sidley.com
**KELLEY CONATY**
Texas Bar No. 24040716
Email: kconaty@Sidley.com
**SIDLEY AUSTIN, L.L.P.**
717 North Harwood, Suite 3400
Dallas, Texas 75201
tel. 214-981-3300
fax 214-981-3400

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

/s/ Kelley Conaty

### CERTIFICATE OF CONFERENCE

I certify that counsel for the Macmillan Defendants has contacted counsel for Antor regarding Motion to Stay Pending Reexamination, and Antor is opposed.

/s/ Kelley Conaty