IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 2-07CV-102 DF ) |
| (1) METACAFE, INC., | ) |
| (2) GOOGLE, INC., | ) |
| (3) YOUTUBE, INC., | ) |
| (4) SONY PICTURES ENTERTAINMENT, INC., | ) TRIAL BY JURY |
| (5) SONY ELECTRONICS, INC., | ) DEMANDED |
| (6) SONY COMPUTER ENTERTAINMENT AMERICA, INC., | ) ) |
| (7) SONY BMG MUSIC ENTERTAINMENT GP, | ) |
| (8) SONY CORPORATION, | ) |
| (9) SONY CORPORATION OF AMERICA | ) |
| (10) GROUPER NETWORKS, INC., | ) |
| (11) GOTUIT MEDIA CORP., | ) |
| (12) DISCOVERY COMMUNICATIONS, INC., | ) |
| (13) MACMILLAN PUBLISHERS, INC., | ) |
| (14) MACMILLAN PUBLISHERS, LTD., | ) |
| (15) PURE VIDEO DIGITAL NETWORKS, INC., | ) |
| (16) DIGITAL PLAYGROUND, INC., | ) |
| (17) NEW FRONTIER MEDIA, INC., | ) |
| (18) SBO PICTURES, INC., | ) |
| (19) VIVID ENTERTAINMENT, LLC, | ) |
| (20) SUN MICROSYSTEMS, INC., | ) |
| (21) MLB ADVANCED MEDIA, LP | ) ) |
| Defendants. | ) |

**MLB ADVANCED MEDIA, LP'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS TO ANTOR'S
<u>SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant MLB Advanced Media, LP ("MLB Advanced Media"), by and through its undersigned counsel, respectfully submits this Answer, Affirmative Defenses and Counterclaims in response to the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Antor Media Corporation ("Antor") as follows:

CHIC_1446855.1

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

As its answer to the Complaint, MLB Advanced Media alleges as follows:

### The Parties

1.     Antor is a corporation duly organized and existing under the laws of the State of Texas, having a principal place of business in Plano, Texas.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.     MetaCafe is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 537 Hamilton, Palo Alto, CA 94301. MetaCafe has an agent for service of process as: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     Google is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.     YouTube is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 1000 Cherry Avenue, San Bruno, CA 94066. YouTube has an agent for service of process as: Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.     Sony Pictures is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 10202 West Washington Boulevard, Culver City, CA 90232. Sony Pictures has an agent for

service of process as: Leonard D. Venger, 10202 West Washington Boulevard, Culver City, CA 90232.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Sony Electronics is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 16450 W. Bernardo Street, San Diego, CA 92127. Sony Electronics has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Sony Computer is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 919 E. Hillsdale Boulevard, 2nd floor, Foster City, CA 94404. Sony Computer has an agent for service of process as: Corporation Service Company d/b/a CSC – Lawyers Inco, 701 Brazos, Suite 1050, Austin, TX 78701.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Sony BMG is a general partnership organized and existing under the laws of the State of Delaware, having a principal place of business at 550 Madison Ave., New York, NY 10022-3211. Sony BMG has an agent for service of process as: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Sony Corp is a corporation duly organized and existing under the laws of Japan, having a principal place of business at 7-35 Kitashinagawa, 6-Chome Shinagawa-Ku, Tokyo, 141-0001, Japan. Sony Corp has an agent for service of process as: Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Sony America is a corporation duly organized and existing under the laws of the state of New York, having a principal place of business at 555 Madison Avenue, 8th Floor, New York, NY 10022. Sony America has an agent for service of process as: Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

**Answer**: MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Grouper is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 475 Gate 5 Road #255, Sausalito, CA 94965. Grouper has an agent for service of process as: David Samuel, 475 Gate 5 Road #255, Sausalito, CA 94965.

**Answer**: MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. GoTuIt is a corporation duly organized and existing under the laws of the state of Delaware having a principal place of business at 15 Constitution Way Woburn, MA 01801. GoTuIt has an agent for service of process as: Corporation Service Company, 84 State Street, Boston, MA 02109.

**Answer**: MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Discovery is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 1 Discovery Place, Silver Spring, MD 20910. Discovery has an agent for service of process as: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

**Answer**: MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. MacMillan is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 175 Fifth Avenue, New York, NY 10010. Macmillan has an agent for service of process as: St. Martin's Press, Incorporated, 175 Fifth Avenue, New York, NY 10010.

**Answer**: MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. MacMillan Ltd. is a private limited company having a country of origin as the United Kingdom. MacMillan Ltd. has a registered office as: Brunel Road, Houndmills, Basingstoke, Hants RG21 6XS.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. PureVideo is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 841 Apollo Street, Suite 310, El Segundo, CA 90245. PureVideo has an agent for service of process as: Gregory Morrow, 841 Apollo Street, Suite 310, El Segundo, CA 90245.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Digital Playground is corporation organized and existing under the laws of the State of California, having a principal place of business at 16134 Hart St., Van Nuys, CA 91406. Digital Playground has an agent for service of process as: Anna M. Vradenburgh, 555 St. Charles Dr., Ste. 107, Thousand Oaks, CA 91360.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. New Frontier is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business at 7007 Winchester Circle, Suite 200, Boulder, CO 80301. New Frontier has an agent for service of process as: Karyn Miller, 7007 Winchester Circle, Suite 200 Boulder, CO 80301.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. SBO is a corporation organized and existing under the laws of the State of California, having a principal place of business at 9040 Eton Ave., Canoga Park, CA 91304. SBO has an agent for service of process as: Steven B. Orenstein, 9040 Eton Ave., Canoga Park, CA 91304.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Vivid is a corporation organized and existing under the laws of the State of California, having a principal place of business at 3599 Cahuenga Blvd. W 4th

Fl., Los Angeles, CA 90068. Vivid has an agent for service of process as: Steven Hirsch, 3599 Cahuenga Blvd W, 4th Floor, Los Angeles, CA 90068.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.   Sun is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 4150 Network Circle, SSCA 12-206, Santa Clara, California 95054. Sun has an agent for the service of process as: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**Answer:** MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.   MLB Advanced Media is a partnership organized and existing under the laws of the State of New York, having a principal place of business at 75 9th Avenue, 5th Floor, New York, NY 10011. MLB Advanced Media has an agent for service of process as: Michael Mellis, 75 Ninth Avenue, New York, NY 10011.

**Answer:** MLB Advanced Media admits that it is a partnership, that it has its principal place of business at 75 9th Avenue, 5th Floor, New York, NY 10011, and that Michael Mellis is designated as an agent for service of process in New York. MLB Advanced Media LP denies that it is a New York partnership.

## Jurisdiction

23.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.  This Court has personal jurisdiction over the Defendants in that each of them has committed acts within Texas and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

**Answer:** MLB Advanced Media admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and that it has contacts with customers in Texas for certain products and services offered by MLB Advanced Media. MLB Advanced Media lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint.

## Venue

24.  Antor does business and has an office in Collin County, Texas, in this district.  Each of the Defendants has committed acts within this judicial district giving rise to this action and does business in this district, including advertising and/or providing services to their respective customers in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(c), and 1400(b).

**Answer:**  MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint.

## Alleged Infringement of U.S. Patent No. 5,734,961

25.  On March 31, 1998, United States Patent No. 5,734,961 (the '961 Patent) was duly and legally issued for an invention entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network."  Antor was assigned the '961 Patent and Antor continues to hold all rights and interest in the '961 Patent.  A true and correct copy of the '961 Patent is attached hereto as Exhibit 1.

**Answer:**  MLB Advanced Media admits that on March 31, 1998 United States Patent No. 5,734,961 (hereafter "the '961 Patent") was issued by the United States Patent Office, entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network."  MLB Advanced Media further admits that a true and correct copy of the '961 Patent was purported to be attached to the Complaint as Exhibit 1.  MLB Advanced Media further states that the '961 Patent is currently in the process of being reexamined in the U.S. Patent Office.  MLB Advanced Media lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint.

26.  Each of the Defendants has infringed and continues to infringe the '961 Patent.  The infringing acts include, but are not limited to, the manufacturer, use, sale, importation, and/or offer for sale of products and services related to the

streaming and/or downloading of media, such as video and audio, to devices via a network, such as the Internet; the practice of the methods claimed in the '961 Patent; and inducing and contributing to the manufacture, use, sale, importation, and/or offer for sale of such products and services and the practice of the methods claimed in the '961 Patent. Each of the Defendants is liable for infringement of the '961 Patent pursuant to 35 U.S.C. § 271.

**Answer:** MLB Advanced Media denies the allegations of paragraph 26 of the Complaint.

27. Each of the Defendants' acts of infringement has caused damage to Antor, and Antor is entitled to recover from each Defendant the damages sustained by Antor as a result of their individual wrongful acts in an amount subject to proof at trial. Each of the Defendants' infringement of Antor's exclusive rights under the '961 Patent will continue to damage Antor's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

**Answer:** MLB Advanced Media denies the allegations of paragraph 27 of the Complaint.

28. Upon information and belief, Defendants' infringement of the '961 Patent is willful and deliberate, entitling Antor to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer:** MLB Advanced Media denies the allegations of paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

Subject to MLB Advanced Media's right to allege additional defenses as they become known through the course of discovery, MLB Advanced Media asserts the following Affirmative Defenses to the Complaint:

### First Affirmative Defense
(Non-infringement)

30. MLB Advanced Media denies that it infringed, directly or indirectly, the '961 patent in any manner.

**Second Affirmative Defense**
(Invalidity)

31.     The '961 patent is invalid for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, 35 U.S.C. §§ 102, 103, and/or 112.

**Third Affirmative Defense**
(Unenforceability)

32.     Antor's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

33.     Based on information and belief, prior to filing the application that issued as the '961 patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0 474 717 ("the European '717 patent"), which, like the '961 patent, claimed priority from French Patent Application No. 89-07759.

34.     The following prior art references cited by Philips during the Philips Opposition were also cited by the U.S. Patent and Trademark Office ("PTO") during the prosecution of the application that issued as the '961 patent:  U.S. Patent No. 4,769,833 ("the '833 patent) and U.S. Patent No. 4,766,581 ("the '581 patent").

35.     Based on information and belief, the following prior art references cited by Philips during the Philips Opposition were not considered by the PTO:  U.S. Patent No. 4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System,"

Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the PTO").

36. Based on information and belief, prior to filing the application that issued as the '961 patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were aware of the Philips prior art references not considered by the PTO.

37. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent did not notify the PTO of the Philips Opposition or the Philips prior art references not considered by the PTO until filing an Information Disclosure Statement on February 16, 1997. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld this Information Disclosure Statement until after the examiner issued a Notice of Allowance on January 27, 1997.

38. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, and the EPO's provisional opinion dated October 9, 1996. The EPO's provisional opinion held that the European '717 patent should be revoked for failure to claim a patentable invention. The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the application that issued as the '961 patent. Like the PTO, the EPO had previously accepted the inventor's position on two key

references, the '833 patent and the '581 patent. However, based on new information provided by Philips and further review of these references, the EPO changed its prior position and instead found that the applicant's representation of these references was wrong, and that the claimed invention was not patentable over them. Thus, many of the statements made by Philips and the EPO during the Philips Opposition directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent. Further, the Philips' Opposition and the EPO's provisional opinion make a prima facie case that the '961 patent does not claim a patentable invention.

39. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) and the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(1) required for the examiner to consider the Information Disclosure Statement dated February 16, 1997. In addition, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997. As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997, was placed of record in the file history but not considered by the examiner.

40.     Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the examiner, even after notice from the PTO on April 15, 1997 that the required certification and fee had not been filed and the Information Disclosure Statement would not be considered.  Upon information and belief, the required certification and fee were deliberately withheld from the PTO with the knowledge that doing so would prevent the PTO examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same arguments the applicant was making in support of the issuance of the '961 patent, and that the claims of the '961 patent should not issue.

41.     Based on information and belief, while withholding all information relating to the Philips Opposition from the PTO, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent cited to and relied upon on the PTO's issuance of a Notice of Allowance of the application that issued as the '961 patent in order to support the patentability of the European '717 patent.

42.     The EPO issued its decision on the Philips Opposition on January 30, 1998, revoking the counterpart European Patent No. 0 474 717.  The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998.  Genese is the assignee identified on the front page of the '961 patent, and upon information and belief was founded by the inventor of record of the '961 patent.  Statements made by the EPO in the Philips Opposition Decision directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO,

including the applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

43. The inventor of record of the '961 patent responded to the EPO on February 17, 1998, acknowledging his receipt of the Philips Opposition Decision.

44. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO the Philips Opposition Decision, and failed to notify the PTO that the EPO revoked European Patent No. 0 474 717.

45. Based on information and belief, the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition December 1, 1995, and the EPO's provisional opinion dated October 9, 1996, the Philips prior art references not considered by the PTO, and the Philips Opposition Decision were material to the patentability of the '961 patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, this information establishes a prima facie case of unpatentability, and the examiner would have found this information important. This information was withheld from the PTO with knowledge of its materiality and the intent to deceive, and in violation of at least of 35 C.F.R. § 1.56, and the Manual of Patent Examining Procedure §§ 2001.06(a) and 2001.06(c), rendering the '961 patent unenforceable.

### Fourth Defense
(Laches)

46.    Antor's allegation of infringement of the '961 patent against MLB Advanced Media is barred by the doctrine of laches.

### Fifth Defense
(Estoppel)

47.    Antor's allegation of infringement of the '961 patent against MLB Advanced Media is barred by the doctrine of estoppel.

### Sixth Affirmative Defense
(License)

48.    Antor's allegation of infringement of the '961 patent against MLB Advanced Media is barred in whole or in part because of a license, express or implied, to practice the claims of the '961 patent.

### Seventh Defense
(Failure to Mark)

49.    To the extent that Antor seeks damages from MLB Advanced Media for any alleged infringement prior to Antor giving actual notice of the '961 patent to MLB Advanced Media, Antor's claims are barred pursuant to 35 U.S.C. § 287(a).

### III.    COUNTERCLAIMS

### The Parties

50.    MLB Advanced Media, LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 75 9th Ave., 5th Fl., New York, NY 10011.

51.     Antor is a corporation organized under the laws of the state of Texas, with its principal place of business in Plano, Texas.

## Jurisdiction

52.     These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

53.     By filing its Complaint, Antor has consented to personal jurisdiction of this Court.

## Venue

54.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400.

## First Counterclaim
(Declaratory Judgment of Noninfringement)

55.     MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-54 above as if fully set forth herein.

56.     In its Complaint, Antor alleged that MLB Advanced Media "has infringed and continues to infringe to the '961 Patent."

57.     An actual controversy exists between MLB Advanced Media and Antor regarding the infringement of the '961 patent by virtue of Antor's allegation of infringement.

58.     MLB Advanced Media is entitled to judgment from this Court that the '961 patent is not infringed by MLB Advanced Media.

59.     This is an exceptional case entitling MLB Advanced Media to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Second Counterclaim
(Declaratory Judgment of Invalidity)

60.     MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-59 above as if fully set forth herein.

61.     An actual controversy exists between MLB Advanced Media and Antor concerning the validity of the '961 patent by virtue of Antor's allegation of infringement.

62.     MLB Advanced Media is entitled to judgment from this Court that the '961 patent is invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

63.     This is an exceptional case entitling MLB Advanced Media to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Third Counterclaim
(Declaratory Judgment of Unenforceability)

64.     MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-63 above as if fully set forth herein.

65.     An actual controversy exists between MLB Advanced Media and Antor concerning the enforceability of the '961 patent by virtue of Antor's allegation of infringement.

66.     MLB Advanced Media is entitled to judgment from this Court that the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56.

67.     This is an exceptional case entitling MLB Advanced Media to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Antor's assertion of the '961 patent against MLB Advanced Media with the knowledge that the '961 patent is unenforceable.

### JURY DEMAND

MLB Advanced Media demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, MLB Advanced Media seeks an order granting the following relief:

a.  Denying and dismissing Antor Media's Complaint with prejudice;

b.  Declaring that the '961 patent, and each and every claim thereof, is not infringed by MLB Advanced Media, and is invalid and unenforceable;

c.  Declaring, pursuant to 35 U.S.C. § 285 and/or other applicable laws, this an exceptional case and awarding MLB Advanced Media its attorneys' fees incurred in connection with this action;

d.  Awarding MLB Advanced Media its costs and expenses incurred in this action; and

e.  Granting MLB Advanced Media such other and additional relief as this Court deems just and proper.

Respectfully Submitted,

Dated: May 30, 2007

/s/ Sharon Barner
Guy N. Harrison
217 N. Center Street
P.O. Box 2845
Longview, Texas 75601
Tel: (903) 758-7361
Fax: (903) 753-9557
State Bar No. 00000077
E-mail: cj-gnharrison@att.net

Sharon R. Barner, Attorney-in-Charge
    Illinois State Bar No. 6192569
    Email: SBarner@foley.com

David R. Melton
    Illinois State Bar No. 1883267
    Email: DMelton@foley.com

Jennifer L. Gregor
    Illinois State Bar No. 6286281
    Email: JGregor@foley.com

FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Phone: 312-832-4500
Fax: 312-832-4700

George C. Beck
    District of Columbia Bar No. 441979
    Email: GBeck@foley.com

FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

**Attorneys for Defendant MLB Advanced Media, LP**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was electronically sent to all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail on May 30, 2007.

/s/ Guy N. Harrison
Guy N. Harrison
