**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ANTOR MEDIA CORPORATION,** ) | |
| ) | |
|       **Plaintiff,** ) | **Civil Action No. 2:07-cv-102** |
| ) | |
| vs. ) | **Judge David Folsom** |
| ) | |
| **(1) METACAFE, INC.,** ) | |
| **(2) GOOGLE, INC.,** ) | |
| **(3) YOUTUBE, INC.,** ) | **Jury Demand** |
| **(4) SONY PICTURES ENTERTAINMENT,** ) | |
|  INC., ) | |
| **(5) SONY ELECTRONICS, INC.,** ) | |
| **(6) SONY COMPUTER ENTERTAINMENT** ) | |
|  AMERICA, INC., ) | |
| **(7) SONY BMG MUSIC ENTERTAINMENT** ) | |
|  GP, ) | |
| **(8) SONY CORPORATION,** ) | |
| **(9) SONY CORPORATION OF AMERICA,** ) | |
| **(10) GROUPER NETWORKS, INC.,** ) | |
| **(11) GOTUIT MEDIA CORP.,** ) | |
| **(12) DISCOVERY COMMUNICATIONS, INC.,** ) | |
| **(13) MACMILLAN PUBLISHERS, INC.,** ) | |
| **(14) MACMILLAN PUBLISHER, LTD.,** ) | |
| **(15) PURE VIDEO NETWORKS, INC.,** ) | |
| **(16) DIGITAL PLAYGROUND, INC.,** ) | |
| **(17) NEW FRONTIER MEDIA, INC.,** ) | |
| **(18) SBO PICTURES, INC.,** ) | |
| **(19) VIVID ENTERTAINMENT, LLC,** ) | |
| **(20) SUN MICROSYSTEMS, INC.,** ) | |
| **(21) MLB ADVANCED MEDIA, L.P.** ) | |
| ) | |
|       **Defendants.** ) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT GOTUIT MEDIA**
**CORPORATION TO THE SECOND AMENDED COMPLAINT**

Defendant Gotuit Media Corporation ("Gotuit"), by its undersigned attorneys, upon knowledge as to itself and its own acts, and otherwise upon information and belief, responds to

the allegations in the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of Plaintiff Antor Media Corporation ("Antor") as follows:

## PARTIES

1.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint and accordingly denies all such allegations.

2.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Amended Complaint and accordingly denies all such allegations.

3.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint and accordingly denies all such allegations.

4.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and accordingly denies all such allegations.

5.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and accordingly denies all such allegations.

6.  Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint and accordingly denies all such allegations.

7. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint and accordingly denies all such allegations.

8. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint and accordingly denies all such allegations.

9. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint and accordingly denies all such allegations.

10. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint and accordingly denies all such allegations.

11. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint and accordingly denies all such allegations.

12. Gotuit admits that it is a Delaware Corporation with its principal place of business at 15 Constitution Way, Woburn, MA 01801, and that its statutory agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

13. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Complaint and accordingly denies all such allegations.

14. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint and accordingly denies all such allegations.

15. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint and accordingly denies all such allegations.

16. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint and accordingly denies all such allegations.

17. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint and accordingly denies all such allegations.

18. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and accordingly denies all such allegations.

19. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and accordingly denies all such allegations.

20. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint and accordingly denies all such allegations.

21. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and accordingly denies all such allegations.

22. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and accordingly denies all such allegations.

## JURISDICTION

23. Gotuit admits that the Second Amended Complaint purports to bring an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq*. Answering further, Gotuit admits that the Second Amended Complaint purports that jurisdiction is based on provisions 28 U.S.C. §§ 1331 and 1338(a). Gotuit otherwise denies the averments contained in Paragraph 23 of the Second Amended Complaint.

## VENUE

24. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained the first sentence of Paragraph 24 of the Second Amended Complaint and accordingly denies all such allegations. Further answering, Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 24 of the Second Amended Complaint to the extent that they relate to defendants other than Gotuit and accordingly denies all such allegations. Further answering, Gotuit denies that it has done and continues to do business in this Judicial District and that venue is proper in this District.

**INFRINGEMENT OF U.S. PATENT NO. 5,734,961**

25. Gotuit admits that, on its face, United States Patent No. 5,734,961 ("the '961 Patent"), entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network," was issued on March 31, 1998 and that a copy of the '961 Patent is attached to the Second Amended Complaint as Exhibit 1. Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Second Amended Complaint and accordingly denies all such allegations.

26. Gotuit denies the allegations contained in Paragraph 26 of the Second Amended Complaint to the extent that those allegations concern Gotuit. Further answering, Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint to the extent that they relate to defendants other than Gotuit and accordingly denies all such allegations..

27. Gotuit denies the allegations contained in Paragraph 27 of the Second Amended Complaint to the extent that those allegations concern Gotuit. Further answering, Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint to the extent that they relate to defendants other than Gotuit and accordingly denies all such allegations..

28. Gotuit denies the allegations contained in Paragraph 28 of the Second Amended Complaint to the extent that those allegations concern Gotuit. Further answering, Gotuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint to the extent that they relate to defendants other than Gotuit and accordingly denies all such allegations..

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Gotuit asserts the following defenses:

### First Affirmative Defense

29.     Gotuit has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of the '961 Patent.

### Second Affirmative Defense

30.     One or more of the claims of the '961 Patent is invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

31.     Antor's claims for patent infringement and/or damages are barred by laches, estoppel, and/or acquiescence.

### Fourth Affirmative Defense

32.     Antor has failed to state a claim upon which relief may be granted.

## GOTUIT'S COUNTERCLAIM

33.     Pursuant to Fed. R. Civ. P. 13, Defendant Gotuit, for its counterclaims against Antor, alleges as follows:

## THE PARTIES

34.     Gotuit is a Delaware Corporation with its principal place of business at 15 Constitution Way, Woburn, MA 01801.

35.     Upon information and belief, Antor is a Texas Corporation with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

36. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual justiciable controversy between Antor and Gotuit. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

37. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FIRST COUNTERCLAIM
### (Noninfringement of the '961 Patent)

38. Gotuit repeats, reiterates and realleges each and every allegation in paragraphs 29 through 37 of the Answer And Counterclaims Of Defendant Gotuit Media Corporation To The Second Amended Complaint as if set forth fully herein.

39. There is an actual case or controversy between Gotuit and Antor concerning the alleged infringement of the '961 Patent by virtue of the allegations of the Second Amended Complaint and the Answer And Counterclaims Of Defendant Gotuit Media Corporation To The Second Amended Complaint in this action.

40. Gotuit has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, any valid claim of the '961 patents.

41. Gotuit requests a judgment declaring that Gotuit does not infringe any valid claim of the '961 Patent.

42. Antor conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285, entitling Gotuit to an award of costs, expenses and reasonable attorneys' fees.

## SECOND COUNTERCLAIM
### (Invalidity of the '961 Patent)

43.     Gotuit repeats, reiterates and realleges each and every allegation in paragraphs 29 through 42 of the Second Amended Complaint and the Answer And Counterclaims Of Defendant Gotuit Media Corporation To The Second Amended Complaint.

44.     There is an actual case or controversy between Gotuit and Antor concerning the alleged infringement of the '961 Patent by virtue of the allegations of the Second Amended Complaint and the Answer And Counterclaims Of Defendant Gotuit Media Corporation To The Second Amended Complaint in this action.

45.     Each claim of the '961 Patent is invalid for failure to meet one or more of the provisions governing patentability specified in 35 U.S.C. §§ 102, 103, and/or 112.

46.     Gotuit requests a judgment declaring that the '961 Patent is invalid.

47.     Antor's conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285, entitling Gotuit to an award of costs, expenses and reasonable attorneys' fees.

## JURY DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gotuit respectfully demands a trial by jury of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Gotuit respectfully prays that judgment be entered in its favor, including:

   A.     Adjudging that the '961 Patent is invalid;

   B.     Adjudging that the '961 Patent is not infringed by the Gotuit;

   C. Dismissing Antor's claims in their entirety with prejudice and adjudging that Antor take nothing from its Second Amended Complaint;

   E. Preliminarily and permanently enjoining Antor, its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with them, from directly or indirectly charging or instituting an action for infringement of the '961 Patent against Gotuit or any person or entity in privity with Gotuit, including without limitation Gotuit's successors, assigns, agents, suppliers, and customers;

   F. Adjudging this to be an exceptional case and awarding Gotuit its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

   G. Awarding to Gotuit such other and further relief as the Court may deem just and proper.

Dated: June 11, 2007          Respectfully submitted,

             /s/ Allen F. Gardner
             Michael E. Jones
             State Bar No. 10929400
             mikejones@potterminton.com
             John F. Bufe
             State Bar No. 03316930
             johnbufe@potterminton.com
             Allen F. Gardner
             allengardner@potterminton.com
             **POTTER MINTON, PC**
             110 N. College, 500 Plaza Tower
             Tyler, TX 75702
             Telephone: (903) 597-8311
             Facsimile: (903) 593-0846

             Attorneys for DEFENDANT
             GOTUIT & SONS COMPANY

Of Counsel:

Edward J. Kelly
Edward.Kelly@ropesgray.com
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dalila Argaez Wendlandt
Dalila.Wendlandt@ropesgray.com
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
(617) 951-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 8, 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Allen F. Gardner
Allen F. Gardner