IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ANTOR MEDIA CORPORATION,** | ) ) ) | CIVIL ACTION NO. 2:07-CV-00102-DF |
| Plaintiff, | ) ) | Honorable David Folsom |
| v. | ) ) | |
| **METACAFE, INC., ET AL.** | ) ) | JURY DEMAND |
| Defendants. | ) ) ) | |

**DEFENDANT DIGITAL PLAYGROUND INC.'S ANSWER TO ANTOR MEDIA CORP.'S SECOND AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST ANTOR MEDIA CORP.**

Defendant Digital Playground Inc. ("DPI"), by and through its counsel of record, answers the Second Amended Complaint of Antor Media Inc. and counterclaims as follows:

ANSWER

1.  Responding to Paragraph 1 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

2.  Responding to Paragraph 2 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

3.  Responding to Paragraph 3 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

1

4. Responding to Paragraph 4 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

5. Responding to Paragraph 5 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

6. Responding to Paragraph 6 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

7. Responding to Paragraph 7 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

8. Responding to Paragraph 8 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

9. Responding to Paragraph 9 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

10. Responding to Paragraph 10 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

11. Responding to Paragraph 11 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

12. Responding to Paragraph 12 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

13. Responding to Paragraph 13 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

14. Responding to Paragraph 14 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

15. Responding to Paragraph 15 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

16. Responding to Paragraph 16 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

17. Responding to Paragraph 17 of the Second Amended Complaint, Defendant admits the allegations therein.

18. Responding to Paragraph 18 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

19. Responding to Paragraph 19 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

20. Responding to Paragraph 20 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

21. Responding to Paragraph 21 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

22. Responding to Paragraph 22 of the Second Amended Complaint, Defendant DPI lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

23. Responding to Paragraph 23 of the Second Amended Complaint, Defendant admits the allegations of Paragraph 23 as to Defendant DPI. Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 23 which are therefore denied.

24. Responding to Paragraph 24 of the Second Amended Complaint, Defendant DPI admits that venue is proper in this district with respect to itself. Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 24 which are therefore denied.

25. Responding to Paragraph 25 of the Second Amended Complaint, Defendant DPI admits that Exhibit 1 is a copy of U.S. Patent No. 5, 734,91.  Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 25 which are therefore denied.

26. Responding to Paragraph 26 of the Second Amended Complaint, Defendant denies all allegations of Paragraph 26 as to Defendant DPI. Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 26 which are therefore denied.

27. Responding to Paragraph 27 of the Second Amended Complaint, Defendant denies all allegations of Paragraph 27 as to Defendant DPI. Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 27 which are therefore denied.

28. Responding to Paragraph 28 of the Second Amended Complaint, Defendant denies all allegations of Paragraph 28 as to Defendant DPI. Defendant DPI lacks sufficient information to admit or deny all other allegations of Paragraph 28 which are therefore denied.

## AFFIRMATIVE DEFENSES

### First Defense

29. Defendant DPI has not infringed U.S. Patent No. 5, 734,961 (the '961 patent), nor has it induced infringement or contributory infringed any valid claim of the '961 patent.

### Second Defense

30. Any interpretation of the '961 patent that would be required to find infringement, literally or by equivalents, is barred by the prosecution history of the '961 patent.

### Third Defense

31. The claims of the '961 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### Fourth Defense

32. The relief sought by Antor Media Corp. is barred in whole or in part by the doctrine of laches.

### Fifth Defense

33. The relief sought by Antor Media Corp. is barred in whole or in part by the doctrine of unclean hands.

### Sixth Defense

34. The '961 patent is invalid and unenforceable due to inequitable conduct during the prosecution of the '961 patent.

## COUNTERCLAIMS

For its counterclaims against Antor Media Corp., Digital Playground Inc. ("DPI") alleges:

1. DPI is a California corporation with its principal offices in Los Angeles County, California.

2. On information and belief, Antor Media Corp. is a Texas corporation with its principal offices in Plano, Texas.

3. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. Antor Media Corp. has asserted that DPI has infringed the '961 patent. DPI asserts that the claims of those patents are invalid and unenforceable. There is an actual controversy between the parties as to the unenforceability and invalidity of the '961 patent. The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## COUNT ONE

### (Declaratory Judgment of Invalidity)

4. Counterclaimant DPI incorporates by reference Paragraphs 1 through 3 of this Counterclaim as if set forth fully herein.

5. The asserted claims of the '961patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

6. DPI is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the '961 patent is invalid.

## COUNT TWO

### (Declaratory Judgment of Unenforceability)

7. Counterclaimant DPI incorporates by reference Paragraphs 1 through 6 of this Counterclaim as if set forth fully herein.

8. Based on information and belief, prior to filing the application that eventually issued as the '961 patent, the inventor or his representatives failed to notify the United States Patent and Trademark Office that an opposition had been filed against its counterpart European Patent. Such facts were material facts to the prosecution of the '961 patent.

9. Based on information and belief, material and relevant prior art that was cited in the European proceedings were not disclosed to the United States Patent and Trademark office.

10. Based on information and belief, other significant and material facts were withheld from the United States Patent and Trademark Office, including but not limited to the European Patent Office's opinion that the alleged invention of the '961 patent was not, in fact, patentable.

11. Based on information and belief, these omissions of material fact were made with the intent to mislead and deceive the United States Patent and Trademark Office and render the '961 patent unenforceable.

## PRAYER FOR RELIEF

For the reasons set forth above, Digital Playground Inc. prays that the Court:

1. Dismiss Plaintiff Antor Media Corp.'s Second Amended Complaint with prejudice;

2. Enter judgment that the claims of the '961 patent are invalid;

3. Enter judgment that the '961 patent is unenforceable;

4. Enter judgment that DPI has not infringed, directly or indirectly, any valid claim of the '961 patent;

5. Award DPI its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

6. Grant such other and further relief as it may deem just and proper.

## JURY DEMAND

Defendant Digital Playground Inc. respectfully requests trial by jury.

Respectfully submitted,

Date: June 8, 2007

/s/ Becky V. Christensen
Becky V. Christensen (Lead Attorney)
CA State Bar No. 147013
Enrique Perez
ILL State Bar No. 6230026
O'CONNOR CHRISTENSEN & McLAUGHLIN
Trial Division of the Eclipse Group LLP
1920 Main Street, Suite 150
Irvine, CA 92614

Telephone: (949) 851-5000
Facsimile:  (949) 851-5051
bchristensen@eclipsegrp.com
eperez@eclipsegrp.com


Kristi I. McCasland
TX State Bar No. 13381030
Greer, McCasland & Miller, LLP
3512 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 791-9300
Facsimile:  (903) 791-9301
kmccasland@greermccasland.com

ATTORNEYS FOR DEFENDANT
DIGITAL PLAYGROUND, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 8th day of June, 2007.  As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

    /s/ Rebecca Meegan
Rebecca Meegan