IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § | |
| *PLAINTIFF,* | § | CIVIL ACTION NO. 2:07-cv-00102-DF |
| | § | JUDGE DAVID FOLSOM |
| v. | § | |
| | § | JURY DEMANDED |
| METACAFE, INC., ET AL. | § | |
| *DEFENDANTS.* | § | |

---

### DEFENDANTS MACMILLAN PUBLISHERS, INC.'S AND MACMILLAN PUBLISHERS LTD.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

---

Defendants Macmillan Publishers, Inc. and Macmillan Publishers Ltd. ("the Macmillan Defendants") answer the Plaintiff's Second Amended Complaint for Patent Infringement ("Complaint"), in accordance with the numbered paragraphs thereof, as follows:

### THE PARTIES

1.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, deny these allegations.

2.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, deny these allegations.

3.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, deny these allegations.

Dockets.Justia.com

4.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, deny these allegations.

5.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, deny these allegations.

6.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, deny these allegations.

7.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, deny these allegations.

8.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, deny these allegations.

9.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, deny these allegations.

10.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, deny these allegations.

11.      The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, deny these allegations.

12.    The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, deny these allegations.

13.    The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, deny these allegations.

14.    The Macmillan Defendants admit Macmillan Publishers, Inc. is a corporation duly organized and existing under the laws of Delaware, that it has a principal place of business at 175 Fifth Avenue, New York, NY 10010, and that SMP (1952), Inc., formerly known as St. Martin's Press, Inc., is its registered agent.  Except as admitted above, the Macmillan Defendants deny the remaining allegations in paragraph 14.

15.    The Macmillan Defendants admit Macmillan Publishers Ltd. is a private limited company in the U.K., and that it has a registered office at Brunel Road, Houndmills, Basingstoke, Hants RG21 6XS.

16.    The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, deny these allegations.

17.    The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, deny these allegations.

18.    The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, deny these allegations.

19.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, deny these allegations.

20.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, deny these allegations.

21.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, deny these allegations.

22.     The Macmillan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, deny these allegations.

## JURISDICTION

23.     The Macmillan Defendants admit this action purports to arise under the patent laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Macmillan Publishers, Inc. denies all remaining allegations concerning it in paragraph 23.  Macmillan Publishers Ltd. admits it owns www.nature.com and individuals in Texas may purchase subscriptions through links contained in this website.  Macmillan Publishers Ltd. denies all remaining allegations concerning it in paragraph 23 to the extent those allegations are not supported by the foregoing.  The Macmillan Defendants deny Macmillan Publishers, Inc. conducts any acts or business in this District and further deny Plaintiff's Second Amended Complaint identifies any act or business conducted by Macmillan Publishers Ltd. in this District that allegedly forms the basis for this action and, on this basis, further deny the propriety of personal jurisdiction in this District.

**VENUE**

24.     The Macmillan Defendants deny Macmillan Publishers, Inc. conducts any acts or business in this District and further deny Plaintiff's Second Amended Complaint identifies any act or business conducted by Macmillan Publishers Ltd. in this District that allegedly forms the basis for this action.  On this basis, the Macmillan Defendants deny the propriety of venue in this District.  The Macmillan Defendants deny the remaining allegations in paragraph 24 because they lack sufficient knowledge or information to admit or deny.

**INFRINGEMENT OF U.S. PATENT NO. 5,734,961**

25.     The Macmillan Defendants admit that the '961 Patent entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network" issued on March 31, 1998.  The Macmillan Defendants further admit that a copy of the '961 Patent was attached as Exhibit 1 to the Complaint.  As to the remaining allegations, the Macmillan Defendants lack knowledge or information sufficient to answer these allegations and therefore deny these allegations.

26.     The Macmillan Defendants deny that they infringe or have infringed the '961 Patent in any way, whether directly or indirectly.  As to the remaining allegations contained in paragraph 26, the Macmillan Defendants lack knowledge or information sufficient to answer these allegations with respect to the remaining defendants and therefore deny these allegations.

27.     Insofar as the allegations in paragraph 27 concern the Macmillan Defendants, the Macmillan Defendants deny those allegations.  As to the remaining allegations contained in paragraph 27, the Macmillan Defendants lack knowledge or information sufficient to answer these allegations with respect to the remaining defendants and therefore deny these allegations.

28.    Insofar as the allegations in paragraph 28 concern the Macmillan Defendants, the Macmillan Defendants deny those allegations.  As to the remaining allegations contained in paragraph 28, the Macmillan Defendants lack knowledge or information sufficient to answer these allegations with respect to the remaining defendants and therefore deny these allegations.

### PRAYER FOR RELIEF

The Macmillan Defendants deny that Antor Media is entitled to any relief and denies all of the allegations contained in paragraphs (a)-(h) of Antor Media's Prayer for Relief.

### JURY DEMAND

The Macmillan Defendants admit that the Complaint sets forth a demand for trial by jury.

### AFFIRMATIVE AND OTHER DEFENSES

The Macmillan Defendants reserve the right to later request the addition of or assert claims against third parties.  The Macmillan Defendants also assert the following affirmative and other defenses and reserve the right to amend its answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim upon which Relief can be Granted)

1.    Plaintiff's Second Amended Complaint in no way identifies or gives notice of any acts, products, or services of the Macmillan Defendants that allegedly infringe the '961 Patent. As such, the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

2.    The Macmillan Defendants do not infringe and have not infringed, directly or indirectly, any valid claim of the '961 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

3.      Upon information and belief, the claims of the '961 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Unenforceability)

4.      Upon information and belief, Antor Media's allegation of infringement of the '961 Patent is barred because the '961 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

5.      On November 11, 1994, Philips Electronics N.V. ("Phillips") notified the European Patent Office ("EPO") that it opposed the registration of the European counterpart to the '961 Patent (European Patent No. 0 474 717, "the EP counterpart"), and, on November 15, 1994, Philips filed its Opposition, including its "Statement of Facts, Evidence, and Arguments" in support of its Opposition ("the Opposition").

6.      Based on information and belief, the following prior art references cited by Philips during the Opposition were not considered by the U.S. Patent and Trademark Office ("PTO"): U.S. Patent No. 4,521,806 (Abraham), German Patent No. 3, 616,354,[1] European Patent No. 0 118 936 (Phillips), K. Compann, et al., "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and van den Bussche, et al., "Signal Processing in the Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Opposition art not considered by the PTO").

---

[1] In lieu of German Patent No. 3, 616,354, the applicant submitted U.S. Patent No. 4,888,757 (Yoshimaru et al.), which it believed to be equivalent.

7.     On December 8, 1994, the EPO notified the Genese, the assignee identified on the front page of the '961 Patent, of the Opposition, and, on January 31, 1995, the EPO invited Genese to present objections to the Opposition.

8.     On May 19, 1995, the inventor and/or its representatives responded to the EPO's Notice of Opposition, and, on December 1, 1995, Phillips filed its reply in support of its Opposition.  The EPO issued its provisional opinion holding that the EP counterpart should be revoked for failure to claim a patentable invention on October 9, 1996.

9.     Based on information and belief, prior to filing the application that issued as the '961 Patent, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent were notified and aware of the Opposition filed against the EP counterpart.

10.     Based on information and belief, prior to the December 22, 1995 filing of the application that issued as the '961 Patent, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent were aware of the Opposition art not considered by the PTO.

11.     Based on information and belief, with the intent to deceive, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent did not notify the PTO of the Opposition or the Opposition art references not considered by the PTO until filing an Information Disclosure Statement ("IDS") on February 16, 1997.

12.    On April 15, 1997, the Supervisory Examiner denied petitions for consideration of this because it lacked the required fee and proper certification.  The IDS was therefore part of the prosecution record but was not to be considered by the Examiner.

13.    Based on information and belief, with the intent to deceive, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent withheld this IDS until after the Examiner issued a Notice of Allowance on January 27, 1997.

14.    Based on information and belief, with the intent to deceive, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent withheld from the PTO Philips' "Statement of Facts, Evidence, and Arguments" in support of its Opposition, Philips' Reply in support of its Opposition, and the EPO's provisional opinion.

15.    The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the application that issued as the '961 patent.[2]  Many of the statements made by Philips and the EPO during the Opposition directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO.  Further, the Opposition and the EPO's provisional opinion make a prima facie case that the '961 Patent does not claim a patentable invention.

---

[2]    Under 37 C.F.R. § 1.56, information is material to patentability when it is not cumulative to information already of record or being made of record in the application and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim or (2) it refutes, or is inconsistent with, a position the applicant takes in:  (i) opposing an argument of unpatentability relied on by the Office, or (ii) asserting an argument of patentability.

16.     Based on information and belief, with the intent to deceive, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent withheld from the PTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) and the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(1) required for the Examiner to consider the IDS dated February 16, 1997.

17.     In addition, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e),[3] as the information contained in the IDS was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to the February 16, 1997 filing of the IDS.  As a result, pursuant to 37 C.F.R. § 1.97(i),[4] the IDS was placed of record in the file history but not considered by the Examiner.

18.     Based on information and belief, with the intent to deceive, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person

---

[3] 37 C.F.R. § 1.97(d): An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (c) of this section, provided that the information disclosure statement is filed on or before payment of the issue fee and is accompanied by: (1) the statement specified in paragraph (e) of this section; and (2) the fee set forth in § 1.17(p).

37 C.F.R. § 1.97(e): A statement under this section must state either:  (1) that each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or (2) that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

[4] 37 C.F.R. § 1.97(i):  If an information disclosure statement does not comply with either this section or § 1.98, it will be placed in the file but will not be considered by the Office.

substantively involved in the preparation or prosecution of the application that led to the '961 Patent continued to withhold the required certification and fee with the knowledge that the IDS would not be considered by the Examiner, even after notice from the PTO on April 15, 1997 that the IDS would not be considered as the required certification and fee had not been filed. Upon information and belief, the required certification and fee were deliberately withheld from the PTO with the knowledge that doing so would prevent the PTO Examiner from reviewing the materials from the Opposition that showed the EPO had rejected the same arguments the applicant was making in support of the issuance of the '961 Patent and that the claims of the '961 Patent should not issue.

19.     Based on information and belief, while withholding all information relating to the Opposition from the PTO, the inventor, each attorney or agent who prepared and/or prosecuted the application; and/or every other person substantively involved in the preparation or prosecution of the application that led to the '961 Patent cited to and relied upon on the PTO's issuance of a Notice of Allowance of the application that issued as the '961 Patent in order to support the patentability of the EP counterpart.

20.     The EPO issued its decision on the Opposition on January 30, 1998, revoking the EP counterpart. The EPO sent a copy of its decision ("the Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998. Statements made by the EPO in the Opposition Decision directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO.

21.     On February 17, 1998, the inventor of record of the '961 patent responded to the EPO and acknowledged his receipt of the Opposition Decision.

22.     Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that

issued as the '961 Patent withheld from the PTO the Opposition Decision and failed to notify the PTO that the EPO revoked the EP counterpart.

23.     Based on information and belief, the Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its Opposition, Philips' Reply in further support of its Opposition, the EPO's provisional opinion, the Opposition art references not considered by the PTO, and the Philips Opposition Decision were material to the patentability of the '961 patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, this information establishes a prima facie case of unpatentability, and the Examiner would have found this information important. This information was withheld from the PTO with knowledge of its materiality and the intent to deceive, in violation of at least of 35 C.F.R. § 1.56 and the Manual of Patent Examining Procedure §§ 2001.06(a) and 2001.06(c), rendering the '961 Patent unenforceable.

### FIFTH AFFIRMATIVE DEFENSE
(Marking)

24.     Antor Media's remedies are limited under 35 U.S.C. §§ 286 and/or 287.  Antor Media's recovery of costs is limited under 35 U.S.C. § 288.

### ADDITIONAL DEFENSES

25.     The Macmillan Defendants are in the process of investigating additional available defenses and will assert those defenses as soon as certain facts are developed.  These defenses include, but are not limited to, laches and license.

### EXCEPTIONAL CASE

26.     This case is exceptional under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

The Macmillan Defendants pray for a Judgment as follows:

(a) dismissal with prejudice of Antor Media's claims against the Macmillan Defendants;

(b) a declaration that the Macmillan Defendants and their products have not infringed and do not infringe, directly or indirectly, any valid claim of the '961 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

(c) a declaration that the '961 Patent is invalid;

(d) a denial of Antor Media's request for damages, costs, attorneys' fees and injunctive relief;

(e) a declaration that the '961 Patent is unenforceable due to inequitable conduct before the PTO;

(f) a denial of Antor Media's request for enhanced damages pursuant to 35 U.S.C. § 284;

(g) a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and the awarding of costs and reasonable attorneys' fees to the Macmillan Defendants to the extent permitted by law; and

(h) the grant to the Macmillan Defendants of any further equitable or legal relief as the Court deems just and proper.

Dated: June 11, 2007                    Respectfully submitted,


**ATTORNEYS FOR DEFENDANTS**                  /s/ Li Chen
**MACMILLAN PUBLISHERS, INC.**           **LI CHEN**
**AND MACMILLAN PUBLISHERS LTD.**        ATTORNEY-IN-CHARGE
                                         Texas Bar No. 24001142
                                         Email: LChen@Sidley.com
                                         **KELLEY CONATY**
                                         Texas Bar No. 24040716
                                         Email: kconaty@Sidley.com
                                         **SIDLEY AUSTIN, L.L.P.**
                                         717 North Harwood, Suite 3400
                                         Dallas, Texas 75201
                                         tel. 214-981-3300
                                         fax 214-981-3400




### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):




                                         s/Kelley Conaty