Antor Media Corporation v. Metacafe, Inc.

Doc. 75

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO. 02:07CV102** |
| ) | Hon. David J. Folsom |
| SUN MICROSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | **JURY TRIAL DEMANDED** |

## DEFENDANT SUN MICROSYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF ANTOR MEDIA CORPORATION'S COMPLAINT

Defendant Sun Microsystems, Inc., ("Sun") hereby answers the corresponding paragraphs of Plaintiff Antor Media Corporation's ("Antor") Complaint filed with this Court on May 7, 2007.

### PARTIES

1.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the same.

2.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

4.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.

Dockets.Justia.com

5.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the same.

6.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the same.

7.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9.      Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same.

10.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

11.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the same.

15.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies the same.

16.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the same.

17.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.

18.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21.     Sun admits that it is a corporation organized under the laws of the State of Delaware.  Sun denies the remaining allegations in paragraph 21.

22.     Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.


## JURISDICTION

23.     Sun admits that this action arises under the patent laws of the United States.  Sun admits that the Complaint states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).  Sun denies that it has committed acts within Texas and this judicial district that gives rise to any action.  Sun denies all other allegations pertaining to Sun.  Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

3

## VENUE

24.      Sun lacks knowledge or information sufficient to form a belief as to the truth of

the allegations concerning Antor's business and therefore denies the same.  Sun denies that it has

committed acts within Texas and this judicial district that gives rise to any action.  Sun admits

that it does business in this judicial district and that venue is proper under 28 U.S.C. § 1391(b)

(c) and 1400(b).  Sun lacks knowledge or information sufficient to form a belief as to the truth of

the allegations concerning the other Defendants and therefore denies the same.

## INFRINGEMENT OF U.S. PATENT NO. 5,734,961

25.      Sun admits that United States Patent No. 5,734,961 ("the '961 Patent"), attached

as Exhibit 1 to the Complaint, is entitled "Method and Apparatus for Transmitting Information

Recorded on Information Storage Means from a Central Server to Subscribers via a High Data

Rate Digital Telecommunications Network."  Sun further admits that, on its face, the '961 Patent

lists March 31, 1998 as its issue date.  Sun lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of paragraph 24 and therefore denies the same.

26.      Sun denies the allegations of paragraph 25 that pertain to Sun.  Sun lacks

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

the other Defendants and therefore denies the same.

27.      Sun denies the allegations of paragraph 26 that pertain to Sun.  Sun lacks

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

the other Defendants and therefore denies the same.

28.    Sun denies the allegations of paragraph 27 that pertain to Sun.  Sun lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

## PRAYER FOR RELIEF

Sun denies that Antor is entitled to the requested relief identified in items (a) – (h) of its Prayer for Relief or any other relief.

## SUN'S DEFENSES

Sun hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof.  Sun reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

29.    Antor's complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

30.    Sun does not infringe, has not infringed, and has not induced infringement or contributed to infringement of the '961 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE – INVALIDITY

31.    The '961 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

32.    By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in issuance of the '961 Patent ("the Patent-in-Suit"), as shown by the prosecution history thereof, Antor is estopped from maintaining that any claim of the Patent-in-Suit covers any of Sun's articles, equipment, products, or any other activity engaged in by Sun.

## FIFTH DEFENSE - UNENFORCEABILITY

33.    Antor's allegation of infringement of the '961 Patent is barred because the '961 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

34.    Based on information and belief, prior to filing the application that issued as the '961 Patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0 474 717 ("the European '717 Patent"), which, like the '961 Patent, claimed priority from French Patent Application No. 89-07759.

35.    Based on information and belief, the following prior art references cited by Philips during the Philips Opposition were also cited by the U. S. Patent and Trademark Office ("PTO") during the prosecution of the application that issued as the '961 Patent: U.S. Patent No. 4,769,833 ("the '833 Patent) and U. S. Patent No. 4,766,581 ("the '581 Patent").

36.    Based on information and belief, the following prior art references cited by Philips during the Philips Opposition were not considered by the PTO: U. S. Patent No. 4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP'

System," Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the PTO").

37.    Based on information and belief, prior to filing the application that issued as the '961 Patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent were aware of the Philips prior art references not considered by the PTO.

38.    Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent did not notify the PTO of the Philips Opposition or the Philips prior art references not considered by the PTO until filing an Information Disclosure Statement on February 16, 1997. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld this Information Disclosure Statement until after the examiner issued a Notice of Allowance on January 27, 1997.

39.    Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, and the EPO's provisional opinion dated October 9, 1996. The EPO's provisional opinion held that the European '717 Patent should be revoked for failure to claim a patentable invention. The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the application that issued as the '961 Patent. Like the PTO, the EPO had previously accepted the inventor's position on two key references, the '833 Patent and the '581 Patent. However, based on new information provided by Philips and further review of these references, the EPO changed its prior position and instead found that the applicant's representation of these references was wrong, and that the claimed invention was not patentable over them. Thus, many of the statements made by Philips and the

EPO during the Philips Opposition directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 Patent and the '581 Patent. Further, the Philips' Opposition and the EPO's provisional opinion make a prima facie case that the '961 Patent does not claim a patentable invention.

40.    Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO the certification pursuant to 37 C.F.R. § § 1.97(d) and 1.97(e) and the fee pursuant to 37 C.F.R. § § 1.97(d) and 1.17(i)(1) required for the examiner to consider the Information Disclosure Statement dated February 16, 1997. In addition, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent knowingly could not properly include the certification pursuant to 37 C.F.R. § § 1.97(d) and 1.97(e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997. As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997, was placed of record in the file history but not considered by the examiner.

41.    Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the examiner, even after notice from the PTO on April 4, 1997 that the required certification and fee had not been filed and the Information Disclosure Statement would not be considered. Upon information and belief, the required certification and fee were deliberately withheld from the PTO with the knowledge that doing so would prevent the PTO examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same

8

arguments the applicant was making in support of the issuance of the '961 Patent, and that the claims of the '961 Patent should not issue.

42.    Based on information and belief, while withholding all information relating to the Philips Opposition from the PTO, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent cited to and relied upon on the PTO's issuance of a Notice of Allowance of the application that issued as the '961 Patent in order to support the patentability of the European '717 Patent.

43.    Based on information and belief, the EPO issued its decision on the Philips Opposition on January 30, 1998, revoking the counterpart European Patent No. 0 474 717. The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998. Genese is the original assignee of the '961 Patent, and was founded by the inventor of record of the '961 Patent. Statements made by the EPO in the Philips Opposition Decision directly refute positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 Patent and the '581 Patent.

44.    Based on information and belief, the inventor of record of the '961 Patent responded to the EPO on February 17, 1998, acknowledging his receipt of the Philips Opposition Decision.

45.    Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO the Philips Opposition Decision, and failed to notify the PTO that the EPO revoked European Patent No. 0 474 717.

46.    Based on information and belief, the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition December 1, 1995, and the EPO's provisional opinion dated October 9, 1996, the Philips prior art references not considered by the

PTO, and the Philips Opposition Decision were material to the patentability of the '961 Patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, and made a prima facie case of unpatentability, and the examiner would have found this information important. These references were withheld from the PTO with knowledge of their materiality and the intent to deceive, and in violation of at least of 37 C.F.R. § 1.56, rendering the '961 Patent unenforceable.

## SIXTH DEFENSE - NOTICE AND MARKING

47.    Prior to filing the instant action, Antor failed to provide Sun with proper notice of Antor's allegations of infringement. Therefore, Antor cannot obtain any damages or other relief for Sun's actions before the institution of this litigation.

## SEVENTH DEFENSE – LACHES

48.    Antor's claims are barred, at least in part, with respect to Antor's claims for pre-suit damages due to laches because of Antor's unreasonable delay in asserting the Patent-in-Suit.

## EIGHTH DEFENSE - STATUTE OF LIMITATIONS

49.    Antor's claims are barred, at least in part, pursuant to 35 U.S.C. § 286 with respect to all events occurring more than six years prior to the filing of this action.

## NINTH DEFENSE - EQUITABLE ESTOPPEL

50.    Antor is barred from obtaining any relief sought in the Complaint because of the doctrine of equitable estoppel.

## TENTH DEFENSE - BAD FAITH

51.    Antor has attempted in bad faith and with an improper purpose to impermissibly broaden the scope of the rights granted under the '961 Patent, and thus, the patent is unenforceable.

## SUN'S COUNTERCLAIMS

1.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.  Venue is proper for these Counterclaims because Antor elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  By filing the complaint in this action, Antor has subjected itself to the jurisdiction of this Court for purposes of these counterclaims against it.

2.     An actual justiciable case or controversy exists between Defendant Sun and Plaintiff Antor in that Antor has filed a complaint asserting that Sun has infringed the Patent-in-Suit.

## FIRST COUNTERCLAIM - DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '961 PATENT

3.     Sun hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 51 of the answer and defenses herein and paragraphs 1 through 2 of these counterclaims.

4.     This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

5.     Sun has not infringed and does not infringe, either directly, contributorily, or by active inducement, any claim of the '961 patent.

## SECOND COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF THE '961 PATENT

6.      Sun hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 51 of the answer and defenses herein and paragraphs 1 through 2 of these counterclaims.

7.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

8.      The '961 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, but not limited to, the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM - DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '961 PATENT

9.      Sun hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 51 of the answer and defenses herein and paragraphs 1 through 2 of these counterclaims.

10.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

11.      The '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 because of Plaintiff's inequitable conduct before the PTO during the prosecution of the application that issued as the '961 Patent.

WHEREFORE, Defendant Sun respectfully requests that this Court enter judgment in its favor and against Plaintiff Antor, and grant the following relief:

A.     Dismiss Plaintiff's Complaint with prejudice;

B.     Adjudge the Patent-in-Suit to be invalid;

C.     Adjudge that the Patent-in-Suit has not been and is not infringed, either directly, contributorily or by inducement, by Sun;

D.     Award Sun its attorneys' fees and costs in this action upon a finding that this is an exceptional case under 35 U.S.C. § 285; and

E.     Grant Sun such other and further relief as the Court may deem appropriate and just under the circumstances.

Dated: June 13, 2007                    By:  /s/ Thomas M. Dunham
                                            Thomas M. Dunham (*pro hac vice*)
                                            Attorney-in-Charge
                                            1299 Pennsylvania Avenue, N.W.
                                            Washington, DC  20004-2402
                                            (202) 783-0800

                                            Attorney for Defendant,
                                            Sun Microsystems, Inc.

**Certificate of Service**

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ Thomas M. Dunham
Thomas M. Dunham