IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ANTOR MEDIA CORPORATION, | § | |
|---|---|---|
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | **02:07CV-102** |
| | § | |
| METACAFE, INC., ET AL., | § | JURY DEMANDED |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS MACMILLAN PUBLISHERS, INC.'S AND MACMILLAN PUBLISHERS, LTD.'S OPPOSED MOTION TO STAY PENDING REEXAMINATION**

## TABLE OF CONTENTS

                                                                                            **Page**

I.     INTRODUCTION……………………………………………………………...……1

II.    FACTUAL BACKGROUND…………………………………………………………..3

III.   ARGUMENTS AND AUTHORITIES……………………………………...……..5

        A.     Under the Present Circumstances Any Stay

                Would Unduly Prejudice Antor………………………………………….…..6

        B.     This Court Should Grant A Stay Only If MacMillan

                Agrees to the Antor Stipulation……………………………………….....7

IV.   CONCLUSION……………………………………………………………….…..9

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*In re Columbia Univ. Patent Litig.*, 330 F. Supp. 2d 12 (D. Mass. 2004)……………………………………………………………………………..……..5

*NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785 (E.D. Va. 2005)…………………………………………………………………………..………..4

*Soverain Software L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660 (E.D. Tex. 2005)………….4

*Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316 (Fed. Cir. 2001)…………..…....…………...4

*Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404 (W.D.N.Y. 1999)…………..……....………....4

**DOCKETED CASES**

*Antor v. Nokia, Inc.*, No. 2:05-cv-186DF (E.D. Tex., Marshall Div.)…………..…………….....1

*Antor v. Motorola, Inc.*, No. 5:06-cv-240DF (E.D. Tex., Texarkana Div.)……………….....…….2

*Antor v. Samsung Telecomms.*,
No. 5:06-cv-239DF (E.D. Tex., Texarkana Div.)……………………………………....……….2

*DataTreasury v. Bank of Am. Corp.*,
No. 2:05-cv-292DF (E.D. Tex., Marshall Div.)…………….....………………………………...….1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ANTOR MEDIA CORPORATION, | § | |
|---|---|---|
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | **02:07-CV-102** |
| | § | |
| METACAFE, INC., ET AL. | § | JURY DEMANDED |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS MACMILLAN PUBLISHERS, INC.'S AND MACMILLAN PUBLISHERS, LTD.'S OPPOSED MOTION TO STAY PENDING REEXAMINATION**

Plaintiff, Antor Media Corporation ("Antor") responds to the Motion to Stay Litigation Pending Completion of Reexamination ("Motion") filed by MacMillan Publishers, Inc. and MacMillan Publishers, Ltd. (collectively "MacMillan") and respectfully requests that the Motion be denied.

**I.**

**INTRODUCTION**

MacMillan seeks to stay this case pending completion of the U.S. Patent and Trademark Office ("USPTO") reexamination of U.S. Patent No. 5,734,961 ("the '961 Patent"), subject to the form of stipulation in the DataTreasury litigation (e.g., *DataTreasury v. Bank of America Corporation, et al.*, No. 2:05-cv-292DF (E.D. Tex., Marshall Div.)). Antor opposes any stay, regardless of the form. However, in the event the Court is inclined to grant a stay, Antor submits that the only appropriate stay is subject to the stipulation executed by other Antor defendants.

This is the fourth time the issue of a stay concerning the reexamination of the '961 Patent has been before this Court. In *Antor v. Nokia, Inc.*, No. 2:05-cv-186DF (E.D. Tex., Marshall

Div.) ("*Antor II*"), this Court ruled that a stay was appropriate on the condition that the Defendants entered the following stipulation (the "Antor Stipulation"):

> The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 Patent based on any prior art printed publications that were considered in the reexamination process. *Antor II*, Docket Entry 410 at 9-10; *id*., Docket Entry 421 at 1.

In presenting the Antor Stipulation to the Antor II Defendants, this Court noted: "[t]he Court rejects Defendants' proposed stipulation because, quite simply, Defendants should not have two bites at the apple."[1] *Id.,* Docket Entry 410 at 9-10.

In other Antor litigation, this Court has either granted stays pending reexamination of the '961 Patent subject to the Antor Stipulation, or has declined to grant a stay where a defendant has refused to accept the Antor Stipulation. In *Antor v. Motorola, Inc.*, No. 5:06-cv-240DF (E.D. Tex., Texarkana Div.), Motorola asked this Court to reconsider the Antor Stipulation and requested an unconditional stay pending completion of the reexamination of the '961 Patent. Motorola's motion was dismissed without prejudice "[b]ecause the Court is not inclined to stay this litigation absent any stipulation." *Antor v. Motorola*, Docket Entry 53 at 1-2. Also, in *Antor v. Samsung Telecomms.*, No. 5:06-cv-239DF (E.D. Tex., Texarkana Div.), Sony Ericsson Mobile Communications, Inc. ("Sony Ericsson") also asked this Court to reconsider the Antor Stipulation and requested an unconditional stay pending completion of the reexamination of the '961 Patent. In dismissing Sony Ericsson's motion this Court reiterated its position that it "is not inclined to stay the above-captioned case absent any stipulation." *Antor v. Samsung*, Docket Entry 70 at 1-2. In the same litigation, Samsung sought and received a severance from Sony Ericsson and executed the Antor Stipulation in exchange for a stay pending reexamination of the "961 Patent. *See id*., Docket Entry 51-1.

---

[1] As will be discussed, MacMillan now proposes a stipulation that, in effect, is the same as the one proposed by the Antor II Defendants. However, this Court considered and rejected the Antor II Defendant's stipulation.

As this Court may recall, the DataTreasury litigation is factually distinct from the Antor litigation. As such, in the DataTreasury litigation this Court ordered a stay subject to the following stipulation (the "DataTreasury Stipulation"):

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by the petitioner with prior art that was not so submitted.

The DataTreasury Stipulation is different from the Antor Stipulation insomuch as it allows a defendant to argue invalidity based upon a reference that was considered by the USPTO during the reexamination proceeding (e.g., prior art publications submitted by the plaintiff). In asking for a stay subject to the DataTreasury Stipulation, MacMillan asks this Court for something no other Antor defendant has received. Even worse, MacMillan requests something this Court has expressly refused to grant other Antor defendants. Nevertheless, MacMillan offers no valid reason as to why it should be treated differently than other Antor defendants.

## II.

## FACTUAL BACKGROUND

On May 16, 2005, Antor sued Nokia and eleven other defendants (collectively the "Antor II Defendants") for infringement of the '961 Patent. On December 7, 2005, Nokia filed a Request for Reexamination with the USPTO. Thereafter, Nokia's co-defendants LG Electronics, Kyocera Wireless Corp., and Research in Motion Corp. each filed their own Requests for Reexamination. In the Requests, the Antor II Defendants submitted prior art to the USPTO and argued why that art should be considered to invalidate the '961 Patent. Not surprisingly, the

USPTO granted these Requests.² Afterward, Nokia and ten of the eleven co-defendants filed a Motion to Stay the Antor II litigation pending completion of the reexamination of the '961 Patent.

This Court conducted a hearing on the Antor II Defendants' Motion to Stay on June 29, 2006. At the hearing, this Court proposed that the Antor II Defendants stipulate that they would be bound by the results of the reexamination of the '961 Patent. However, on July 10, 2006, defendants proposed an alternative stipulation that stated defendants "agree not to challenge the '961 patent based on any prior art printed publication that was <u>raised by defendants</u> in the requests for reexamination." *See* Antor *II*, Docket Entry 385-2 (emphasis added). This Court rejected defendants' proposed stipulation, noting that "Defendants should not have two bites at the apple." In other words, this Court affirmed Antor's position that the defendants could continue with the litigation and assert any prior art reference, or they could be bound by the results of the reexamination they requested - but not both. This Court stayed Antor II under the condition that each defendant:

> [a]grees not to challenge the '961 Patent based on any prior art printed publications that were considered during the reexamination process. Antor II, Doc. 410.

This stipulation has been adopted by all Antor defendants who have agreed to a stay pending the outcome of the reexamination of the '961 Patent. Antor, while opposed to any stay at all, offered not to oppose MacMillan's motion to stay if MacMillan agreed to the same stipulation. However, MacMillan refused Antor's offer and filed its motion to stay.

---

² The fact that the USPTO grants over ninety percent (90%) of all Reexamination Requests has been well-briefed before this Court.

# III.

# ARGUMENTS AND AUTHORITIES

On this much MacMillan and Antor agree - this Court has the authority to manage its own docket. *See* Motion at 2. A district court is not required to stay an action even where a request for reexamination is granted. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("[t]he court is not required to stay judicial resolution in view of the reexamination."); *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) ("[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."). As MacMillan has pointed out and this Court has observed "[i]n deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (*citing Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). However, contrary to MacMillan's assertions, a fair evaluation of these factors suggests that a stay is not appropriate under the facts at hand. It has become apparent that a stay pending reexamination of the '961 Patent is an indefinite stay. Therefore, Antor is unduly prejudiced by such a stay.

**A.** <u>Under the Present Circumstances Any Stay Will Unduly Prejudice Antor</u>

In Antor II, a primary basis of defendant's argument in support of a stay was the notion that the reexamination did not threaten a protracted or indefinite delay in the litigation. *See Antor II*, Docket Entry 232-1 at 12. Indeed, the Antor II Defendants repeatedly pointed out that

35 U.S.C. § 305 requires the USPTO to conduct reexaminations with "special dispatch." *See id*., Docket Entry 232-1 at 12; *id*., Docket Entry 249 at 5, 6. Moreover, the Antor II Defendants took every opportunity to point out that Antor's concern over an unduly burdensome or indefinite delay was unfounded. *Antor II*, Docket Entry 249 at 4-5 ("Antor is simply mistaken that the reexamination process will almost certainly result in years of delay."); *id*., Docket Entry 249 at 6 ("Nokia is not seeking '[a]n indefinite stay of the litigation' … only a modest stay. … Antor will suffer no prejudice from such a modest stay."); *id*., Docket Entry 274 at 3 ("Antor claims (with no support) that any stay will be indefinite because the PTO will not live up to its statutory obligation to complete the newly filed reexaminations with 'special dispatch' and will instead give primary emphasis to reducing its backlog of old cases."); *id*., Docket Entry 274-1 at 4 ("[t]here is no merit to Antor's claim that a stay will be indefinite."). On several occasions, the Antor II Defendants argued that the entire reexamination proceeding would be finished in two years or less. *Id*., Docket Entry 274-1 at 3 ("the PTO has a firm goal of completing [reexaminations] in less than about 21-22 months"); *id*., Docket Entry 274-1 at 4 ("it can be seen that the PTO *is* handling the four reexaminations here with special dispatch and also has a firm objective to complete each in less than 20 months after filing (Kyocera) and/or 21-22 months after filing (Nokia, LG, RIM)."); *id*., Docket Entry 249 at 5 ("the PTO has taken steps to streamline the reexamination process, … and has affirmed its goal to complete all reexamination proceedings in 'less than two years.'").

As it turned out, Antor was right, and the Antor II Defendants were wrong. After almost one and a half years, there has been no word from the USPTO. That is, a first Office Action has not yet issued. There is almost no chance that reexamination of the '961 Patent will be finished within the two year time frame suggested by the Antor II Defendants. As a result of the

complete lack of progress, Antor's fear of an indefinite stay has come true. This complete lack of progress coupled with the potential for an exhaustive appeal process creates a reasonable probability that reexamination of the '961 Patent could drag on for over four years.[3] Put simply, there is no light at the end of the tunnel.

In view of the above, a stay granted at this point would necessarily be an indefinite stay. There is no way to determine when Antor's dialogue with the USPTO will begin during the reexamination, much less when it will end. Such an indefinite stay will not bring the parties any closer to a final resolution of the issues at hand. Firm trial settings resolve cases, not indefinite delays. *See Soverain Software L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005). Therefore, Antor moves this Court to deny any stay in this action as such a stay would be indefinite and doing so would unduly prejudice Antor.

**B.    This Court Should Grant A Stay Only If MacMillan Agrees to the Antor Stipulation**

MacMillan's request for the DataTreasury Stipulation is out of step with this Court's prior rulings in other Antor litigation. MacMillan's position closely resembles the position taken by the Antor II Defendants in proposing their alternative stipulation to this Court. Like MacMillan does now, the Antor II Defendants sought a stipulation preventing arguments based only upon art submitted by the defendants and not the art submitted by Antor during reexamination. *Compare Antor II*, Docket Entry 385 at Ex. A; *Motion* at 2. Also, like the Antor II Defendants, MacMillan touts the technical expertise of the Patent Office in reexamining the merits of the validity of patent claims, *see* Motion at 4, but thinks it should not be bound by the USPTO's decision should it not like the results. As such, MacMillan now asks for the very "two bites at the apple" this Court denied the Antor II Defendants. Curiously, MacMillan is wholly

---

[3] *See, e.g., In re Columbia Univ. Patent Litig.*, 330 F. Supp. 2d 12, 16 (D. Mass. 2004) ("[T]he PTO will not cancel claims until after the time for appeal has expired and any appeals have been terminated.").

25786784.1

silent as to why it should be given the DataTreasury Stipulation when the Antor II Defendants were not. Under these circumstances, this Court should not grant the DataTreasury Stipulation for a number of reasons, not the least of which is that it would be unfair to give MacMillan something other Antor defendants have not received.

In its Motion, MacMillan seems to justify its request for the DataTreasury Stipulation largely on the idea that the present litigation is in its early stages. *See* Motion at 3, 6. However, this Court has considered that argument before and was not persuaded. For example, in other Antor litigation, Motorola and Sony Ericsson argued that the Antor Stipulation was inappropriate because the litigation was in its early stages. *See Antor v. Motorola*, Docket Entry 24-1 at 12; *Antor v. Samsung*, Docket Entry 34-1 at 11. Motorola further argued that the Antor Stipulation was ripe for abuse. In response, this Court was "not inclined to stay this litigation absent any stipulation." *See Antor v. Motorola*, Docket Entry 53. Put simply, MacMillan has not shown this Court anything it has not already seen. As a result, MacMillan should be treated no differently than other Antor defendants.

This Court granted the DataTreasury Stipulation in view of facts that simply do not apply in the Antor litigation. In the DataTreasury Litigation, the Defendants voiced their concern regarding the timeliness of Plaintiff's submission of prior art during the reexamination proceeding.[4] Specifically, the Defendants emphasized Plaintiff's failure to submit any prior art until after issuance of the first Office Action, i.e., until after the USPTO had made already made its initial analysis of the prior art. Primarily, the Defendants were concerned that the USPTO

---

[4] "Despite the regulatory directive to file the IDS within two months after the order for reexamination, DTC consciously waited until ***after*** the First Office Action to submit its prior art. More than nine months late, on December 13, 2006, DTC filed an IDS with the Patent Office. That IDS contained over 300 new prior art references for each patent-in-suit" (emphasis original). *Data Treasury v. Bank of America Corp.*, No. 2:05-cv-292, Supplemental Brief in Support of Defendant's Motion to Stay Litigation Pending Reexamination of the Patents-in-Suit, pg. 3.

25786784.1

would give less attention to that art submitted after its initial evaluation in formulating the rejections in the first Office Action.[5]

In contrast, Antor submitted prior art in a timely fashion during the reexamination proceeding and has continued to do so as it becomes aware of new art. Moreover, a first Office Action has yet to issue. As such, the fears shared by the Defendants in the DataTreasury Litigation should not exist in this litigation. Accordingly, there is no sufficient reason to offer the DataTreasury Stipulation in this litigation.

## IV.

## **CONCLUSION**

WHEREFORE, Antor respectfully requests that MacMillan's Motion to Stay Pending Completion of Reexamination be, in all respects, denied. However, in the event this Court is inclined to stay this litigation, Antor requests that the Court do so subject to the Antor Stipulation.

Respectfully submitted this 20th day of June, 2007.

---

[5] "The timing of the [submission] is also important. As DTC surely knows, because the Patent Office was inundated with these references late in the game and after the First Office Action, it is far less likely that they will received full consideration from the Patent Office and far more likely that the Patent Office will focus instead on the reasons it had previously given for invalidity." *Id*. at pg. 4.

25786784.1

   /s/ Robert M. Chiaviello, Jr.

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200


COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

S. Calvin Capshaw, III
Elizabeth L. DeRieux
Andrew W. Spangler
BROWN McCARROLL L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Nicholas H. Patton
J. Kurt Truelove
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

T. John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR., P.C.
109 W. Tyler
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Otis W. Carroll
IRELAND CARROLL & KELLEY, PC
6101 South Broadway
Suite 500
Tyler, TX 75711-7879
Telephone: (903) 561-1600
Facsimile: (903) 581-1071