IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § | **02:07CV-102** |
| METACAFE, INC., ET AL., | § § | JURY DEMANDED |
| DEFENDANTS. | § § § | |

## PLAINTIFF'S REPLY TO COUNTERCLAIMS OF MLB ADVANCED MEDIA, L.P.

Plaintiff-Counterdefendant, Antor Media Corporation ("Antor"), replies to Defendant MLB Advanced Media, L.P. ("MLB Advanced Media") as follows:

### COUNTERCLAIMS

### The Parties

50.  Antor admits that MLB Advanced Media is a limited partnership having a principal place of business at 75 9th Ave., 5th fl. New York, NY 10011.

51.  Antor admits that it is a corporation organized and existing under the laws of the State of Texas, having a principal place of business located in Plano, Texas.

### Jurisdiction

52.  Antor admits that MLB Advanced Media's counterclaims arise under Title 35 of the United States Code. Antor admits this Court has subject matter jurisdiction over MLB Advanced Media's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

53.  Antor admits that it has consented to personal jurisdiction of this Court.

### Venue

54.  Antor admits that venue is proper in the Eastern District of Texas.

**First Counterclaim**
(Declaratory Judgment of Noninfringment)

55.  Antor admits that MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-54 of MLB Advanced Media, LP's Answer, Affirmative Defenses and Counterclaims to Antor's Second Amended Complaint for Patent Infringement ("MLB Advanced Media's Answer") as if fully set forth therein.  Any allegations not explicitly admitted herein are denied.

56.  Antor admits that it alleged that MLB Advanced media has infringed and continues to infringe the '961 Patent.

57.  Antor admits that an actual controversy exists between MLB Advanced Media and Antor regarding the infringement of the '961 Patent.  Any allegations not explicitly admitted herein are denied.

58.  Antor denies all allegations in Paragraph 58 of MLB Advanced Media's Answer.

59.  Antor denies all allegations in Paragraph 59 of MLB Advanced Media's Answer.

**Second Counterclaim**
(Declaratory Judgment of Invalidity)

60.  Antor admits that MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-59 of MLB Advanced Media's Answer as if fully set forth therein.  Any allegations not explicitly admitted herein are denied.

61.  Antor admits that an actual controversy exists between MLB Advanced Media and Antor concerning the validity of the '961 Patent.  Any allegations not explicitly admitted herein are denied.

62.  Antor denies all allegations in Paragraph 62 of MLB Advanced Media's Answer.

63.  Antor denies all allegations in Paragraph 63 of MLB Advanced Media's Answer.

### Third Counterclaim
(Declaratory Judgment of Unenforceability)

64.    Antor admits that MLB Advanced Media repeats and incorporates by reference the allegations contained in paragraphs 1-63 of MLB Advanced Media's Answer as if fully set forth therein.  Any allegations not explicitly admitted herein are denied.

65.    Antor admits that an actual controversy exists between MLB Advanced Media and Antor concerning the enforceability of the '961 Patent.  Any allegations not explicitly admitted herein are denied.

66.    Antor denies all allegations in Paragraph 66 of MLB Advanced Media's Answer.

67.    Antor denies all allegations in Paragraph 67 of MLB Advanced Media's Answer.

### JURY DEMAND

Antor admits that MLB Advanced Media demands a trial by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Antor prays for judgment and requests that this Court:

(a)    Dismiss MLB Advanced Media's counterclaims with prejudice;

(b)    Enter judgment in favor of Antor;

(c)    Award Antor its reasonable costs, expenses, and attorneys' fees; and

(d)    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of June, 2007.

    */s/ Robert M. Chiaviello, Jr.*
Robert M. Chiaviello, Jr., Attorney-in-Charge
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

| | |
|---|---|
| S. Calvin Capshaw, III | T. John Ward, Jr. |
| Elizabeth L. DeRieux | LAW OFFICE OF T. JOHN WARD, JR., P.C. |
| Andrew W. Spangler | 109 W. Tyler |
| BROWN McCARROLL L.L.P. | Longview, TX 75601 |
| 1127 Judson Road, Suite 220 | Telephone: (903) 757-6400 |
| Longview, TX 75601 | Facsimile: (903) 757-2323 |
| Telephone: (903) 236-9800 | |
| Facsimile: (903) 236-8787 | |
| | |
| Nicholas H. Patton | Otis W. Carroll, Jr. |
| J. Kurt Truelove | IRELAND CARROLL & KELLEY |
| PATTON, TIDWELL & SCHROEDER, L.L.P. | 6101 S. Broadway, Ste. 500 |
| 4605 Texas Blvd. | Tyler, TX 75703 |
| Texarkana, TX 75503 | Telephone: (903) 561-1600 |
| Telephone: (903) 792-7080 | Facsimile: (903) 581-1071 |
| Facsimile: (903) 792-8233 | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on June 22, 2007.

                                                  */s/ Robert M. Chiaviello, Jr.*
                                                  Robert M. Chiaviello, Jr.