IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case No. 2:07-cv-102-DF |
| v. | § | |
| | § | |
| METACAFE, INC., et al. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

## DISCOVERY COMMUNICATIONS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Discovery Communications, Inc., now known as Discovery Communications LLC ("Discovery"), hereby submits its Answer, including Affirmative Defenses and Counterclaims as to Plaintiff Antor Media Corporation's ("Antor") Second Amended Complaint ("Complaint") as follows:

### THE PARTIES

1. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies the same.

4. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13. Discovery admits that it is incorporated in Delaware and that its principal place of business is located at 1 Discovery Place, Silver Spring, MD 20910. Discovery also admits that it has an agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the same.

18. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies the same.

19. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

20. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

21. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies the same.

22. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

## JURISDICTION

23. Discovery admits that this action arises under the patent laws of the United States. Discovery admits that the Complaint states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Discovery denies that it has committed acts within Texas and this judicial district that give rise to this action. Discovery denies all other allegations pertaining to Discovery. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

## VENUE

24. Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Antor's business and therefore denies the same. Discovery denies that it has committed acts within Texas and this judicial district that give rise to this action. Discovery admits that it does business in this judicial district and that venue is proper under 28 U.S.C. § 1391(b), (c), and 1400 (b). Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

## NON-INFRINGEMENT OF U.S. PATENT NO. 5,734,961

25. Discovery admits that United States Patent No. 5,734,961 ("the '961 Patent"), attached as Exhibit 1 to the Complaint, is entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network." Discovery further admits that, on its face, the '961 Patent lists March 31, 1998 as its issue date. Discovery is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26. Discovery denies the allegations of paragraph 26 that pertain to Discovery. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

27. Discovery denies the allegations of paragraph 27 that pertain to Discovery. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

28. Discovery denies the allegations of paragraph 28 that pertain to Discovery. Discovery is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore denies the same.

## PRAYER FOR RELIEF

Discovery denies that Antor is entitled to the requested relief identified in items (a)-(h) of its Prayer for Relief or any other relief.

Discovery denies all allegations in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Discovery hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof. Discovery reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

29. Antor's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE – NON-INFRINGEMENT

30. Discovery does not infringe, has not infringed, and has not induced infringement or contributed to infringement of the '961 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## THIRD DEFENSE - INVALIDITY

31. The '961 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

32. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in issuance of the '961 Patent ("the Patent-

in-Suit"), as shown by the prosecution history thereof, Antor is estopped from maintaining that any claim of the Patent-in-Suit covers any of Discovery's articles, equipment, products, or any other activity engaged in by Discovery.

### FIFTH DEFENSE - UNENFORCEABILITY

33.   Antor's allegation of infringement of the '961 Patent is barred because the '961 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

34.   Based on information and belief, prior to filing the application that issued as the '961 Patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0 474 717 ("the European '717 Patent"), which, like the '961 Patent, claimed priority from French Patent Application No. 89-07759.

35.   Based on information and belief, the following prior art referenced cited by Philips during the Philips Opposition were also cited by the U.S. Patent and Trademark Office ("PTO") during the prosecution of the application that issued as the '961 Patent: U.S. Patent No. 4,769,833 ("the '833 Patent") and U.S. Patent No. 4,766,581 ("the '581 Patent").

36.   Based on information and belief, the following prior art referenced cited by Philips during the Philips Opposition were not considered by the PTO:  U.S. Patent No. 4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. va den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the PTO").

37. Based on information and belief, prior to filing the application that issued as the '961 Patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent were aware of the Philips prior art references not considered by the PTO.

38. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent did not notify the PTO of the Philips Opposition or the Philips prior art references not considered by the PTO until filing an Information Disclosure Statement on February 16, 1997. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld this Information Disclosure Statement until after the examiner issued a Notice of Allowance on January 27, 1997.

39. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, and the EPO's provisional opinion dated October 9, 1996. The EPO's provisional opinion held that the European '717 Patent should be revoked for failure to claim a patentable invention. The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the application that issued as the '961 Patent. Like the PTO, the EPO had previously accepted the inventor's position on two key references, the '822 Patent and the '581 Patent. However, based on new information provided by Philips and further review of these references, the EPO changed its prior position and instead

found that the applicant's representation of these references was wrong, and that the claimed invention was not patentable over them. Thus, many of the statements made by Philips and the EPO during the Philips Opposition directly refute positions the applicant took in the opposing arguments of unpatentability relied upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 Patent and the '581 Patent. Further, the Philips' Opposition and the EPO's provisional opinion make a prima facie case that the '961 Patent does not claim a patentable invention.

40.     Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97 (e) and the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(1) required for the examiner to consider the Information Disclosure Statement dated February 16, 1997. In addition, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97 (e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997. As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997, was placed of record in the file history but not considered by the examiner.

41.     Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent continued to withhold the required certification and fee with the

**DEFENDANT DISCOVERY, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT - PAGE 9**

knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the examiner, even after notice from the PTO on April 4, 1997 that the required certification and fee had not been filed and the Information Disclosure Statement would not be considered.  Upon information and belief, the required certification and fee were deliberately withheld from the PTO with the knowledge that doing so would prevent the PTO examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same arguments the application was making in support of the issuance of the '961 patent, and that the claims of the '961 Patent should not issue.

42. Based on information and belief, while withholding all information relating to the Philips Opposition from the PTO, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent cited to and relied upon the PTO's issuance of a Notice of Allowance of the application that issued as the '961 Patent in order to support the patentability of the European '717 Patent.

43. Based on information and belief, the EPO issued its decision on the Philips Opposition on January 30, 1998, revoking the counterpart European Patent No. 0 474 717.  The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998.  Genese is the original assignee of the '961 Patent, and was founded by the inventor of record of the '961 Patent.  Statements made by the EPO in the Philips Opposition Decision directly refute positions the applicant took in opposing arguments of unpatentability relief upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 Patent and the '581 Patent.

44. Based on information and belief, the inventor of record of the '961 Patent responded to the EPO on February 17, 1998, acknowledging his receipt of the Philips Opposition.

45. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 Patent withheld from the PTO the Philips Opposition Decision, and failed to notify the PTO that the EPO revoked European Patent No. 0 474 717.

46. Based on information and belief, the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition December 1, 1995, and the EPO's provisional opinion dated October 9, 1996, the Philips prior art references not considered by the PTO, and the Philips Opposition Decision were material to the patentability of the '961 Patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, and made a prima facie case of unpatentability, and the examiner would have found this information important. These references were withheld from the PTO with knowledge of their materiality and the intent to deceive, in violation of at least 37 C.F.R. § 1.56, rendering the '961 Patent unenforceable.

## SIXTH DEFENSE – NOTICE

47. Prior to filing the instant action, Antor failed to provide Discovery with proper notice of Antor's allegations of infringement. Therefore, Antor cannot obtain any damages or other relief for Discovery's actions before the institution of this litigation.

## SEVENTH DEFENSE - LACHES

48. Antor's claims are barred, at least in part, with respect to Antor's claims for pre-suit damages due to laches because of Antor's unreasonable delay in asserting the Patent-in-Suit.

**DEFENDANT DISCOVERY, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT - PAGE 11**

## EIGHTH DEFENSE – STATUTE OF LIMITATIONS

49.     Antor's claims are barred, at least in part, pursuant to 35 U.S.C. § 286 with respect to all events occurring more than six years prior to the filing of this action.

## NINTH DEFENSE – EQUITABLE ESTOPPEL

50.     Antor is barred from obtaining any relief sought in the Complaint because of the doctrine of equitable estoppel.

## TENTH DEFENSE – BAD FAITH

51.     Antor has attempted in bad faith and with an improper purpose to impermissibly broaden the scope of the rights granted under the '961 Patent, and thus, the patent is unenforceable.

## DISCOVERY'S COUNTERCLAIMS

1.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.  Venue is proper for these Counterclaims because Antor elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  By filing the Complaint in this action, Antor has subjected itself to the jurisdiction of this Court for purposes of these counterclaims against it.

2.     An actual justiciable case or controversy exists between Defendant Discovery and Plaintiff Antor in that Antor has filed a complaint asserting that Discovery has infringed the Patent-in-Suit.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '961 PATENT

3.     Discovery hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 51 of the answer and affirmative defenses herein and paragraphs 1 through 2 of these counterclaims.

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

5. Discovery has not infringed and does not infringe, either directly, contributorily, or by active inducement, any claim of the '961 Patent.

### SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF THE '961 PATENT

6. Discovery hereby repeats, realleges and incorporates by references the allegations and averments in paragraphs 1 through 51 of the answer and affirmative defenses herein and paragraphs 1 through 5 of these counterclaims.

7. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

8. The '961 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, but not limited to, the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '961 PATENT

9. Discovery hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 51 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims.

10. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

11. The '961 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 because of Plaintiff's inequitable conduct before the PTO during the prosecution of the application that issued as the '961 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Discovery respectfully requests that this Court enter a judgment against Plaintiff, as follows:

A. A declaration that Plaintiff take nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

B. A declaration that Discovery has not infringed, either directly, contributorily, or by inducement, any valid claim of the '961 Patent;

C. A declaration that the '961 Patent is invalid and/or unenforceable;

D. A finding that this is an exceptional case and that Discovery be awarded its costs, reasonable attorneys' fees and related expenses pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 6, 2007 | /s/ Robert P. Latham<br>Robert P. Latham<br>Texas State Bar No. 11975500<br>John M. Jackson<br>Texas State Bar No. 24002340<br>JACKSON WALKER, LLP<br>901 Main Street, Suite 6000<br>Dallas, Texas  75202<br>(214) 953-6109<br>(214) 661-6645 - Fax<br>Email: blatham@jw.com<br>Email: jjackson@jw.com<br><br>Sean Fletcher Rommel<br>Texas State Bar No. 24011612<br>PATTON, ROBERTS, McWILLIAMS &<br>CAPSHAW, L.L.P.<br>P. O. Box 6128<br>Texarkana, TX 75505<br>(903) 334-7000<br>(903) 334-7007 - Fax<br>Email:  srommel@pattonroberts.com<br><br>**ATTORNEYS FOR DEFENDANT DISCOVERY, COMMUNICATIONS INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 6, 2007.  Any other counsel of record will be served by first class mail.

/s/ Robert P. Latham
Robert P. Latham