IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 2:07-CV-00102 DF |
| METACAFE, INC., et al. | § § | DEMAND FOR JURY TRIAL |
| Defendants. | § § § | |

### DEFENDANT METACAFE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF ANTOR MEDIA CORPORATION'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Metacafe, Inc. ("Metacafe"), by and through its undersigned counsel, respectfully submits this Answer, Affirmative Defenses and Counterclaims in response to Plaintiff Antor Media Corporation's ("Antor") Second Amended Complaint for Patent Infringement ("Complaint") as follows:

### ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### The Parties

1. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore denies same.

2. Metacafe admits the allegations set forth in paragraph 2.

3. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore denies same.

4. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and therefore denies same.

5. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and therefore denies same.

6. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and therefore denies same.

7. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and therefore denies same.

8. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and therefore denies same.

9. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and therefore denies same.

10. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies same.

11. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies same.

12. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies same.

13. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies same.

14. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore denies same.

15. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore denies same.

16. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore denies same.

17. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies same.

18. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore denies same.

19. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore denies same.

20. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies same.

21. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies same.

22. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies same.

### Jurisdiction

23. Metacafe admits that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). For the purposes of this litigation only, Metacafe admits that this Court has personal jurisdiction over Metacafe. Metacafe is without knowledge or information sufficient to form a belief as to the propriety of jurisdiction over any other defendant. Metacafe is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 23 and therefore denies same.

### Venue

24. Metacafe is without knowledge or information sufficient to form a belief as to whether or not Antor does business and/or maintains an office within this judicial district. Metacafe admits that venue is proper as to Metacafe in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c). Metacafe is without knowledge or information sufficient to form a belief as to the propriety of venue in this judicial district as to any other defendant and therefore denies same.

### Infringement of U.S. Patent No. 5,734,961

25. Metacafe admits that United States Patent No. 5,734,961 ("the '961 patent") entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network" states on its face that it issued on March 31, 1998. Metacafe

admits that a copy of the '961 patent is attached as Exhibit 1 to the Complaint. Metacafe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore denies those allegations.

26. To the extent that the allegations set forth in paragraph 26 relate to Metacafe, Metacafe denies each and every allegation, and specifically denies any wrongdoing, infringement, inducement of infringement, or contribution to infringement. To the extent that the allegations set forth in paragraph 26 relate to other defendants, Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

27. To the extent that the allegations set forth in paragraph 27 relate to Metacafe, Metacafe denies each and every allegation, and specifically denies having caused any damage to Antor, and further denies that an injunction is appropriate here. To the extent that the allegations set forth in paragraph 27 relate to other defendants, Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

28. To the extent that the allegations set forth in paragraph 28 relate to Metacafe, Metacafe denies each and every allegation. To the extent that the allegations set forth in paragraph 28 relate to other defendants, Metacafe is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

## Response to Prayer for Relief

Metacafe denies that Antor is entitled to any of the relief requested in its Prayer for Relief or any other relief.

## AFFIRMATIVE DEFENSES

29. In addition to the defenses described below, Metacafe expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### First Affirmative Defense
(Failure To State a Claim Upon Which Relief Can Be Granted)

30. With respect to the allegations against Metacafe, the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
(Non-Infringement)

31. Metacafe does not and has not infringed any valid and enforceable claim of the '961 patent literally, directly, contributorily, by way of inducement and/or under the doctrine of equivalents.

### Third Affirmative Defense
(Prosecution History Estoppel)

32. Any interpretation of the claims of the '961 patent necessary to find infringement by Metacafe is barred as a result of prosecution history estoppel.

### Fourth Affirmative Defense
(Invalidity)

33. Antor's allegations of infringement of the '961 patent are barred because each of the claims of the '961 patent is invalid pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

### Fifth Affirmative Defense
(Unenforceability)

34. Antor's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

35. Based on information and belief, prior to issuance of the '961 patent, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were aware of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0 474 717 ("the European '717 patent"), which, like the '961 patent, claimed priority from French Patent Application No. 89-07759.

36. Based on information and belief, the following prior art references cited by Philips during the Philips Opposition were not considered by the PTO: U.S. Patent No.

-5-

4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the PTO").

37. Based on information and belief, prior to issuance of the '961 patent, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were aware of the Philips prior art references not considered by the PTO.

38. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent did not notify the PTO of the Philips Opposition or the Philips prior art references not considered by the PTO until filing an Information Disclosure Statement on February 16, 1997. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld this Information Disclosure Statement until after the examiner issued a Notice of Allowance on January 27, 1997.

39. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent knowingly could not properly include the certification pursuant to 37 C.F.R. § § 1.97(d) and 1.97(e) on February 16, 1997, which, if proffered, would have required the PTO to consider the references, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997. As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure

Statement dated February 16, 1997, was placed of record in the file history but not considered by the examiner.

40. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the examiner, even after notice from the PTO on April 4, 1997 that the required certification and fee had not been filed and the Information Disclosure Statement would not be considered.

41. Upon information and belief, the required certification and fee were deliberately withheld from the PTO and the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent failed to cure the withholding of the disclosure of the Phillips references not considered by the PTO by knowingly failing to file a continuing application, which filing would have required the PTO to consider the references.

42. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO the Philips Opposition Decision, and failed to notify the PTO that the EPO revoked European Patent No. 0 474 717.

43. Based on information and belief, the Philips prior art references not considered by the PTO, and the Philips Opposition Decision were material to the patentability of the '961 patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, and made a prima facie case of unpatentability, and the examiner would have found this information important. These references were withheld from the PTO with knowledge of their materiality and the intent to deceive, and in violation of at least of 35 C.F.R. Section

1.56, and the Manual of Patent Examining Procedure § § 2001.06(a) and 2001.06(c), rendering the '961 patent unenforceable.

### Sixth Affirmative Defense
(Laches)

44. Antor's allegation of infringement of the '961 patent against Metacafe is barred by the doctrine of laches.

### Seventh Affirmative Defense
(Estoppel)

45. Antor's allegation of infringement of '961 patent against Metacafe is barred by the doctrine of estoppel.

### Eighth Affirmative Defense
(Prosecution Laches)

46. Antor's allegation of infringement of the '961 patent against Metacafe is barred by the doctrine of prosecution laches.

### Ninth Affirmative Defense
(Unfair Competition)

47. Antor's allegation of infringement of the '961 patent against Metacafe is barred because Antor's claim against Metacafe constitutes unfair competition.

### Tenth Affirmative Defense
(Judicial Estoppel, Collateral Estoppel and *Res Judicata*)

48. Antor is barred by the doctrines of judicial estoppel, collateral estoppel, and/or *res judicata* from taking any positions or making any assertions in this case that are contrary or contradicted by any positions that Antor has taken or any statements that Antor has made in the litigation of *Antor Media Corporation v. Apple Computers, Inc., Microsoft Corporation, and RealNetworks, Inc.*, Civil Action No. 2:03-CV-320 (E.D. Tex.) (J. Folsom), *Antor Media Corporation v. Nokia*, Civil Action No. 2:05-CV-186 (E.D. Tex.) (J. Folsom), *Antor Media Corporation v. Samsung Telecommunications LLP et al.*, Civil Action No. 5:06-CV-239 (E.D. Tex.) (J. Folsom), *Antor Media Corporation v. Motorola, Inc.*, Civil Action No. 5:06-CV-240 (E.D. Tex.) (J. Folsom) and *Antor Media Corporation v. Trusonic, Inc. et al.*, Civil Action No. 5:06-CV-270 (E.D. Tex.) (J. Folsom).

### Eleventh Affirmative Defense
(Express or Implied License)

49. Antor's claims for relief are barred in whole or in part because of a license, express or implied, to practice the claims of the '961 patent.

### Twelfth Affirmative Defense
(Patent Misuse)

50. Upon information and belief, Antor has attempted in bad faith and with an improper purpose to impermissibly broaden the physical or temporal scope of the rights granted under the '961 patent resulting in anticompetitive effect and, thus, the patent is unenforceable.

### METACAFE'S COUNTERCLAIMS

### Jurisdiction

51. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

52. By filing its Complaint, Antor has consented to the personal jurisdiction of this court.

53. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

### Parties

54. Metacafe is a corporation organized and existing under the laws of the State of Delaware with is principal place of business in Palo Alto, California. Metacafe is an online video broadcaster.

55. Antor alleges that it is a corporation organized under the laws of Texas, with its principal place of business in Plano, Texas.

### First Counterclaim
(Declaratory Judgment of Non-infringement of the '961 Patent)

56. Metacafe repeats and incorporates by reference the allegations contained in paragraphs 1 through 55 above as if fully set forth herein.

57.     United States Patent No. 5,734,961 ("the '961 patent") was issued by the United States Patent and Trademark Office on March 31, 1998. Antor claims to own all rights in and to the '961 patent.

58.     In its Complaint, Antor alleged that Metacafe infringes the '961 patent, thus an actual controversy exists between Metacafe and Antor concerning the infringement of the '961 patent.

59.     Metacafe has not infringed any valid and enforceable claim of the '961 patent literally, directly, contributorily, by way of inducement and/or under the doctrine of equivalents.

60.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Metacafe is entitled to a declaration that the '961 patent is not, and has not been, infringed by Metacafe.

61.     This is an exceptional case entitling Metacafe to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Second Counterclaim
(Declaratory Judgment of Invalidity of the '961 Patent)

62.     Metacafe repeats and incorporates by reference the allegations contained in paragraphs 1 through 61 above as if fully set forth herein.

63.     An actual controversy exists between Metacafe and Antor concerning the validity of the '961 patent by virtue of Antor's allegations of infringement.

64.     One or more of the claims of the '961 patent are invalid or void for failing the conditions of patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

65.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Metacafe is entitled to a declaration that the claims of the '961 patent are invalid.

66.     This is an exceptional case entitling Metacafe to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Third Counterclaim
(Declaratory Judgment of Unenforceability of the '961 Patent)

67. Metacafe repeats and incorporates by reference the allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

68. An actual controversy exists between Metacafe and Antor concerning the enforceability of the '961 patent by virtue of Antor's allegations of infringement.

69. Metacafe is entitled to judgment from this Court that the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56, because of Antor's inequitable conduct before the PTO during the prosecution of the application that issued as the '961 patent.

70. This is an exceptional case entitling Metacafe to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Antor's assertion of the '961 patent against Metacafe with the knowledge that the '961 patent is unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Metacafe respectfully requests an order granting the following relief:

a. Declaring that the '961 patent, and each and every claim thereof, is not infringed, and is invalid and unenforceable;

b. Holding that Antor takes nothing by its Complaint and dismissing Antor's Complaint with prejudice;

c. Holding that, pursuant to 35 U.S.C. § 285 and/or other applicable laws, this an exceptional case and awarding Metacafe its attorneys' fees incurred in connection with this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

d. Granting Metacafe such other and additional relief as this Court deems just and proper.

Respectfully submitted this 6th day of August, 2007.

/s/ Patrick T. Michael
Patrick T. Michael, Lead Attorney
(*Pro Hac Vice*)
California Bar No. 169745
Email: pmichael@nixonpeabody.com

Laura K. Carter
(*Pro Hac Vice*)
California Bar No. 244956
Email: lcarter@nixonpeabody.com

NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

G. William Lavender
Texas Bar No. 11999590
Email: blav@lavenderlaw.com

LAVENDER LAW
Post Office Box 1938
Texarkana, TX 75504-1938
Telephone: (870) 773-3187
Facsimile: (870) 773-3181

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT METACAFE, INC.

## DEMAND FOR JURY TRIAL

Metacafe demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted this 6th day of August, 2007.

/s/ Patrick T. Michael
Patrick T. Michael, Lead Attorney
(*Pro Hac Vice*)
California Bar No. 169745
Email: pmichael@nixonpeabody.com

Laura K. Carter
(*Pro Hac Vice*)
California Bar No. 244956
Email: lcarter@nixonpeabody.com

NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile:  (415) 984-8300

G. William Lavender
Texas Bar No. 11999590
Email: blav@lavenderlaw.com

LAVENDER LAW
Post Office Box 1938
Texarkana, TX  75504-1938
Telephone:  (870) 773-3187
Facsimile:  (870) 773-3181

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIMANT METACAFE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this *6th day of August, 2007*, with a true and correct copy of the foregoing document(s) via the Court's CM/ECF System pursuant to Local Rule CV-5(a)(3) and in compliance with the Federal Rules of Civil Procedure 5(d). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                  /s/ Patrick T. Michael
                                                  Patrick T. Michael