# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 2-07CV-102 |
| v. | JURY TRIAL REQUESTED |
| METACAFE, INC., GOOGLE INC., YOUTUBE, LLC (incorrectly sued as YouTube, Inc.), SONY PICTURES ENTERTAINMENT, INC., SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., SONY BMG MUSIC ENTERTAINMENT GP, SONY CORPORATION, SONY CORPORATION OF AMERICA, GROUPER NETWORKS, INC., GOTUIT MEDIA CORP., DISCOVERY COMMUNICATIONS, INC., MACMILLAN PUBLISHERS, INC., PURE VIDEO NETWORKS, INC., DIGITAL PLAYGROUND, INC., NEW FRONTIER MEDIA, INC., SBO PICTURES, INC., VIVID ENTERTAINMENT, LLC, SUN MICROSYSTEMS, INC., and MLB ADVANCED MEDIA, L.P., | |
| Defendants. | |
| And Related Counterclaims. | |

## DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Google Inc. ("Google") and YouTube, LLC ( incorrectly sued as YouTube, Inc.)

("YouTube"), by their undersigned attorneys, hereby answer Plaintiff Antor Media Corporation's

("Antor") Second Amended Complaint for patent infringement of U.S. Patent No. 5,734,961 ("the '961 patent") as follows:

## THE PARTIES

1. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore deny them.

2. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore deny them.

3. Admitted.

4. Denied. YouTube, LLC (incorrectly sued as YouTube, Inc.) is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 1000 Cherry Avenue, San Bruno, CA 94066. YouTube's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore deny them.

6. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore deny them.

7. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore deny them.

8. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore deny them.

9. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore deny them.

10. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore deny them.

11. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore deny them.

12. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore deny them.

13. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny them.

14. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore deny them.

15. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore deny them.

16. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore deny them.

17. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore deny them.

18. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore deny them.

19. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore deny them.

20. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore deny them.

21. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore deny them.

22. Google and YouTube lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore deny them.

## JURISDICTION

23. Google and YouTube deny liability, but admit that this Court has subject matter jurisdiction over Plaintiff's action as pled in paragraph 23 of the Complaint. Further, Google and YouTube admit that they are subject to personal jurisdiction in this District solely for the purpose of this action. Google and YouTube admit that they have conducted and do conduct business in the United States, the State of Texas, and the Eastern District of Texas. Google and YouTube deny that they have committed acts of infringement within the State of the Texas, the Eastern District of Texas, or any other State or District. Google and YouTube deny any remaining allegations in paragraph 23.

## VENUE

24. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Antor's business and therefore deny the same. Google and YouTube deny that they have committed acts within Texas and this judicial district that gives rise to any action. Solely for the purpose of this action, Google and YouTube do not contest venue in this District and Division. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants and therefore deny the same. Google and YouTube deny any remaining allegations in paragraph 24.

## COUNT ONE

## PATENT INFRINGEMENT

25. Google and YouTube admit that United States Patent No. 5,734,961 ("the '961 patent"), attached as Exhibit 1 to the Complaint, indicates its title is "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to

Subscribers via a High Data Rate Digital Telecommunications Network" and lists the inventors, on its face. Google and YouTube deny that the '961 patent is for a patentable invention and deny any remaining allegations in paragraph 25.

26. Google and YouTube deny the allegations of paragraph 26 of the Complaint. To the extent the allegations set forth in paragraph 26 relate to other defendants, Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis deny those allegations.

27. Google and YouTube deny the allegations of paragraph 27 of the Complaint. To the extent the allegations set forth in paragraph 27 relate to other defendants, Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis deny those allegations.

28. Google and YouTube deny the allegations of paragraph 28 of the Complaint. To the extent the allegations set forth in paragraph 28 relate to other defendants, Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis deny those allegations.

## PRAYER FOR RELIEF

29. Google and YouTube deny that Antor is entitled to the relief sought by its Prayer for Relief, set forth on pages 7 through 8 of the Complaint.

## AFFIRMATIVE DEFENSES

30. Google and YouTube hereby assert the following affirmative defenses. In addition to the defenses described below, Google and YouTube expressly reserve the right to allege additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: Noninfringement of the '961 Patent

31. Google and YouTube have not infringed and are not infringing any valid and enforceable claim of the '961 patent; and Google and YouTube have not contributed to or induced, and are not contributing to or inducing, infringement of any valid and enforceable claim of the '961 patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the '961 Patent

32. The claims of the '961 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE: Unenforceability

33. Antor's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct. On December 22, 1995, application no. 08/577,240 (the "'240 application") was filed with the U.S. Patent and Trademark Office ("USPTO"). The prosecution of this application eventually led to the issuance of the '961 patent. On information and belief, the inventor and/or other individuals substantively involved in the preparation or prosecution of the '240 application ("Applicant") failed to disclose material information to the USPTO with the intent to deceive.

34. The '961 patent, claims priority to a French application 89-07759 and a Patent Cooperation Treaty ("PCT") application PCT/FR90/00353, filed on May 18, 1990 (the "European Counterpart"). The inventor prosecuted his European and United States patent applications in parallel before the European Patent Office ("EPO") and the USPTO, respectively. According to the Applicant, the claims in the '240 application covered the same subject matter and were broader than in the Applicant's European application. As set forth below, during prosecution of the '240

application, Applicant disclosed to the USPTO only events from the EPO proceedings that were favorable to patentability. Applicant repeatedly and willfully withheld from the USPTO other highly material events from the EPO proceedings that were material and unfavorable to the issue of patentability.

**Applicant Affirmatively Cites the Favorable EPO Preliminary Report**

35.     On September 18, 1991, the EPO issued an International Preliminary Examination Report as part of the prosecution of the European counterpart (the "EPO Preliminary Report"). That report indicated that European counterpart was patentable over the identified prior art.

36.     On January 7, 1992, Applicant submitted to the USPTO an English translation of the EPO Preliminary Report. On February 14, 1994, Applicant relied on the EPO Preliminary Report in an attempt to overcome rejections and objections raised by the USPTO in office actions dated August 12, 1993 and January 7, 1994. Applicant stated: "Applicant respectfully notes that the unamended claims had been found to meet the criteria of novelty, inventive step, and industrial applicability in PCT International Preliminary Examination Report, a translation of which was filed in the parent case on January 7, 1992."   (08/196765 Preliminary Amendment Dated February 14, 1994 at page 20).

**Applicant Intentionally Withholds the Unfavorable Philips Opposition Papers**

37.     The European counterpart to the '961 patent was issued by the EPO on March 23, 1994, as European patent 0474717 ("the European '717 patent"). The European '717 patent was assigned to Genese, a company created and owned by Applicant.

38.     On November 15, 1994, Philips Electronics N.V., a third party not affiliated with Genese, filed an opposition with the EPO, challenging the validity of the European '717 patent. In support of its opposition, Philips also filed a "Statement of Facts, Evidence, and Arguments." On

December 1, 1995, in accordance with the EPO procedures, Philips also filed a reply in support of its opposition to the European '717 patent. These papers are referred to collectively as "the Philips Opposition Papers."

39. The Philips Opposition Papers were highly material to the patentability of the subject matter claimed in the application that issued as the '961 patent. For example, before the USPTO, Applicant argued that both the Farleigh '833 and Korn '581 patents were distinguishable from Applicant's presented invention. However, many of the statements made in the Philips Opposition Papers directly refute positions Applicant had taken in prosecuting the application leading to the '961 patent. Indeed, in the Philips Opposition Papers, Philips directly refutes Applicant's claims and demonstrates that the Farleigh '833 and Korn '581 patents render the '240 application unpatentable. A reasonable patent examiner would have considered the Philips Opposition Papers important and material when examining the claims of the '961 patent.

40. Based upon information and belief, prior to filing the '240 application on December 22, 1995, Applicant was notified of the Philips Opposition Papers. Based on information and belief, with the intent to deceive, Applicant withheld from the USPTO the Philips Opposition Papers. Applicant's only reference to the Philips opposition proceeding was in an Information Disclosure Statement ("IDS"), filed after Notice of Allowance on February 16, 1997, which merely listed certain prior art references (listed in paragraph 45) and failed to submit the Philips Opposition Papers. As set forth below, because of Applicant's actions, the information included in that IDS was not considered by the USPTO.

**Applicant Intentionally Withholds the Unfavorable EPO Provisional Opinion**

41. On October 9, 1996, the EPO examiner in charge of the European opposition proceeding issued a Provisional Opinion ("the EPO Provisional Opinion"). The EPO Provisional

Opinion found that in light of the disclosures of the Farleigh '833 patent and Korn '581 patent, the European '717 patent was not patentable.

42.     The EPO Provisional Opinion was highly material to the patentability of the subject matter claimed in the '240 application.  Applicant argued that the Farleigh '833 and Korn '581 patents did not render the '240 application unpatentable.  The EPO Provisional Opinion found to the contrary.  A reasonable patent examiner would have considered the EPO Provisional Opinion important and material when examining the claims of the '961 patent.

43.     Based upon information and belief, Applicant was notified of the EPO Provisional Opinion.  Based on information and belief, with the intent to deceive, Applicant withheld the EPO Provisional Opinion from the USPTO.

**Applicant Fails To Properly disclose Prior Art References Cited By Philips and Not Considered by the USPTO With the Intent to Deceive**

44.     On January 27, 1997, the USPTO examiner issued a Notice of Allowance for the '240 application.  A notice of allowance informs an applicant that a patent will issue once the required fee is paid.  Prior to that time, Applicant had not disclosed to the USPTO several references (listed in paragraph 45) that Philips had provided to the EPO and the Applicant as part of the opposition proceedings.

45.     On February 16, 1997, Applicant submitted an IDS to the USPTO.  The IDS listed, for the first time, the following prior art, which was cited to the EPO in the Philips Opposition Papers: U.S. Patent No. 4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 181-85 (1973), prior art references not

previously considered by the USPTO. These references are referred to herein as "the February 1997 References."

46. On April 15, 1997, the USPTO notified Applicant that the required certification and fee were not filed along with the February 16, 1997 IDS. Because Applicant was filing the IDS after the notice of the allowance, 37 C.F.R. § 1.97 required Applicant to submit a written verification indicating that Applicant was not aware of the prior art prior for more than three months prior to filing the IDS and pay a fee. Applicant did not submit the required verification statement or the required fee. As a result, the USPTO explained that it would not consider the references listed in the IDS because the required written verification and fee were not included. Applicant did not respond to the USPTO's notification. Based on information and belief, Applicant could not submit the required verification because Applicant knew about the prior art references more than three months prior to submitting the IDS. Although Applicant could have filed a continuation application to allow the USPTO to consider these prior art references, Applicant chose not to do so.

47. On April 24, 1997, Applicant submitted a fee, not to get the prior art reviewed, but instead to get the patent issued.

48. The February 1997 References were material to the patentability of the '240 application. Among other things, each of these references was cited by Philips as part of its opposition to the European '717 patent submitted to the EPO in November 1994. Based on information and belief, Applicant had knowledge of the February 1997 References long before the USPTO issued its notice of allowance. Based on information and belief, rather than disclose these material references, Applicant chose to withhold them until after receiving a notice of allowance and then to disclose them deliberately in a manner that guaranteed that the USPTO would not consider them.

**Applicant Intentionally Withholds EPO's Revocation Decision, Which Revoked the European '717 Patent**

49. On January 30, 1998, based on the reasoning of the EPO Provisional Opinion, the EPO issued a decision leading to the revocation of the European '717 patent ("the Revocation Decision"). The EPO sent a copy of its Revocation Decision, including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998.

50. Based on information and belief, Applicant responded to the EPO on February 17, 1998, acknowledging Applicant's receipt and knowledge of EPO's Revocation Decision, which revoked the European '717 patent.

51. The '961 patent issued on March 31, 1998. At no time between January 30, 1998 and March 31, 1998, did Applicant inform the USPTO that the EPO had revoked the European '717 patent or disclose to the USPTO the Revocation Decision.

52. The Revocation Decision was material to the patentability of the '240 application. The European '717 patent was the European counterpart to the '240 application. The fact that the EPO had revoked that patent was important and material information to a reasonable patent examiner when examining the claims of the '240 application.

53. Based on information and belief, Applicant had knowledge of the Revocation Decision and intentionally withheld the Revocation Decision from the USPTO. Based on information and belief, Applicant withheld this decision from the USPTO with knowledge of its materiality to the patentability of the '240 application, and with intent to deceive.

**FOURTH AFFIRMATIVE DEFENSE: Lack of Notice**

54. On information and belief, prior to the filing of the Complaint against Google and YouTube, Antor failed to properly mark its products covered by the '961 patent and/or products or services of its licensees covered by the '961 patent and/or did not otherwise provide Google and

YouTube with notification of any alleged infringement of the '961 patent. Under 35 U.S.C. § 287(a), Antor is barred from recovering damages for any alleged infringement of the '961 patent by Google and YouTube prior to the filing of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE: Prosecution History Estoppel

55.     The claims of the '961 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '961 patent, that none of the claims of the patent are infringed by Google and YouTube.

### SIXTH AFFIRMATIVE DEFENSE: Laches

56.     Antor's claims are barred, at least in part, with respect to Antor's claims for pre-suit damages due to laches because of Antor's unreasonable delay in asserting the Patent-in-Suit.

### SEVENTH AFFIRMATIVE DEFENSE: Statute of Limitations

57.     Antor's claims are barred, at least in part, pursuant to 35 U.S.C. § 286 with respect to all events occurring more than six years prior to the filing of this action.

### EIGHTH AFFIRMATIVE DEFENSE: Abatement of Damages Due To Reexam

58.     The '961 patent is currently in reexamination before the PTO. If the claims of the patent are not invalidated, on information and belief the claims of the '961 patent will not be substantially identical to the original claims of the '961 patent prior to reexamination. Pursuant to 35 U.S.C. § 252, Antor's claims that are asserted after reexamination that are not substantially identical to the original asserted '961 patent claims will abate its cause of action until the reexamination procedure is complete. To the extent Antor is entitled to damages, it will only be for the period following the issuance of the reexamination certificate

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants Google Inc. ("Google") and YouTube, LLC ("YouTube"), for their Counterclaims against Plaintiff Antor Media Corporation ("Antor"), allege as follows:

### PARTIES

1.     Google, is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2.     YouTube is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1000 Cherry Avenue, San Bruno, CA, 94066.

3.     Antor alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

6.     The '961 patent was issued, albeit improperly, by the United States Patent and Trademark Office on March 31, 1998. Antor claims to own all rights, title and interest in and to the '961 patent.

7.     Antor has alleged that certain acts by Google and YouTube infringe the '961 patent.

8.     An actual controversy exists between Google and YouTube and Antor regarding the validity and infringement of any valid and enforceable claim of the '961 patent.

### FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement

9.     Google and YouTube incorporate the allegations in paragraphs 1 through 58 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10.    Google and YouTube have not infringed and are not infringing any valid and enforceable claim of the '961 patent; and Google and YouTube have not contributed to or induced, and are not contributing to or inducing, infringement of any valid and enforceable claim of the '961 patent.

### SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity

11.    Google and YouTube incorporate the allegations in paragraphs 1 through 58 of the answer and defenses herein and paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

12.    The '961 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD COUNTERCLAIM: Declaratory Judgment of Unenforceability

13.    Google and YouTube incorporate the allegations in paragraphs 1 through 58 of the answer and defenses herein and paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

14.    The '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct before the PTO during the prosecution of the application that issued as the '961 patent.

## EXCEPTIONAL CASE

15. This is an exceptional case entitling Google and YouTube to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Antor's assertion of the '961 patent against Google and YouTube with the knowledge that the '961 patent is not infringed, invalid, and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, Google and YouTube respectfully request the following relief:

1. A judgment in favor of Google and YouTube denying Antor all relief requested in its Complaint in this action and dismissing Antor's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '961 patent is invalid and/or unenforceable;

3. A judgment declaring that Google and YouTube have not infringed and are not infringing any valid and/or enforceable claim of the '961 patent, and that Google and YouTube have not contributed to or induced and are not contributing to or inducing infringement of any valid and enforceable claim of the '961 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google and YouTube their costs, expenses, and reasonable attorneys' fees;

5. That the Court award Google and YouTube such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google and YouTube demand a trial by jury on all issues so triable.

DATED:  August 6, 2007            Respectfully submitted,

By   /s/  Charles K. Verhoeven
    Charles K. Verhoeven, *pro hac vice*
    charlesverhoeven@quinnemanuel.com
    Attorney In Charge
    David A. Perlson, *pro hac vice*
    davidperlson@quinnemanuel.com
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    50 California Street, 22nd Floor
    San Francisco, California  94111
    Telephone:     (415) 875-6600
    Facsimile:      (415) 875-6700

    Attorneys for Defendants Google Inc. and YouTube, LLC.

## CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served today, August ___, 2007, with a copy of Defendant Google Inc.'s and YouTube, LLC's Answer, Affirmative Defenses and Counterclaims to Plaintiff's Original Complaint via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).


                                               /s/ Charles K. Verhoeven