IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION NO. 02:07CV102 |
| (1) METACAFE, INC., | § | |
| (2) GOOGLE, INC., | § | |
| (3) YOUTUBE, INC., | § | |
| (4) SONY PICTURES ENTERTAINMENT, INC., | § | |
| (5) SONY ELECTRONICS, INC., | § | |
| (6) SONY COMPUTER ENTERTAINMENT AMERICA, INC., | § § | |
| (7) SONY BMG MUSIC ENTERTAINMENT GP, | § | |
| (8) SONY CORPORATION, | § | |
| (9) SONY CORPORATION OF AMERICA, | § | |
| (10) GROUPER NETWORKS, INC., | § | |
| (11) GOTUIT MEDIA CORP., | § | |
| (12) DISCOVERY COMMUNICATIONS, INC., | § | |
| (13) MACMILLAN PUBLISHERS, INC., | § | |
| (14) MACMILLAN PUBLISHER, LTD., | § | |
| (15) PURE VIDEO NETWORKS, INC., | § | |
| (16) DIGITAL PLAYGROUND, INC., | § | |
| (17) NEW FRONTIER MEDIA, INC., | § | |
| (18) SBO PICTURES, INC., | § | |
| (19) VIVID ENTERTAINMENT, LLC, | § | |
| (20) SUN MICROSYSTEMS, INC., | § | |
| (21) MLB ADVANCED MEDIA, L.P., | § § | |
| DEFENDANTS. | § | |

## NEW FRONTIER MEDIA INC.'S MOTION TO SEVER AND TO STAY PENDING REEXAMINATION

Defendant New Frontier Media, Inc. ("New Frontier") moves for a stay of this action pending a final determination of patentability by the United States Patent and Trademark Office ("PTO") on the *ex parte* reexamination of the patent-in-suit, U.S. Patent No. 5,734,961 ("the '961 Patent"). In return for this stay, New Frontier will execute the stipulation approved by this

Court as a condition for staying *Antor Media Corp. v. Nokia et al.*, Case No. 2:05-CV-186-DF ("*Antor II*"). [*See* Exh. A]

Because co-defendants MacMillan Publishers, Inc., MacMillan Publishers, Ltd. and Digital Playground, Inc. are seeking a stay on different terms than those agreed to by New Frontier and because the other seventeen (17) defendants are not seeking to stay the proceedings, New Frontier further seeks a severance from MetaCafe, Inc., Google, Inc., YouTube, Inc., Sony Pictures Entertainment, Inc., Sony Electronics, Inc., Sony Computer Entertainment America, Inc., Sony BMG Music Entertainment GP, Sony Corporation, Sony Corporation Of America, Grouper Networks, Inc., Gotuit Media Corp., Discovery Communications, Inc., Pure Video Networks, Inc., SBO Pictures, Inc., Vivid Entertainment, LLC, Sun Microsystems, Inc., MLB Advanced Media, L.P. in this matter so that Plaintiff Antor Media Corporation's ("Antor") claims may be stayed as to New Frontier only.

## I.    Factual Background

Antor originally filed this suit against MetaCafe, Inc. on March 27, 2007, alleging infringement of U.S. Patent No. 5,734,961. Antor alleged that each of the defendants infringed, or induced or contributed to infringement of the '961 patent. On April 11, 2007, Antor sued additional defendants, including New Frontier, alleging the same infringement of the '961 patent.

Antor had previously sued a different group of defendants in this Court for infringement of the '961 patent in Cause No. 2-05CV-186 DF. ("*Antor II*") One of those defendants, Nokia, Inc., moved for a stay of that litigation pending completion of the PTO's reexamination of the '961 patent. On September 27, 2006, this Court granted a stay in the *Antor II* litigation on behalf of several non-settling defendants, conditioned on the defendants' stipulation to "agree not to challenge the '961 patent based on any prior art printed publications that were considered during

the reexamination process." (*See* Exh. A at 10, Order granting Nokia's Motion to Stay Litigation Pending Completion of Reexamination (Dkt. No. 410)).  New Frontier agrees to enter into this same stipulation.  (*See* Exh. B, New Frontier Media, Inc.'s Stipulation for a Stay Pending Reexamination).

## II. Motion to Stay

As noted above, New Frontier agrees to enter into the stipulation approved by this Court in *Antor II* in return for a stay of Antor's claims against it pending a final determination of patentability of the '961 patent in the reexamination proceedings before the PTO.  Therefore, New Frontier respectfully requests that the Court grant the stay, subject to New Frontier filing a Stipulation in the form that appears in Exh. B.

## III. Motion to Sever

Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." FED. R. CIV. P. 21.  A trial court "has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

As noted above, New Frontier's co-defendants are either not seeking a stay or are seeking a stay on different terms than New Frontier.  Therefore, severance of New Frontier's claims from the claims of the co-defendants is proper, as New Frontier has agreed to the terms of the stay already endorsed by this Court, unlike the other parties.  Moreover, the alleged acts of infringement by the many unrelated and diverse defendants are necessarily different, as are the products or services they provide.  Thus, Antor's claims do not involve the same transactions or occurrences.  Joinder under such circumstances is improper, and severance is warranted.  *See, e.g., Reid v. Gen'l Motors Corp.*, No. 2:05CV401DF, 2007 WL 102847, at *3 (E.D. Tex. Jan. 16,

2007) (citing *Phillips Elec. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) (allegations that defendants violated same trademark does not mean claims arise out of same transaction or occurrence); *see also* FED. R. CIV. P. 20(a).

Here, Antor does not allege that New Frontier and the other defendants are jointly and severally liable for the same acts; indeed, it cannot be disputed that many of the defendants are unrelated and offer different products or services. Therefore, joinder under Rule 20(a) is improper, and the appropriate remedy is severance. *See DirecTV v. Collins*, ___ F.R.D. ___, 2007 WL 1964953 (S.D. Ohio, July 9, 2007); *see also Siemens Atiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973) ( citing Rules 20 and 21, the court noted, "The claims of infringement against unrelated defendants involving different acts should be tried against each defendant separately.").

Moreover, the Court has discretion to sever under Rule 21, even if there is not a misjoinder. *See Brunet*, 15 F.3d at 505 (court has broad discretion to sever).

In conclusion, New Frontier is prepared to enter into the stipulation to be bound by the results of the reexamination as a condition for the stay, while its co-defendants are not. Therefore, New Frontier is faced with differing circumstances from its co-defendants, and severance is proper in this situation, as shown above. Therefore, in the interest of justice, the severance should be granted to effectuate the stay to which New Frontier has agreed.

## Prayer

For all of the foregoing reasons, New Frontier respectfully requests that the Court grant its motion to sever Antor's claims against New Frontier from those of the other defendants, and

4

to stay the severed litigation as to New Frontier pending the final determination of patentability of the '961 patent by the PTO, conditioned on New Frontier's *Antor II* stipulation.

DATE:  August 13, 2007                              **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ R. Laurence Macon*
_____
R. LAURENCE MACON
State Bar No. 12787500
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000 (telephone)
(210) 281-2035 (facsimile)

**ATTORNEY FOR DEFENDANT
NEW FRONTIER MEDIA, INC.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I spoke with Robert M. Chiaviello, Jr., counsel for Plaintiff. Mr. Chiaviello is unable to state at this time that the Motion is unopposed, as he is not able to reach his client until tomorrow. Therefore, the parties remain in negotiation on this Motion.

_____
R. LAURENCE MACON

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel or record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 13th day of August, 2007.

_____
R. LAURENCE MACON