## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION | § | |
| | § | |
| V. | § | No.  2:05CV186 |
| | § | |
| NOKIA, INC., ET AL. | § | |

### ORDER

Before the Court is Nokia's Motion to Stay Litigation Pending Completion of Reexamination (Dkt. No. 232).[1]  The Court, having reviewed the relevant briefing and hearing arguments of counsel,[2] is of the opinion the motion should be **GRANTED AS MODIFIED**.

### BACKGROUND

On May 16, 2005, Antor Media Corporation ("Antor") filed this suit against twelve defendants, alleging infringement of United States Patent No. 5,734,961 (the "'961 Patent").  The '961 Patent, entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network," is claimed by Antor to cover, among other things, "the delivery to a subscriber of a personalized sound program selected from a large directory of available selections."

### DEFENDANTS' MOTION

Currently, the non-settling defendants, Panasonic Corp. of North America, UTStarcom Personal Communications, LLC, Kyocera Wireless Corp., Sharp Electronics Corp., and Virgin

---

[1] On July 17, 2006, the Court entered an Order dismissing with prejudice all claims for relief asserted by Antor against Nokia, Inc. ("Nokia") based upon the parties' announcement to the Court that they had settled their respective claims in this cause.  Even though Nokia is no longer a defendant in this lawsuit, other non-settling defendants have joined in Nokia's request for a stay pending reexamination.

[2] The Court conducted a hearing on Nokia's motion on June 29, 2006.

EXHIBIT "A"

Dockets.Justia.com

Mobile USA, LLC ("Defendants"), move the Court for a stay of this action in light of patent reexamination proceedings before the United States Patent & Trademark Office ("PTO"). According to Defendants, on December 7, 2005, Nokia filed a request for reexamination of the '961 Patent (the "Request") with the PTO, and on January 5, 2006, the PTO granted the Request. The PTO determined a "substantial new question of patentability affecting claims of United States Patent number 5,734,961" was raised by the Request. On February 17, 2006, co-defendants LG Electronics Mobilecomm USA, Inc. and Research in Motion Corporation independently sought reexamination of the '961 Patent. The PTO granted the requests.

Defendants assert a stay of these proceeding pending completion of reexamination will not unduly prejudice Antor but will instead promote judicial economy, conserve the parties' resources, avoid unnecessary discovery and litigation, and serve the purposes underlying the reexamination statute. Specifically, Defendants assert a stay will simplify the issues in question and the trial of the case. According to Defendants, a stay "will allow the PTO to evaluate the validity of the claims-in-suit, bringing to bear its special expertise" and "it will allow the intrinsic evidence to be fully developed before this Court construes any claim terms."[3] Finally, Defendants maintain discovery has been minimal, and this case is in its early stages.

### ANTOR'S RESPONSE

Antor opposes Defendants' motion to stay proceedings for several reasons. First, Antor states the PTO grants approximately 90% of all requests for reexamination, and in only ten percent (10%) of the cases in which a request for reexamination is granted are **all** of the claims cancelled by the PTO's determination. Antor further asserts typical reexaminations take nearly two years, and

---

[3] Nokia's mot. at pg. 6.

the PTO's rulings are not effective until after the time for final appeal on the matter, which could include appeals to the Board of Patent Appeals and Interferences, the Federal Circuit Court of Appeals and, ultimately, the United States Supreme Court. Antor maintains an indefinite stay of this litigation would be highly prejudicial not only to Antor, but also to its licensees, who are not parties to this litigation, but are entitled to enforcement of the '961 Patent.

Second, Antor asserts the reexamination proceedings initiated by Nokia will not simplify or eliminate the issues before the Court. Third, Antor contends substantial resources have already been expended in this case. According to Antor, the parties have exchanged preliminary infringement and invalidity contentions, initial disclosures and additional disclosures, and have produced hundreds of thousands of documents; depositions in the case are occurring and some parties have engaged in settlement discussions based upon the evidence developed in the case to date. Antor further states licensees of Antor have been subpoenaed to produce documents from the prior litigation, and these documents have been produced.

### DEFENDANTS' PROPOSED STIPULATION

At the hearing on June 29, 2006, the Court proposed that Defendants stipulate that they will be bound by the results of the reexaminations of the '961 Patent currently pending before the PTO. The Court's recommended stipulation was as follows: "The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 patent based on grounds and/or issues that were considered in the reexamination process."

Defendants are willing to agree to the stipulation proposed by the Court with one modification accounting for the *ex parte* nature of the reexaminations. Defendants' proposed stipulation is as follows:

3

> The parties agree that the stay will be granted only on condition that the defendants Panasonic Corp. of North America, UTStarcom Personal Communications, LLC, Kyocera Wireless Corp., Sharp Electronics Corp., and Virgin Mobile USA, LLC agree not to challenge the '961 patent based on any prior art printed publication that was raised by defendants in the requests for reexamination.

Defendants' Proposed Stipulation Re: Stay of Case Pending Reexamination, Exhibit A.

_____In support of their proposed stipulation, Defendants assert the reexaminations of the '961 patent are *ex parte* reexaminations, meaning that after submitting their requests for reexaminations, Defendants have no opportunity for further involvement in the reexaminations. Defendants further explain that while they have had an opportunity to explain to the PTO why they believe the prior art they relied on in their reexamination requests invalidate the '961 patent, they "have not had, and will not have, an opportunity to address any additional prior art that plaintiff may submit to the [PTO]."[4]

Under their proposed stipulation, Defendants assert they will be bound by the results of the reexamination for the prior art submitted to the PTO in the reexamination requests, but not for other prior art submitted by the patentee to the PTO. In addition, because they arguably cannot challenge the '961 patent in the PTO based on non-publication prior art, such as prior art systems, inventions, and sales, including, but not limited to Compusonics, Sarde, Digmusic, GTE Main Street, and others, Defendants assert their proposed stipulation also makes clear that it is limited to printed publications, which are the only bases allowed under the Patent Statute for reexamination. *See* 35 U.S.C. § 301 (authorizing the Patent Office to reexamine patents only on the basis of printed publications, such as patents and articles).

Antor opposes any stay of the litigation. However, in the event the Court is inclined to stay the case and enter a stipulation, Antor opposes Defendants' proposal. Regarding Defendants'

---

[4] Defendants' Proposed Stipulation Re: Stay of Case Pending Reexamination at pg. 2.

4

objection to the lack of opportunity to comment on the prior art produced by Antor, Antor asserts Defendants chose to file requests for *ex parte* reexamination, and "now they must be made to deal with the consequences."[5]  Specifically, in this regard, Antor points out the stipulation initially proposed by the Court allowed Defendant to rely on their prior use evidence at trial given that the evidence is considered to be outside the scope of reexamination.  Given this, Antor asserts Defendants' proposal does not accomplish, in this regard, anything the Court's proposed stipulation did not.

Regarding printed publications as evidence of prior art, Antor strongly believes any printed publication referencing any system not already the subject matter of references submitted to the PTO, regardless of who raised the submission, should not be raised at trial.  According to Antor, Defendants' proposed stipulation contradicts Defendants' own assertions that the PTO is better equipped to handle the review and determination of prior art in the question of validity of patents. Therefore, if the Court is inclined to enter a stipulation, Antor requests the Court not permit Defendants to raise at trial any printed publications considered during the reexamination process.

## APPLICABLE LAW

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.Com*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even

---

[5] Antor's Response in Opposition to Defendants' Proposed Stipulation at pgs. 1-2.

balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]
>
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co., Inc. v. Control Components, Inc.*, 443 F.Supp. 581, 582 (S.D. Iowa 1977); *accord Emhart Industries v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill.1987); *GPAC, Inc. v. D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 63 (D. N.J. 1992). As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. *Gould v. Control Laser Corp.,* 705 F.2d 1340 (Fed. Cir.1983), *cert. denied* 464 U.S. 935

(1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. *See Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 887, 1985 WL 1483 at *2 (W.D. Okla. 1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. *See Gould,* 705 F.2d at 1342.

## DISCUSSION

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Antor, weighs in favor of granting the stay. Staying this matter pending reexamination in conjunction with a stipulation, if anything, puts Antor at an advantage. By requiring Defendants to stipulate not to challenge the '961 patent, Antor is afforded both the advantage of *ex parte* proceeding and an estoppel effect. Thus, Antor is not prejudice by a stay in this regard.

Further, Antor asserts that staying litigation will prejudice its non-party licensees entitled to enforcement of the '961 patent and deter potential licensees from taking a license. In this regard, Antor maintains that licensees of the '961 patent are harmed by Defendants' continued infringement, and staying this litigation will further prolong this infringing activity thus diluting the value of a license. On the other hand, Defendants assert any difficulty Antor may be having with licensing its patent is not a result of any potential stay of this litigation but is instead a result of the reexaminations themselves (Tr. at 10).

The Court finds any prejudice born on Antor by the harm caused to its licensees or potential licensees as a result of staying this litigation is negated by the reexamination proceedings before the PTO. That is, any concerns that a licensee or potential licensee may have due to pending litigation would likewise exist due to pending reexaminations. Moreover, as to potential licensees, the Court

7

finds that Antor can be adequately compensated through economic damages under these circumstances – neither Antor, nor its licensees, is a sole manufacturer or producer of the intellectual property in question.  Accordingly, the Court finds that a stay will not unduly prejudice or present a tactical disadvantage for Antor.

The second factor, whether a stay would simplify the issues in this case, also supports granting the stay.  In *Soverain*, Judge Davis noted that while reexamination would simplify the case if the PTO finds all the allegedly infringing claims are cancelled, "this historically happens in only 12% of reexaminations requested by a third party.  The unlikelihood of this result, which favors not staying the case, is offset by the possibility that some of the claims may change during reexamination, which favors staying the case."  *Soverain*, 356 F.Supp.2d at 662.  Given the circumstances involved in *Soverain*, Judge Davis found the possibility of issue simplification was not sufficiently persuasive to weigh in favor of a stay.  *Id.* at 663.

Here, Defendants assert the four reexaminations involve nineteen anticipatory or potentially anticipatory references, "meaning that the prior art would include all of the elements of the claimed invention, the claims of the patent."  (Tr. at 5-6).   Defendants have also presented the Court with recent PTO statistics of the 510 *ex parte* reexaminations that were ordered in 2005.  The statistics reveal that about 95% resulted in claim amendments or cancellations; only about 5% resulted in no changes at all.  (Laurenson Dec., ¶ 9).

Claim cancellations will certainly simplify the issues that need to be litigated because these claims will be removed entirely from consideration in the litigation.  Amended claims also have the potential for simplifying the issues that need to be litigated.  If the reexamination proceeding narrows a claim or claims, the issues at trial will be simplified.  Moreover, the Court is inclined to reject

Defendants' proposed stipulation and require each defendant to enter into the Court's original stipulation as to printed publications.

Turning to the third factor, whether discovery is complete and whether a trial date has been set, the Court finds this factor also weighs in favor of granting the stay. This case is scheduled for a jury trial March 12, 2007, and the discovery deadline is not until December of 2006. Much remains to be done before the case is ready for trial. Although the Court has conducted the claim construction hearing, the Court has not started to draft an order construing the claims at issue in this case. Neither the Court nor the parties have invested such resources into this case to make a stay pending completion of reexamination inefficient and inappropriate.

The Court, having carefully considered the positions of the parties, is convinced a stay is appropriate in this instance. The Court notes that each motion to stay pending reexamination filed in this Court is considered on a case by case basis with each cause of action presenting distinct circumstances; there exists no policy in this Court to routinely grant such motions. This case presents an ideal situation in which to grant a stay pending reexamination because unlike the situation in *Soverain*, Defendants did not delay in moving for a stay; discovery is far from being complete; and the scheduled trial date is approximately seven months from the date of this Order.

More importantly, the Court has presented Defendants with a proposed stipulation which the Court will require each defendant to sign before the stay goes into effect as to each individual defendant. The Court rejects Defendants' proposed stipulation because, quite simply, Defendants should not have two bites at the apple. As Antor points out, Defendants chose to file requests for *ex parte* reexamination and Defendants should not be allowed to raise at trial any printed publications considered during the reexamination process. The Court accepts this rationale.

9

In sum, given the particular circumstances of this case, and assuming each Defendant signs the Court's proposed stipulation, the Court cannot find any undue prejudice to Antor. The Court finds a high likelihood that results of the PTO's reexamination will have a dramatic effect on the issues before the Court, and the Court will benefit from the PTO's expertise and determination on reexamination. For these reasons, the Court finds Defendants' motion to stay the proceedings pending reexamination of the patent-in-suit should be granted as modified. Accordingly, it is

**ORDERED** that Nokia's Motion to Stay Litigation Pending Completion of Reexamination (Dkt. No. 232) is hereby **GRANTED AS MODIFIED**. It is further

**ORDERED** that within 14 days from the date of entry of this Order the non-settling Defendants shall either (1) file with the Court a signed copy of the following stipulation proposed by the Court, or (2) notify the Court in writing of their decision not to sign the following stipulation:

> The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 patent based on any prior art printed publications that were considered in the reexamination process.

**ORDERED** that the Clerk of the Court shall delay the implementation of this stay until further notification from the Court.

**SIGNED** this 27th day of September, 2006.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

10