## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>(1) METACAFE, INC.,<br>(2) GOOGLE, INC.,<br>(3) YOUTUBE, INC.,<br>(4) SONY PICTURES ENTERTAINMENT, INC.,<br>(5) SONY ELECTRONICS, INC.,<br>(6) SONY COMPUTER ENTERTAINMENT AMERICA, INC.,<br>(7) SONY BMG MUSIC ENTERTAINMENT GP,<br>(8) SONY CORPORATION<br>(9) SONY CORPORATION OF AMERICA,<br>(10) GROUPER NETWORKS, INC.,<br>(11) GOTUIT MEDIA CORP.,<br>(12) DISCOVERY COMMUNICATIONS, INC.,<br>(13) MACMILLAN PUBLISHERS, INC.,<br>(14) MACMILLAN PUBLISHERS, LTD.,<br>(15) PURE VIDEO NETOWRKS, INC.,<br>(16) DIGITAL PLAYGROUND, INC.,<br>(17) NEW FRONTER MEDIA, INC.,<br>(18) SBO PICTURES, INC.,<br>(19) VIVID ENTERTAINMENT, LLC,<br>(20) SUN MICROSYSTEMS, INC.,<br>(21) MLB ADVANCED MEDIA, L.P.<br><br>　　　　　　　　　Defendants. | Civil Action No. 2:07-cv-102 DF<br><br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS OF VIVID ENTERTAINMENT, LLC
## TO THE SECOND AMENDED COMPLAINT

　　　　Defendant and Counterclaimant Vivid Entertainment, LLC ("Vivid"), by its undersigned attorneys, upon knowledge as to itself and its own acts, and otherwise upon information and belief, responds to allegations of the Second Amended Complaint for Patent Infringement of Plaintiff Antor Media Corporation ("Antor") as follows:

### The Parties

　　　　1.　　　　Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint, and denies the allegations therein on that basis.

2. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint, and denies the allegations therein on that basis.

3. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint, and denies the allegations therein on that basis.

4. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint, and denies the allegations therein on that basis.

5. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Complaint, and denies the allegations therein on that basis.

6. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint, and denies the allegations therein on that basis.

7. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint, and denies the allegations therein on that basis.

8. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint, and denies the allegations therein on that basis.

9. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint, and denies the allegations therein on that basis.

10. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint, and denies the allegations therein on that basis.

11. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint, and denies the allegations therein on that basis.

12. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint, and denies the allegations therein on that basis.

13. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint, and denies the allegations therein on that basis.

14. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint, and denies the allegations therein on that basis.

15. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint, and denies the allegations therein on that basis.

16. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint, and denies the allegations therein on that basis.

17. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint, and denies the allegations therein on that basis.

18. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Second Amended Complaint, and denies the allegations therein on that basis.

19. Vivid admits, upon information and belief, the allegations contained in paragraph 19 of the Second Amended Complaint that SBO Pictures, Inc. is a California corporation having its principal place of business as set forth therein, with an agent for service of process as specified.

20. Vivid admits the allegations contained in paragraph 20 of the Second Amended Complaint as to defendant Vivid Entertainment, LLC, except denies that said California limited liability company is a corporation.

21. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint, and denies the allegations therein on that basis.

22. Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint, and denies the allegations therein on that basis.

## Jurisdiction

23. Vivid admits the allegations of paragraph 23 of the Second Amended Complaint that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) over actions arising under the patent laws of the United States; Vivid admits that it is subject to personal jurisdiction in this district. Vivid denies knowledge or information sufficient to form a belief as to the truth of whether or not the other defendants are subject to personal jurisdiction in this district; to the extent not otherwise admitted herein, Vivid denies the allegations of paragraph 23.

## Venue

24. Vivid denies knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Antor does business and/or maintains an office within this judicial district; Vivid admits that venue is proper in this district with regard to it, but denies knowledge or information sufficient to form a belief as to the truth of whether venue is proper in this district as to the other defendants. To the extent not otherwise admitted in this paragraph, Vivid otherwise denies the allegations of paragraph 24.

## Non-Infringement of U.S. Patent No. 5,734,961

25. Vivid admits, upon information and belief, the allegations contained in paragraph 25 of the Second Amended Complaint that U.S. Patent No. 5,734,961 ("the '961 patent") is entitled "Method and Apparatus for Transmitting Information Recorded on Information Storage Means from a Central Server to Subscribers via a High Data Rate Digital Telecommunications Network," that it issued on March 31, 1998, and that a copy of said '961 patent is attached the Second Amended Complaint as Exhibit 1. Vivid denies that the '961 patent was duly and legally issued, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

26. Vivid denies the allegations contained in paragraph 26 of the Second Amended Complaint as to it; Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations therein contained as to each of the other defendants, and denies the allegations therein on that basis.

27.     Vivid denies the allegations contained in paragraph 27 of the Second Amended Complaint as to it; Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations therein contained as to the remaining defendants, and denies the allegations therein on that basis.

28.     Vivid denies the allegations contained in paragraph 28 of the Second Amended Complaint as to it; Vivid denies knowledge or information sufficient to form a belief as to the truth of the allegations therein contained as to the remaining defendants, and denies the allegations therein on that basis.

## PRAYER FOR RELIEF

29.     Vivid denies that Plaintiff Antor is entitled to the requested relief identified in items (a)-(h) of its Prayer for Relief or any other relief.

30.     Vivid denies all allegations in the Second Amended Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim for Relief)

31.     The Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant and Counterclaimant Vivid.

### Second Affirmative Defense

(Non-Infringement)

32.     Defendant and Counterclaimant has not and does not infringe upon any of the claims of the '961 patent literally, pursuant to the doctrine of equivalents, contributorily, or in any other manner.

### Third Affirmative Defense

(Patent Invalidity)

33.     Upon information and belief, the claims in the '961 patent are invalid for failure to comply with the conditions and requirements for patentability as set forth in the Patent Laws of the United States, codified in 35 U.S.C. § 100, et seq., and the rules and regulations promulgated pursuant thereto.

**Fourth Affirmative Defense**

(Unenforceability)

34.     Antor's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

35.     Vivid alleges, based on information and belief, prior to filing the application that issued as the '961 patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0 474 717 ("the European '717 patent"), which, like the '961 patent, claimed priority from French Patent Application No. 89-07759.

36.     Vivid alleges, based on information and belief, the following prior art references cited by Philips during the Philips Opposition were also cited by the U.S. Patent and Trademark Office ("PTO") during the prosecution of the application that issued as the '961 patent: U.S. Patent No. 4,769,833 ("the '833 patent") and U.S. Patent No. 4,766,581 ("the '581 patent").

37.     Vivid alleges, based on information and belief, the following prior art references cited by Philips during the Philips Opposition were not considered by the PTO: U.S. Patent No. 4,521,806, German Patent No. 36 16 354, European Patent No. 0 118 936, K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973), and W. va den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the PTO").

38.     Vivid alleges, based on information and belief, prior to filing the application that issued as the '961 patent on December 22, 1995, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent were aware of the Philips prior art references not considered by the PTO.

39.     Vivid alleges, based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent did not notify the PTO of the Philips Opposition or the Philips prior art references not considered by the PTO until filing an Information Disclosure

Statement on February 16, 1997. Based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld this Information Disclosure Statement until after the examiner issued a Notice of Allowance on January 27, 1997.

40. Vivid alleges, based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, and the EPO's provisional opinion dated October 9, 1996. The EPO's provisional opinion held that the European '717 patent should be revoked for failure to claim a patentable invention. The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the application that issued as the '961 patent. Like the PTO, the EPO had previously accepted the inventor's position on two key references, the '822 patent and the '581 patent. However, based on new information provided by Philips and further review of these references, the EPO changed its prior position and instead found that the applicant's representation of these references was wrong, and that the claimed invention was not patentable over them. Thus, many of the statements made by Philips and the EPO during the Philips Opposition directly refute positions the applicant took in the opposing arguments of unpatentability relied upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent. Further, the Philips' Opposition and the EPO's provisional opinion make a prima facie case that the '961 patent does not claim a patentable invention.

41. Vivid alleges, based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97 (e) and the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(1) required for the examiner to consider the Information Disclosure Statement dated February 16, 1997. In addition, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97 (e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a

communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997. As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997, was placed of record in the file history but not considered by the examiner.

42. Vivid alleges, based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the examiner, even after notice from the PTO on April 4, 1997 that the required certification and fee had not been filed and the Information Disclosure Statement would not be considered.  Upon information and belief, the required certification and fee were deliberately withheld from the PTO with the knowledge that doing so would prevent the PTO examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same arguments the application was making in support of the issuance of the '961 patent, and that the claims of the '961 patent should not issue.

43. Vivid alleges, based on information and belief, while withholding all information relating to the Philips Opposition from the PTO, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent cited to and relied upon the PTO's issuance of a Notice of Allowance of the application that issued as the '961 patent in order to support the patentability of the European '717 patent.

44. Vivid alleges, based on information and belief, the EPO issued its decision on the Philips Opposition on January 30, 1998, revoking the counterpart European Patent No. 0 474 717. The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998. Genese is the original assignee of the '961 patent, and was founded by the inventor of record of the '961 patent. Statements made by the EPO in the Philips Opposition Decision directly refute positions the applicant took in opposing arguments of unpatentability relief upon by the PTO, including the applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

45. Vivid alleges, based on information and belief, the inventor of record of the '961 patent responded to the EPO on February 17, 1998, acknowledging his receipt of the Philips Opposition.

46. Vivid alleges, based on information and belief, with the intent to deceive, the inventor and/or other individuals substantively involved in the preparation or prosecution of the application that issued as the '961 patent withheld from the PTO the Philips Opposition Decision, and failed to notify the PTO that the EPO revoked European Patent No. 0 474 717.

47. Vivid alleges, based on information and belief, the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition December 1, 1995, and the EPO's provisional opinion dated October 9, 1996, the Philips prior art references not considered by the PTO, and the Philips Opposition Decision were material to the patentability of the '961 patent, at least because this information refutes, and is inconsistent with, positions the applicant took in opposing arguments of unpatentability relied upon by the PTO, and made a prima facie case of unpatentability, and the examiner would have found this information important. These references were withheld from the PTO with knowledge of their materiality and the intent to deceive, in violation of at least 37 C.F.R. § 1.56, rendering the '961 patent unenforceable.

## Fifth Affirmative Defense

(Patent Misuse)

48. Upon information and belief, Plaintiff Antor has attempted to impermissibly broaden the scope of the rights granted to it pursuant to the '961 patent in bad faith and with an improper motive, resulting in anticompetitive conduct and effect, making the patent unenforceable under the United States Patent Laws.

## Sixth Affirmative Defense

(Laches)

49. Upon information and belief, the allegations of infringement of the '961 patent by Plaintiff Antor against Defendant and Counterclaimant is barred by the equitable doctrine of laches.

## Seventh Affirmative Defense

(Estoppel)

50.     Upon information and belief, the allegations of infringement of the '961 patent by Plaintiff Antor against Defendant and Counterclaimant is barred by the doctrine of estoppel, based on the prosecution history of the applications resulting in the issuance of the '961 patent. Plaintiff Antor should be further estopped therein from any claim of patent construction of the '961 patent that includes any products or services that are used, manufactured, or distributed by Vivid, whether over the Internet or otherwise, or that are otherwise offered for sale by Vivid, or in which Vivid assisted others in any manner with regard to their products or services.

### Eighth Affirmative Defense

(Lack of Irreparable Injury)

51.     Plaintiff Antor is not entitled to obtain equitable injunctive relief because any injury that may have been sustained by Plaintiff is neither immediate nor irreparable, and Plaintiff therefore has an adequate remedy at law barring it from obtaining injunctive relief.

### Ninth Affirmative Defense

(Failure to Mark)

52.     To the extent that Plaintiff Antor seeks damages from Defendant and Counterclaimant for any alleged infringement of the '961 Patent prior to giving Vivid actual notice of the '961 Patent, such damages are precluded, in whole or in part, pursuant to 35 U.S.C. § 287(a).

## COUNTERCLAIM FOR PATENT INVALIDITY, NON-INFRINGEMENT, AND PATENT UNENFORCEABILITY

### Parties

1.     Counterclaimant Vivid Entertainment, LLC ("Vivid") is a limited liability company organized and existing under the laws of the state of California, with a principal place of business located at 3599 Cahuenga Boulevard West, Fourth Floor, Los Angeles, California 90068.

2.     Upon information and belief, counterclaim defendant Antor Media Corporation ("Antor") is a corporation organized and existing under the laws of the state of Texas, having a principal place of business located in Plano, Texas.

### Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202. An actual and justiciable controversy exists between Counterclaimant Vivid and Counter-defendant Antor, relating to the validity, infringement and enforceability of Antor's '961 patent, and Antor has accused Vivid of infringing its '961 patent.

4.     Antor is subject to the personal jurisdiction of this Court by its location in this district and its bringing of the instant action; venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

### First Counterclaim

(Declaratory Judgment of Patent Invalidity)

5.     Vivid incorporates by reference herein each of the preceding allegations as though herein set forth at length.

6.     The claims set forth in the '961 patent are invalid for failing to comply with the conditions and requirements for patentability pursuant to the United States Patent Laws, specifically including 35 U.S.C. §§ 102, 103, and/or 112, and the rules and regulations promulgated thereunder.

7.     An actual controversy exists between Antor and Vivid concerning the validity of the '961 patent by virtue of Antor's allegations of infringement against Vivid in this action.

8.     Vivid is entitled to a judgment declaring that the '961 patent is invalid pursuant to 28 U.S.C. §§ 2201-02.

9.     This is an exceptional case entitling Vivid to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of inequitable and improper conduct of Antor as set forth herein.

### Second Counterclaim

(Declaratory Judgment of Non-Infringement)

10.    Vivid incorporates by reference herein each of the preceding allegations as though herein set forth at length.

11.    Vivid has not infringed upon any of the claims of Plaintiff Antor's '961 patent, either literally, under the doctrine of equivalents, contributorily, or in any other manner.

12.    An actual controversy exists between Vivid and Antor regarding the infringement of the '961 patent, by reason of Antor's allegation of infringement against Vivid in this action.

13.     Vivid is entitled to a judgment declaring that Vivid has not infringed any valid claim of the '961 patent.

14.     This is an exceptional case entitling Vivid to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Third Counterclaim

(Declaratory Judgment of Patent Unenforceability)

15.     Vivid incorporates by reference each preceding allegation here as though herein set forth at length.

16.     An actual controversy exists between Vivid and Antor concerning the enforceability of the '961 patent by virtue of Antor's allegations of infringement against Vivid in this action.

17.     Vivid is entitled to a judgment declaring that Antor's '961 patent is unenforceable by virtue of Antor's inequitable conduct in the prosecution of said patent, pursuant to the Patent Laws of the United States, as set forth above.

18.     An actual controversy exists between Vivid and Antor concerning the enforceability of the '961 patent, by virtue of Antor's allegations of infringement by Vivid in this action.

19.     This is an exceptional case entitling Vivid to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### JURY DEMAND

Vivid demands trial by a jury of all issues that are subject to jury trial herein.

### DEMAND FOR RELIEF

WHEREFORE, Defendant and counterclaimant Vivid Entertainment, LLC requests that this Court grant it the following relief:

a.     Dismissing the Second Amended Complaint of Antor Media Corporation, with prejudice;

b.     A declaration and judgment that United States Patent No. 5,734,961 is invalid;

    c.    A declaration and judgment that United States Patent No. 5,734,961 is not and has not been infringed by Vivid Entertainment, LLC;

    d.    A declaration and judgment that United States Patent No. 5,734,961 is unenforceable;

    e.    A declaration and judgment that this case is exceptional within the meaning of 35 U.S.C. § 285;

    f.    An award of Vivid Entertainment, LLC's reasonable attorneys' fees and costs incurred in this action; and

    g.    Such other further relief as this Court deems just and proper.

Dated: August 16, 2007

By: /s/ *Anthony J. Dain*

Anthony J. Dain, *pro hac vice* pending
California Bar No. 98947
Email: ajd@procopio.com
Victor M. Felix, *pro hac vice* pending
California Bar No.
Email: vmf@procopio.com
Frederic G. Ludwig, III, *pro hac vice* pending
California Bar No. 205332
Email: fgl@procopio.com
PROCOPIO CORY HARGREAVES
 & SAVITCH, LLP
530 B Street, Suite 2100
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT VIVID ENTERTAINMENT, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically on August 16, 2007 via the Court's CM/ECF system in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A).

                                                /s/ *Anthony J. Dain*
                                                Anthony J. Dain