IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § § | CIVIL ACTION NO. |
| PLAINTIFF, | § § | |
| V. | § § | **02:07-CV-102** |
| METACAFE, INC., ET AL. | § § | JURY DEMANDED |
| DEFENDANTS. | § § § | |

**PLAINTIFF'S RESPONSE TO NEW FRONTIER MEDIA INC'S MOTION TO SEVER AND TO STAY PENDING REEXAMINATION**

Plaintiff, Antor Media Corporation ("Antor") responds to the Motion to Sever and Stay Litigation Pending Completion of Reexamination ("Motion") filed by New Frontier Media, Inc. ("New Frontier") and respectfully requests that the Motion be denied.

**I.**

**INTRODUCTION**

New Frontier seeks to stay this case pending completion of the United States Patent and Trademark Office ("USPTO") reexamination of U.S. Patent No. 5,734,961 ("the '961 Patent"), subject to the form of stipulation in *Antor Media Corp. v Nokia et al.*, Case No. 2:05-cv-186DF (E.D. Tex., Marshall Div.) ("Antor II"). New Frontier also seeks severance from this case based upon the notion that co-defendants MacMillan Publishers, Inc., MacMillan Publishers, Ltd. ("MacMillan Defendants"), and Digital Playground, Inc. ("Digital Playground") are seeking a stay on different terms than those proposed by New Frontier, and the remaining co-defendants seek no stay at all. Antor opposes any stay, regardless of the form, as such a stay would

necessarily be indefinite and unduly prejudice Antor. Likewise, Antor opposes New Frontier's severance from this case.

## II.

## FACTUAL BACKGROUND

This is the fifth time the issue of a stay concerning the reexamination of the '961 Patent has been before this Court. On May 16, 2005, Antor sued Nokia and eleven other defendants (collectively the "Antor II Defendants") for infringement of the '961 Patent. On December 7, 2005, Nokia filed a Request for Reexamination with the USPTO. Thereafter, Nokia's co-defendants LG Electronics, Kyocera Wireless Corp., and Research in Motion Corp. each filed their own Requests for Reexamination. In the Requests, the Antor II Defendants submitted prior art to the USPTO and argued why that art should be considered to invalidate the '961 Patent. Not surprisingly, the USPTO granted these Requests.[1] Afterward, Nokia and ten of the eleven co-defendants filed a Motion to Stay the Antor II litigation pending completion of the reexamination of the '961 Patent. This Court ruled that a stay was appropriate on the condition that the Defendants entered the following stipulation (the "Antor Stipulation"):

> The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 Patent based on any prior art printed publications that were considered in the reexamination process. *Antor II*, Docket Entry 410 at 9-10; *id*., Docket Entry 421 at 1.

In presenting the Antor Stipulation to the Antor II Defendants, this Court noted: "[t]he Court rejects Defendants' proposed stipulation because, quite simply, Defendants should not have two bites at the apple."[2]  *Id.,* Docket Entry 410 at 9-10. This stipulation has been adopted

---

[1] The fact that the USPTO grants over ninety percent (90%) of all Reexamination Requests has been well-briefed before this Court.

by all Antor defendants who have agreed to a stay pending the outcome of the reexamination of the '961 Patent.

In other Antor litigation, this Court has either granted stays pending reexamination of the '961 Patent subject to the Antor Stipulation, or has otherwise declined to grant a stay. In *Antor v. Motorola, Inc.*, No. 5:06-cv-240DF (E.D. Tex., Texarkana Div.), Motorola requested an unconditional stay pending completion of the reexamination of the '961 Patent. Motorola's motion was dismissed without prejudice "[b]ecause the Court is not inclined to stay this litigation absent any stipulation." *Antor v. Motorola*, Docket Entry 53 at 1-2. Also, in *Antor v. Samsung Telecomms.*, No. 5:06-cv-239DF (E.D. Tex., Texarkana Div.), Sony Ericsson Mobile Communications, Inc. ("Sony Ericsson") also requested an unconditional stay pending completion of the reexamination of the '961 Patent. In dismissing Sony Ericsson's motion this Court reiterated its position that it "is not inclined to stay the above-captioned case absent any stipulation." *Antor v. Samsung*, Docket Entry 70 at 1-2. In the same litigation, Samsung sought and received a severance from Sony Ericsson and executed the Antor Stipulation in exchange for a stay pending reexamination of the "961 Patent. *See id*., Docket Entry 51-1.

On April 11, 2007 Antor sued New Frontier and twenty other defendants (collectively the "Antor IV Defendants") for infringement of the '961 Patent. Afterward, the MacMillan Defendants and Digital Playground requested a stay of this case according to the form of the stipulation in the DataTreasury litigation.

In the time since Nokia first filed its Request for Reexamination of the '961 Patent, there has been no word from the USPTO. As such, any stay granted in this action is of an indefinite duration and unduly prejudicial to Antor, and therefore, New Frontier's Motion should be denied.

### III.

### ARGUMENTS AND AUTHORITIES

This Court has the authority to manage its own docket. A district court is not required to stay an action even where a request for reexamination is granted. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("[t]he court is not required to stay judicial resolution in view of the reexamination."); *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) ("[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."). As this Court has observed "[i]n deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (*citing Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). A fair evaluation of these factors suggests that a stay is not appropriate under the facts at hand. It has become apparent that a stay pending reexamination of the '961 Patent is an indefinite stay. Therefore, Antor is unduly prejudiced by such a stay.

**A.    Under the Present Circumstances Any Stay Will Unduly Prejudice Antor**

In Antor II, a primary basis of defendant's argument in support of a stay was the notion that the reexamination did not threaten a protracted or indefinite delay in the litigation. *See Antor II*, Docket Entry 232-1 at 12. Indeed, the Antor II Defendants repeatedly pointed out that 35 U.S.C. § 305 requires the USPTO to conduct reexaminations with "special dispatch." *See id.*,

Docket Entry 232-1 at 12; *id*., Docket Entry 249 at 5, 6.  Moreover, the Antor II Defendants took every opportunity to point out that Antor's concern over an unduly burdensome or indefinite delay was unfounded.  *Antor II*, Docket Entry 249 at 4-5 ("Antor is simply mistaken that the reexamination process will almost certainly result in years of delay."); *id*., Docket Entry 249 at 6 ("Nokia is not seeking '[a]n indefinite stay of the litigation' … only a modest stay. … Antor will suffer no prejudice from such a modest stay."); *id*., Docket Entry 274 at 3 ("Antor claims (with no support) that any stay will be indefinite because the PTO will not live up to its statutory obligation to complete the newly filed reexaminations with 'special dispatch' and will instead give primary emphasis to reducing its backlog of old cases."); *id*., Docket Entry 274-1 at 4 ("[t]here is no merit to Antor's claim that a stay will be indefinite.").  On several occasions, the Antor II Defendants argued that the entire reexamination proceeding would be finished in two years or less.  *Id*., Docket Entry 274-1 at 3 ("the PTO has a firm goal of completing [reexaminations] in less than about 21-22 months"); *id*., Docket Entry 274-1 at 4 ("it can be seen that the PTO *is* handling the four reexaminations here with special dispatch and also has a firm objective to complete each in less than 20 months after filing (Kyocera) and/or 21-22 months after filing (Nokia, LG, RIM)."); *id*., Docket Entry 249 at 5 ("the PTO has taken steps to streamline the reexamination process, … and has affirmed its goal to complete all reexamination proceedings in 'less than two years.'").

     As it turned out, Antor was right, and the Antor II Defendants were wrong.  After more than one and a half years, there has been no word from the USPTO.  That is, a first Office Action has not yet issued.  There is little to no chance that reexamination of the '961 Patent will be finished within the two year time frame suggested by the Antor II Defendants.  As a result of the complete lack of progress, Antor's fear of an indefinite stay has come true.  This complete lack

of progress coupled with the potential for an exhaustive appeal process creates a reasonable probability that reexamination of the '961 Patent could drag on for over four years.[3] Put simply, there is no light at the end of the tunnel.

In view of the above, a stay granted at this point would necessarily be an indefinite stay. There is no way to determine when Antor's dialogue with the USPTO will begin during the reexamination, much less when it will end. Such an indefinite stay will not bring the parties any closer to a final resolution of the issues at hand. Firm trial settings resolve cases, not indefinite delays. *See Soverain Software L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005). Therefore, Antor moves this Court to deny any stay in this action as such a stay would be indefinite and doing so would unduly prejudice Antor.

### B.  This Court Should Not Sever New Frontier From This Case Where No Stay Is Granted

On this much Antor and New Frontier agree – this Court has broad discretion to sever issues tried before it. *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). However, in the case at hand, severance is simply not appropriate.

New Frontier largely bases its argument for severance upon the notion that it now requests a stay subject to a stipulation different from that requested by other Antor IV defendants (*see* New Frontier Motion, pgs. 3, 4). However, as discussed above, any stay at all would unduly prejudice Antor and therefore should not be granted. This, of course, renders New Frontier's argument moot.

New Frontier also relies upon *Phillips Elec. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004) in arguing for severance. *See* New Frontier Motion at 4. However, New Frontier's reliance is misplaced. In *Phillips*, the court concluded that severance was appropriate

---

[3] *See, e.g., In re Columbia Univ. Patent Litig.*, 330 F. Supp. 2d 12, 16 (D. Mass. 2004) ("[T]he PTO will not cancel claims until after the time for appeal has expired and any appeals have been terminated.").

where the accused products where entirely distinct from one another. *Phillips. v. Contec Corp.*, 220 F.R.D. at 417- 418 ("[t]he accused RCUs that CMT sold to Contec were manufactured by Ohsung Electronics, while the accused RCUs that Hango sold to Contec were manufactured by Remote Solution."). In fact, the court found no commonality among the alleged infringing activity of the defendants. However, in the case at hand, the infringing activity of the named defendants involve questions of law and fact common to all of the defendants in the action. *See* FED. R. CIV. P. 20. For example, each of the defendant's infringing activity includes transferring similar content (i.e., audio and video) over a similar medium (e.g., the internet) from a similar source (e.g., a website) to a similar destination (e.g., an end user) Clearly, then, common questions of fact and law will be involved in resolving this dispute.

**IV.**

**CONCLUSION**

WHEREFORE, Antor respectfully requests that New Frontier's Motion to Sever and to Stay Pending Completion of Reexamination be, in all respects, denied.

Respectfully submitted this 28th day of August, 2007.

    /s/ Robert M. Chiaviello, Jr.

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200


COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION


OF COUNSEL

| | |
|---|---|
| S. Calvin Capshaw, III<br>Elizabeth L. DeRieux<br>Andrew W. Spangler<br>BROWN McCARROLL L.L.P.<br>1127 Judson Road, Suite 220<br>Longview, TX 75601<br>Telephone: (903) 236-9800<br>Facsimile: (903) 236-8787 | T. John Ward, Jr.<br>LAW OFFICE OF T. JOHN WARD, JR., P.C.<br>109 W. Tyler<br>Longview, TX 75601<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323 |
| Nicholas H. Patton<br>J. Kurt Truelove<br>PATTON, TIDWELL & SCHROEDER, L.L.P.<br>4605 Texas Blvd.<br>Texarkana, TX 75503<br>Telephone: (903) 792-7080<br>Facsimile: (903) 792-8233 | Otis W. Carroll<br>IRELAND CARROLL & KELLEY, PC<br>6101 South Broadway<br>Suite 500<br>Tyler, TX  75711-7879<br>Telephone: (903) 561-1600<br>Facsimile: (903) 581-1071 |