IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § § | **02:07CV-102** |
| METACAFE, INC., ET AL., | § § | JURY DEMANDED |
| DEFENDANTS. | § § § | |

### PLAINTIFF'S SURREPLY TO DEFENDANTS MACMILLAN PUBLISHERS, INC.'S AND MACMILLAN PUBLISHERS, LTD.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING REEXAMINATION

Plaintiff, Antor Media Corporation ("Antor") responds to the Reply in Support of Motion to Stay Litigation Pending Completion of Reexamination ("Reply") filed by MacMillan Publishers, Inc. and MacMillan Publishers, Ltd. (collectively "MacMillan") and respectfully requests that the Motion be denied.

**I.**

**INTRODUCTION**

It has become apparent that a stay pending reexamination of the '961 Patent is an indefinite stay. Also, in requesting the DataTreasury Stipulation, MacMillan makes arguments this Court has already considered and rejected. Therefore, Antor requests that this Court deny a stay in this action.

Dockets.Justia.com

## II.

## ARGUMENT

A.   **UNDER THE PRESENT CIRCUMSTANCES ANY STAY WILL UNDULY PREJUDICE ANTOR**

In effect, MacMillan argues that Antor would not be unduly prejudiced by a stay of the pending litigation because any delay in the reexamination of the '961 Patent has actually been caused by Antor.  *See* Reply at 3.  MacMillan repeatedly accuses Antor of "dumping" documents on the Examiner during reexamination of the '961 Patent.  *See* Reply at 4-5.  However, as MacMillan is very well aware, the documents cited by Antor during the reexamination process are the same documents that Antor defendants raised as invalidating prior art during other Antor litigation.  Moreover, MacMillan is aware of the fact that "Antor was under an obligation to provide prior art references in connection with the Patent Office re-examination."  *See* Reply at 3.  One can easily see that if Antor had withheld documents from the United States Patent & Trademark Office ("USPTO") raised by other Antor defendants as invalidating prior art before this Court, MacMillan would now accuse Antor of inequitable conduct.  Specifically, MacMillan would now claim that Antor intentionally withheld material information from the USPTO.  Simply put, MacMillan's assertion that Antor "dumped" references on the USPTO is no more than an acknowledgment that other Antor defendants "dumped" those same references upon this Court and Antor.

MacMillan also implies that Antor is guilty of some wrongdoing because "Antor's list of references was not ordered by import or weight."  *See* Reply at 3.  MacMillan's implication is surprising considering it knows that Antor submitted information to aid the Examiner in the review of submitted references.  *See* Reply at footnote 5.  Indeed, Antor provided Apple's Expert Report to the USPTO during the reexamination process.  That Expert Report provided an

analysis of the art which Apple's expert thought served to invalidate the '961 Patent. Antor was not required to submit Apple's Expert Report, but did so in an attempt to avoid the very accusations that MacMillan is now asserting. Again, it can be easily seen that if Antor had categorized the submitted references "by import or weight," MacMillan would now accuse Antor of misleading the USPTO by virtue of that very categorization. In short, MacMillan would second guess Antor no matter what choices Antor made.

Antor has acted with prudence during the reexamination of the '961 Patent. Unfortunately, after more than one and a half years there has been no word from the USPTO. Through no fault of Antor, there is no way to determine when the reexamination of the '961 Patent will end, but it is safe to say the end is nowhere in sight. As such, a stay pending reexamination of the '961 Patent will necessarily be an indefinite stay. An indefinite stay will unduly prejudice Antor. Therefore, Antor moves this Court to deny any stay in this action.

**B.    THE DATATREASURY STIPULATION IS NOT APPROPRIATE IN THE ANTOR LITIGATION**

MacMillan argues that this Court should grant the DataTreasury Stipulation instead of the Antor Stipulation because 1) the number of references submitted by Antor during reexamination of the '961 Patent precludes a meaningful reexamination, and 2) MacMillan did not have the opportunity to participate in the reexamination petition and thereby influence which prior art would be submitted. *See* Reply at 4, 5. However, MacMillan's arguments are based upon faulty logic and are made more out of convenience rather than sound reasoning.

As discussed above, Antor was obligated to submit the references now before the USPTO. Had Antor not submitted those references, MacMillan would now accuse Antor of inequitable conduct. Moreover, MacMillan's assertion that the number of references submitted by Antor during reexamination of the '961 Patent precludes a meaningful reexamination is

conjecture. Indeed, MacMillan asserts "[t]here is no way for the Court or Defendants to know if the references submitted by Antor will be meaningfully reviewed during reexamination." *See* Reply at 5. Curiously, MacMillan fails to identify support for its line of reasoning. Instead, MacMillan's assertion simply assumes that the USPTO will disregard its duties during the reexamination proceeding. However, the fact that the USPTO has developed a specialized group for the express purpose of handling reexamination proceedings has been well-briefed before this Court. The fact that the USPTO has yet to issue an Office Action after more than a year and a half of reexamination suggests that it is not taking its responsibilities lightly.

MacMillan's reasoning that it should be able to argue prior art submitted to the USPTO simply because it did not participate in the reexamination petition has already been rejected by this Court. MacMillan's position tracks the arguments already made by Antor II Defendants, Motorola, and Sony Ericsson. In each case, the defendants did not want to be bound by a stipulation based upon art submitted by the reexamination petitioners and the art submitted by Antor. *See*, for example, Antor *II*, Docket Entry 385-2. However, this Court rejected that reasoning, noting that "Defendants should not have two bites at the apple." The only significance of MacMillan being able to participate in the reexamination proceeding would be to convince the USPTO to grant the reexamination request. That has already been accomplished, and importantly, MacMillan has not pointed out that it would do anything differently from the reexamination petitioners. Presumably, MacMillan has not – because it cannot. Simply put, MacMillan's conjecture does not justify it being treated differently from other Antor defendants.

Finally, this Court granted the DataTreasury Stipulation where the Plaintiff failed to submit any prior art until after issuance of the first Office Action, i.e., until after the USPTO had already made its initial analysis of the prior art. Primarily, the Defendants were concerned that

the USPTO would give less attention to that art submitted after its initial evaluation in formulating the rejections in the first Office Action.  This, of course, is simply not applicable to the case at hand.  MacMillan has not shown this Court anything it has not already seen.  As a result, MacMillan should be treated no differently than other Antor defendants.

## III.

## CONCLUSION

WHEREFORE, Antor respectfully requests that MacMillan's Motion to Stay Pending Completion of Reexamination be, in all respects, denied.  However, in the event this Court is inclined to stay this litigation, Antor requests that the Court do so subject to the Antor Stipulation.

Respectfully submitted this 18th day of September, 2007.

          /s/ Robert M. Chiaviello, Jr.

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

| | |
|---|---|
| S. Calvin Capshaw, III<br>Elizabeth L. DeRieux<br>Andrew W. Spangler<br>BROWN McCARROLL L.L.P.<br>1127 Judson Road, Suite 220<br>Longview, TX 75601<br>Telephone: (903) 236-9800<br>Facsimile: (903) 236-8787 | T. John Ward, Jr.<br>LAW OFFICE OF T. JOHN WARD, JR.,<br>P.C.<br>109 W. Tyler<br>Longview, TX 75601<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323 |
| Nicholas H. Patton<br>J. Kurt Truelove<br>PATTON, TIDWELL & SCHROEDER, L.L.P.<br>4605 Texas Blvd.<br>Texarkana, TX 75503<br>Telephone: (903) 792-7080<br>Facsimile: (903) 792-8233 | Otis W. Carroll<br>IRELAND CARROLL & KELLEY, PC<br>6101 South Broadway<br>Suite 500<br>Tyler, TX 75711-7879<br>Telephone: (903) 561-1600<br>Facsimile: (903) 581-1071 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on September 18, 2007.

                                           */s/ Robert M. Chiaviello, Jr.*
                                           Robert M. Chiaviello, Jr.