IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, § § | | |
| PLAINTIFF, | § § § | CIVIL ACTION NO. |
| V. | § § | **02:07CV-102** |
| METACAFE, INC., ET AL., | § § § | JURY DEMANDED |
| DEFENDANTS. | § § | |

**PLAINTIFF'S SURREPLY TO DEFENDANT NEW FRONTIER MEDIA INC'S REPLY IN SUPPORT OF MOTION TO SEVER AND STAY PENDING REEXAMINATION**

Plaintiff, Antor Media Corporation ("Antor") responds to the Reply in Support of Motion to Sever and Stay Litigation Pending Completion of Reexamination ("Reply") filed by New Frontier Media Inc. ("New Frontier") and respectfully requests that New Frontier's Motion be denied.

**I.**

**INTRODUCTION**

The issues relating to a stay of this litigation pending reexamination of the '961 Patent have been well-briefed before this Court. However, during the time since reexamination of the '961 Patent began, it has become apparent that any stay pending reexamination of the '961 Patent is an indefinite stay, which is unduly prejudicial to Antor. Therefore, Antor requests that this Court deny a stay in this action.

## II.

## ARGUMENT

In arguing for a stay of this litigation, New Frontier repeatedly harps on the fact that this Court granted a stay in the Antor II litigation.  *See*, *for example*, Reply, pgs. 1, 3, 4.  Further, New Frontier implies that Antor is not unduly prejudiced by any stay, even an indefinite, simply because Antor brought this action later in time.  *Id*. at 4.  Of course, New Frontier's arguments ignore that the primary rationale for granting a stay in the first place no longer exists.

That is, in Antor II, a primary basis of the defendant's argument in support of a stay was the notion that the reexamination did not threaten a protracted or indefinite delay in the litigation.  *See Antor II*, Docket Entry 232-1 at 12.  However, after almost two years there has been no word from the USPTO.  That is, a first Office Action has not yet issued.  There is no way to determine when the reexamination of the '961 Patent will end, but it is safe to say the end is nowhere in sight.  Clearly, there is virtually no chance that reexamination of the '961 Patent will be finished within the two year time frame suggested by the Antor II Defendants.  Such an indefinite stay will not bring the parties any closer to a final resolution of the issues at hand.  New Frontier largely bases its argument for severance on the idea that this action should be stayed.  However, for the reasons set forth above, a stay is not appropriate.  Accordingly, New Frontier should not be severed from this action.  Therefore, Antor moves this Court to deny New Frontier's Motion.

## III.

## CONCLUSION

WHEREFORE, Antor respectfully requests that New Frontier's Motion to Stay Pending Completion of Reexamination be, in all respects, denied.  However, in the event this Court is

inclined to stay this litigation, Antor requests that the Court do so subject to the Antor Stipulation.

Respectfully submitted this 18th day of September, 2007.

      /s/ Robert M. Chiaviello, Jr.

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200


COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

S. Calvin Capshaw, III
Elizabeth L. DeRieux
Andrew W. Spangler
BROWN McCARROLL L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Nicholas H. Patton
J. Kurt Truelove
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

T. John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR., P.C.
109 W. Tyler
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Otis W. Carroll
IRELAND CARROLL & KELLEY, PC
6101 South Broadway
Suite 500
Tyler, TX  75711-7879
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on September 18, 2007.

                                                */s/ Robert M. Chiaviello, Jr.*
                                                Robert M. Chiaviello, Jr.