IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>METACAFE, INC., GOOGLE INC., YOUTUBE, LLC (incorrectly sued as YouTube, Inc.), SONY PICTURES ENTERTAINMENT, INC., SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., SONY BMG MUSIC ENTERTAINMENT GP, SONY CORPORATION, SONY CORPORATION OF AMERICA, GROUPER NETWORKS, INC., GOTUIT MEDIA CORP., DISCOVERY COMMUNICATIONS, INC., MACMILLAN PUBLISHERS, INC., PURE VIDEO NETWORKS, INC., DIGITAL PLAYGROUND, INC., NEW FRONTIER MEDIA, INC., SBO PICTURES, INC., VIVID ENTERTAINMENT, LLC, SUN MICROSYSTEMS, INC., and MLB ADVANCED MEDIA, L.P.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 2:07-CV-102<br><br>JURY TRIAL REQUESTED |
| And Related Counterclaims. | |

**MOTION OF DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC' TO JOIN MACMILLAN PUBLISHERS, INC. AND MACMILLAN PUBLISHERS LTD.'S MOTION TO STAY PENDING REEXAMINATION**

**Introduction**

Defendants Google Inc. ("Google") and YouTube, LLC (incorrectly sued as YouTube, Inc.)

("YouTube"), by their undersigned attorneys, hereby join the motion of Macmillan Publishers, Inc.

and Macmillan Publishers Ltd.'s (collectively "Macmillan") to stay this action pending a final decision on the *ex parte* reexamination of the U.S. Patent No. 5,734,961 ("the '961 patent") at issue in this case. (*See* Docket No. 47.) Google and YouTube seek the same stipulation for a stay that Macmillan requests, modeled upon this Court's order in *DataTreasury Corp. v. Bank of America Corp.*, No. 2:05-cv-00292-DF. Specifically, Google and YouTube affirm that they would accept the following stipulation language:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

Google and YouTube agree with the arguments presented in Macmillan's motion to stay and incorporate those arguments by reference. Additionally, Google and YouTube believe that a short summary of the *DataTreasury* litigation, including relevant activity in that case subsequent to Macmillan's motion, will be helpful to the Court. Google and YouTube also briefly provide additional support for the *DataTreasury* stipulation due to the Supreme Court's decision in *KSR International Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007) and Antor's conduct in dumping an extreme amount of documents on the PTO, preventing a meaningful analysis of those references.

## Argument

### I. The Court Held in *DataTreasury* That the *Nokia* Stay Is No Longer Appropriate.

Antor has argued that if the Court is going to grant a stay, Macmillan, Google and YouTube should be forced to agree to a stipulation with the same language as in *Antor Media Corp. v. Nokia, Inc.*, No. 2:05-cv- 00186-DF. The history of the *DataTreasury* action--which this Court previously observed to be indistinguishable from the *Antor* litigation--shows this argument should be rejected. Indeed, in one of the pending *DataTreasury* cases, this Court recently adopted the same stipulation that Google, YouTube, McMillan, and Digital Underground now seek, despite the plaintiff's request

to enter a *Nokia*-type stipulation. It should do so here as well. A brief history of *DataTreasury* is instructive.

**The Court Initially Grants a *Nokia*-type Stay in *DataTreasury*.** *In DataTreasury*, the plaintiff filed suit against multiple defendant banks, including First Data Corporation, on U.S. Patent Nos. 5,901,988 and 6,032,137 (the "Ballard patents"). *See DataTreasury Corp v. First Data Corp, et al.*, No. 5:03-cv-00039-DF. Subsequently, DataTreasury Corporation filed suit against additional defendants, again on the Ballard patents. *See, e.g.*, *DataTreasury Corp. v. Wells Fargo & Company et al.*, No. 2:06-cv-00072-DF. Several of the new defendants sought to stay proceedings pending completion of the reexamination in the PTO. *Id.*, Dkt. No. 260 (motion to stay).

Like Antor in this case, plaintiff DataTreasury asserted that a stay would be an "indefinite stay" and cause it prejudice. *Id.*, Dkt. No. 313 (response), at 22-23. This Court disagreed, and granted the stay. *Id.*, Dkt. No. 326 (order). The Court, however, held that the *DataTreasury* case was indistinguishable from *Antor Media Corp. v. Nokia*. *Id.*, Dkt. No. 326, at 8-9 ("Defendants' attempt to distinguish *Antor* fails"). Thus, the Court granted the stay subject to the *DataTreasury* defendants entering a stipulation that was essentially identical to the *Nokia* stipulation:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Numbers 5,910,988 and/or 6,032,137 based on any prior art printed publications that were considered in the reexamination process.

*Id.*, Dkt. No. 326, at 10.

**The Court Revises the *DataTreasury* Stay**. Subsequently, one of the *DataTreasury* defendants, Electronic Data Systems Corporation, asked the Court to clarify the scope of that stipulation to make certain it would not be read to preclude the use of such references for obviousness in litigation. *Id.*, Dkt. No. 401 (motion to clarify). Specifically, Electronic Data Systems argued:

> EDS proposes that the Court make a slight but significant clarification to the required stipulation—namely, to append to the stipulation the following sentence:
>
>> [An individual defendant] will be permitted to rely for obviousness on the combination of a printed publication reference that was considered in the reexamination with prior art that was not so considered.
>
> EDS believes that the current stipulation should not be read to ban the subsequent use, for obviousness purposes, of prior art that was not considered by the PTO in combination with references that were so considered in the reexamination. Nevertheless, EDS is concerned that, if a Defendant accepts the stipulation and the patents survive the reexamination, Plaintiff will attempt to expand the scope of the stipulation.

*Id.*, Dkt. No. 401, at 4.

Four days later, the Court issued an Order modifying the *DataTreasury* stipulation to permit obviousness arguments in litigation using references considered in the reexamination as Electronic Data Systems requested. *Id.*, Dkt. No. 411 (order). The modified stipulated incorporated nearly *verbatim* the language that Electronic Data Systems had proposed:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant *will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.*

*Id.*, Dkt. No. 411 (order) (emphasis added).

**The Court Chooses the Revised *DataTreasury* Stay over the *Nokia* Stay.** Recently, a second set of DataTreasury patents, the "Huntington" patents, became the subject of a separate PTO reexamination proceeding. On September 14, 2007, the parties in *DataTreasury* litigation concerning these same patents filed a consented motion to stay. Dkt. No. 796 (unopposed motion to stay). The scope of the stipulation was the only dispute between the parties. *Id.*, at 1-2. DataTreasury argued that the original *Nokia* stipulation should be required. Defendants sought a stipulation with the revised *DataTreasury* language. *Id.*, at 2.

On September 17, 2007, the Court granted the stay subject to the revised *DataTreasury* stipulation, not the old *Nokia* stipulation. Specifically, the stipulation the Court adopted reads:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

*Id.*, Dkt. No. 798 (order granting stay). Thus, although the Court in *DataTreasury* initially imposed the *Nokia*-style stipulation on the *DataTreasury* defendants, upon Electronic Data Systems' motion, the Court recognized that it would confer undue windfalls on plaintiffs to preclude a defendant's obviousness case entirely, and modified the stipulation. *Id.*, Dkt. No. 411.

**The Revised *DataTreasury* Stay Should Be Entered in the *Antor* Litigation That the Court Previously Found Indistinguishable from *DataTreasury*.** The Court's recognition of the appropriateness of the revised *DataTreasury* stipulation language over the *Nokia* language is equally applicable to the *Antor Media* line of cases. Again, the Court previously found the *Antor Media* litigation <u>indistinguishable</u> from the *DataTreasury* litigation. *DataTreasury Corp. v. Wells Fargo & Company et al.*, No. 2:06-cv-00072-DF, Dkt. No. 326, at 8-9. Thus, the *DataTreasury* stay is plainly appropriate in this case. And any attempt by Antor to impose a *Nokia* stay on Google and YouTube should be rejected just as DataTreasury's attempt to recapture the *Nokia* stay was rejected in the *DataTreasury* litigation.

**II.    The Supreme Court's *KSR* Decision Further Shows the Revised *DataTreasury* Stay Is Appropriate.**

The Supreme Court's recent decision in *KSR International Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), provides a further basis for entering the revised *DataTreasury* stay that does not preclude obviousness arguments in litigation using references considered in the reexamination. In *KSR*, the Supreme Court rejected the Federal Circuit's "rigid" application of tests such as the

"teaching, suggestion, or motivation" formula for obviousness, in favor of the "expansive and flexible approach" set forth in *Graham v. John Deere Co.*, 383 U.S. 1 (1966). In rejecting "rigid or mandatory formulas" to evaluate obviousness, the Supreme Court noted that the abilities of those skilled in the art should not be underestimated and "in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *KSR*, slip op. at 16-17.

The *KSR* decision issued after the existing reexamination requests as to the '961 patent were filed. Thus, the reexamination petitioners did not, and could not have, alerted the PTO to the significance of *KSR* in the specific context of the '961 patent.[1] Nevertheless, the *Nokia* stay would prevent Google and YouTube from using any of the references considered in the reexamination in litigation to demonstrate Plaintiff's patents are an obvious combination of the prior art under *KSR*. The *Nokia* stay would prevent Google and YouTube from making the KSR obviousness arguments that were not and could not have been made in the reexaminations. The *DataTreasury* stay properly allows use in this litigation any of the references considered in the reexamination as "pieces of the puzzle" that one skilled in the art would fit together to demonstrate obviousness under *KSR*.

To preclude Google and YouTube from raising any of the more than 1200 references raised in the reexamination for obviousness purposes in litigation would confer an entirely unjustified windfall on Antor. Indeed, it would permit the '961 patent to escape meaningful scrutiny under *KSR* in <u>any</u> forum. Preventing this windfall provides further basis for the revised *DataTreasury* stipulation that would allow Google and YouTube to use references considered in the reexamination to argue obviousness in this litigation.

---

[1] As *KSR* provides a significant obviousness hurdle to the '961 patent, Google and YouTube would have definitely relied on it in any reexamination proceeding. Thus, it is not just speculation that Google and YouTube (or Macmillan or Digital Underground) would have done something different if they had been involved with the reexamination request, as Antor suggested in opposing MacMillan's motion. (Surreply, at 4).

### III. The *Nokia* Stay Is Overbroad in Light of Antor's Document Dump.

Further demonstrating the appropriateness of not precluding obviousness arguments, like in the revised *DataTreasury* stipulation, is the fact that the PTO could not possibly examine in detail each of the more than 1200 references dumped by Antor on the PTO. The extensive number of references precludes meaningful analysis under *KSR*, or any other standard.

Antor has in the past tried to justify its dump of 1200 references based on its duty of candor to the PTO. 37 C.F.R. § 1.56. While of course Antor does have a duty to make *material* disclosures, that does not excuse its conduct before the PTO. Indeed, the PTO's *Manual of Patent Examining Procedure* states that massive document dumps like Antor has done are not proper:

> It is desirable to avoid the submission of long lists of documents if it can be avoided. Eliminate clearly irrelevant and marginally pertinent cumulative information. If a long list is submitted, highlight those documents which have been specifically brought to applicant's attention and/or are known to be of most significance.

*Manual of Patent Examining Procedure* § 2004(13) ("Aids to Compliance With Duty of Disclosure"). Antor does not suggest it has done *anything* to eliminate "clearly irrelevant and marginally pertinent cumulative information," as required. Nor has it shown it has "highlight[ed] those documents" which are of the most significance to the PTO. Instead, Antor's indiscriminate dump of prior art on the PTO shows its hope that the most significant references will become lost in the shuffle. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1184 (Fed. Cir. 1995) ("'burying' a particularly material reference in a prior art statement containing a multiplicity of other references can be probative of bad faith"); *Penn Yan Boats, Inc. v. Sea Lark Boats, Inc.*, 359 F. Supp. 948, 965 (S.D. Fla. 1972), *aff'd and adopted as Fifth Circuit opinion*, 479 F.2d 1328 (5th Cir. 1973) ("Obviously, the purpose of this misrepresentation was to bury the Wollard patent in a long list of allegedly old prior art patents in the hope that the Patent Examiner, having already allowed the Stuart claims, would ignore the list and permit the Stuart patent to issue."). This is improper.

It is demonstrably unfair for Google and YouTube to be prevented from being able to present these references in litigation when they cannot all possibly have been meaningfully examined by the examiner. This would not be preventing Google and YouTube from getting two bites at the apple, it would be preventing them from getting any bite.

**Conclusion**

For the foregoing reasons and the reasons outlined by Macmillan, Macmillan's motion for a stay of this action pending a final decision by the Patent Office on the *ex parte* reexamination of the '961 patent should be granted.

DATED:  November 5, 2007            Respectfully submitted,

By  /s/  Melissa R. Smith
LEAD ATTORNEY
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257


 /s/  Charles K. Verhoeven
Charles K. Verhoeven, *pro hac vice*
charlesverhoeven@quinnemanuel.com
Attorney In Charge
David A. Perlson, *pro hac vice*
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Defendants Google Inc. and YouTube, LLC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 5, 2007. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Melissa R. Smith

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), the undersigned counsel for Google Inc. and YouTube, LLC has conferred with counsel for Antor Media Corporation in a good faith attempt to resolve the matter without Court intervention. Antor is opposed to this motion.

/s/ Melissa R. Smith