IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 2:07-CV-102-DF |
| | § | |
| METACAFE, INC. et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Currently before the Court is MacMillan Publishers Inc.'s and MacMillan Publishers, Ltd.'s Motion to Stay Pending Reexamination (Dkt. No. 47) and Digital Playground Inc.'s Notice of Joining MacMillan Publishers, Inc.'s and MacMillan Publishers, Ltd.'s Motion to Stay (Dkt. No. 86) and Motion of Defendants Google, Inc. and YouTube, LLC to Join MacMillan Publishers, Inc. and MacMillan Publishers, Ltd.'s Motion to Stay (Dkt. No. 161).  Also before the Court is Response by Plaintiff (Dkt. No. 87), Reply by Defendants MacMillan Publishers, Inc. and MacMillan Publishers, Ltd. (hereinafter "MacMillan") (Dkt. No. 98), Sur-Replies by Plaintiff (Dkt. Nos. 101 and 151), and Response by Plaintiff to Google's Motion (Dkt. No. 163). New Frontier Media, Inc. (hereinafter "New Frontier") also have a Motion to Sever and to Stay Pending Reexamination (Dkt. No. 130).  Also before the Court is Plaintiff's Response (Dkt. No. 145), New Frontier's Reply (Dkt. No. 150), and Plaintiff's Sur-Reply (Dkt. No. 152).  Of the twenty-one defendants involved in this cause of action, six of the defendants are seeking a stay pending reexamination.

The Court held a hearing on November 26, 2007. Having considered the arguments of counsel and all relevant papers and pleadings, the Court finds that Defendants' Motions to Stay (Dkt. Nos. 47 and 130) and Motion to Join the Motion to Stay (Dkt. No. 161) should be **DENIED**.

## I.  BACKGROUND

Plaintiff Antor brings this patent infringement suit alleging that Defendants infringe United States Patent No. 5,734,961 (the "'961 Patent"). Complaint, Dkt. No. 1 ¶¶ 25-26. The United States Patent and Trademark Office ("Patent Office") granted a request for *ex parte* reexamination on January 5, 2006. Dkt. No. 47 at 1 n.1. Plaintiff has asserted this patent in other litigations: *Antor Media Corp. v. Audiogalaxy, Inc. et al.*, No. 2-03-cv-320 (E.D. Tex. filed Sept. 4, 2003); *Antor Media Corp. v. Nokia, Inc. et al.*, No. 2-05-cv-186 (E.D. Tex. filed May 16, 2005); *Antor Media Corp. v. Samsung et al.*, No. 5-06-cv-239 (E.D. Tex. filed Oct. 23, 2006); *Antor Media Corp. v. Motorola*, No. 5-06-cv-240 (E.D. Tex. filed Oct. 23, 2006); *Antor Media Corp. v. Trusonic, Inc.*, No. 5-06-cv-270 (E.D. Tex. filed Nov. 20, 2006); and *Antor Media Corp. v. AEBN, Inc.*, No. 5-07-cv-168 (E.D. Tex. filed Nov. 5, 2007).

MacMillan states that it would agree to a broader stipulation ("DataTreasury Stipulation") previously accepted in *DataTreasury v. Bank of America Corp., et al.*, No. 2-05-cv-292 (E.D. Tex. filed June 28, 2005):

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant will be permitted to rely for obviousness on the combination of printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

*DataTreasury v. Bank of America Corp., et al.*, No. 2-05-cv-292, Dkt. No. 107 at 2.  In *Antor Media Corp. v. Nokia, Inc., et al.* ("Antor II"), No. 2-05-cv-186, this Court allowed a stay on the condition of a narrower stipulation ("Antor Stipulation"):

> The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 patent based on any prior art printed publications that were considered in the reexamination process.

*Antor Media Corp. v. Nokia, Inc., et al.*, No. 2-05-cv-186, Dkt. No. 410 at 10.  The Court had previously rejected defendants' request for the broader stipulation because the "Defendants chose to file requests for *ex parte* reexamination and Defendants should not be allowed to raise at trial any printed publications considered during the reexamination process." *Id.* at 9.

This Court had also previously granted a motion to sever and stay Samsung from No. 5-06-cv-239 on the condition of the execution of a Court-approved stipulation.  The severed case is before this Court as *Antor Media Corp. v. Samsung*, No. 5-07-cv-49 (E.D. Tex. filed Apr. 2, 2007).  A claim construction hearing for Nos. 5-06-cv-239 and 5-06-cv-240 involving Plaintiff Antor and Defendants Sony-Ericsson and Motorola was held on November 8, 2007.

## II.  THE PARTIES' POSITIONS

MacMillan argues that the Plaintiff will not be prejudiced by the stay because this case is still in its early stage and this Court had previously granted a stay in other Antor cases.  Dkt. No. 47 at 3.  MacMillan notes that Parties "have not yet engaged in scheduling, discovery, or claim construction" and a stay would conserve judicial resources.  *Id.*  MacMillan argues that a stay would simplify the issues in this litigation because a reexamination may change the scope of the '961 Patent.  Dkt. No. 47 at 4.  MacMillan asserts that a stay would avoid wasting the time and resources of the court and parties.  Dkt. No. 47 at 4.  MacMillan argues that the Court should

defer to the technical expertise of the Patent Office. Dkt. No. 47 at 4. At the hearing, MacMillan refused to agree to the narrower stipulation because it argued that Plaintiff had dumped over 1200 references in reexamination and no reasonable patent examiner would be able to review all the references. On the other hand, New Frontier stated that it would agree to the narrower stipulation.

Plaintiff responds that it would be prejudiced because it notes that in Antor II, the Defendants had stated that the Patent Office would be finished in two years or less. Meanwhile it has already been a year and half without even a first Office Action. Dkt. No. 87 at 9. Plaintiff argues that the "complete lack of progress coupled with the potential for an exhaustive appeal process creates a reasonable probability that reexamination of the '961 Patent could drag on for over four years." *Id.* at 10. Plaintiff argues that the Court has considered the arguments before for a broader stipulation and rejected those arguments in Antor II. *Id.* at 10-11. Plaintiff notes that unlike in the DataTreasury litigation, where DataTreasury submitted its prior art after the first Office Action was issued, Plaintiff had filed its Information Disclosure Statement before a first Office Action was issued. *Id.* at 11.

MacMillan replies that Antor is responsible for the Patent Office's delay because it burdened the patent office with over 1200 references. Dkt. No. 98 at 3. MacMillan also notes that Plaintiff was under no obligation to summarize the references or explain their relevance and did not do so for the examiner. *Id.* at 4. MacMillan argues that the DataTreasury Stipulation would resolve the unfairness of the reference-dump by Plaintiff. *Id.* at 4. MacMillan also notes that, unlike the defendants in the other Antor litigations, MacMillan "did not have the opportunity to participate in the re-examination petition." *Id.* at 5.

Plaintiff responds that MacMillan is aware that the 1200 references originated from defendants in other litigations and that Antor is under an obligation to provide prior art references in connection with the re-examination. Dkt. No. 101 at 2. Plaintiff also submitted Apple's expert report, which analyzed the prior art that the expert thought would invalidate the '961 patent, though it was under no obligation to do so. *Id.* at 2-3. Plaintiff concludes that it has acted "with prudence" during the reexamination and that it is without fault as to the extended reexamination process. *Id.* at 3.

Defendant Google separately argues that, in one of the DataTreasury cases, this Court had allowed a stay in return for a stipulation identical to the Antor stipulation. Dkt. No. 161 at 3. Defendant Google states that the Court subsequently modified the stipulation to permit obviousness arguments in litigation using references considered in reexamination, such that the newly modified stipulation stated:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant will be permitted to rely for obviousness on the combination of printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

*DataTreasury Corp. v. Wells Fargo & Company et al.*, No. 2-06-cv-72, Dkt. No. 411 at 1. Google thus argues that the revised DataTreasury Stipulation should be entered and asserts that the Supreme Court's decision in *KSR International Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007) further supports such a revised stipulation. Dkt. No. 161 at 5. Google also argues that the Antor stay is overbroad in light of Plaintiff's "document dump." *Id.* at 7.

Plaintiff re-emphasizes that this case is distinct from DataTreasury because Plaintiff filed

its IDS before receiving a first Office Action. Dkt. No. 163 at 3. Plaintiff also argues that Defendant Google presumes that the Examiner is not aware of *KSR* and will not apply *KSR* to the reexamination. *Id.* at 4. Plaintiff counters that the Patent Office has implemented guidelines in view of *KSR*. *Id.* Plaintiff also reiterates its arguments regarding the 1200 references. Dkt. No. 163 at 5-6.

New Frontier merely argues that it would agree to enter the stipulation from Antor II and would like to be severed from its co-defendants who refuse to enter the stipulation. Dkt. No. 130 at 3. New Frontier argues that it is not jointly or severally liable from the other defendants; rather, the defendants are completely unrelated and offer different products and services. *Id.* at 4.

Plaintiff responds that any stay would be unduly prejudicial because the current reexamination process indicates that a resolution will likely take years. Dkt. No. 145 at 4-5. Plaintiff argues that New Frontier's argument for a severance is based on its motion to stay, which should not be granted. *Id.* at 6.

### III. LEGAL PRINCIPLES

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a

clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d at 662.

### III.  DISCUSSION

**1. Undue prejudice and tactical disadvantage to the nonmoving party**

The Court finds that "the potential delay for an indefinite period" due to a stay pending reexamination would likely prejudice Plaintiff. *See Purechoice v. Honeywell Int'l Inc.*, 2007 WL 1189844 at *1 (E.D. Tex. 2007). Therefore, the Court holds that this factor weighs against a grant of stay.

**2. Simplification of the issues in question and trial of the case**

Reexamination may well result in simplification of the issues due to elimination, narrowing, or amendment of the claims. In *Soverain*, Judge Davis noted that while cancellation of all claims occurs in only twelve percent of reexaminations, "[t]he unlikelihood of this result, which favors not staying the case, is offset by the possibility that some of the claims may change during reexamination, which favors staying the case." 356 F. Supp. 2d at 662.

However, the Court does not find that this factor weighs in favor of a stay. While recognizing that a stay could possibly streamline some issues in this case, such streamlining is too speculative to outweigh the other factors. *See Purechoice*, 2007 WL 1189844 at *1 (Holding that the chance of material change or voidance of claims was too speculative to support a stay since "waiting for the completion of the reexamination may only simplify the case to a limited degree."); *see also Soverain*, 356 F. Supp. 2d at 662-63. ("Some of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by

dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold."). Moreover, this Court has already spent significant effort familiarizing itself with the patent and underlying technology because a claim construction hearing was held in a related litigation. Given that a first Office Action has not issued in the reexamination proceeding, the Court will likely issue its claim construction order before the completion of the reexamination.

The defendants cannot, on the one hand, ask this Court for a stay and defer to the expertise of the Patent Office, while, on the other hand, refuse to a stipulation because it does not think an Examiner would be adequately equipped to handle a review of the references or apply recent Supreme Court case law.

Therefore, this factor does not support a stay.

### 3. Completion of discovery and trial date

This suit is in the early stages and a scheduling conference was recently set for January 9, 2008. Dkt. No. 165. This factor would support a stay of proceedings.

### IV.  CONCLUSION

In sum, given the particular circumstances of this case, the Court finds a stay will cause undue prejudice to Plaintiff. The Court also finds that the speculative benefits of a stay pending reexamination do not outweigh considerations of fairness and judicial efficiency. However, the Court is aware that the patents at issue are under reexamination and a ruling by the Patent Office may affect the balance of competing interests for a stay. Therefore, the parties may renew their motion to stay, subject to a ruling by the Patent Office, as they deem it appropriate.

For all of the foregoing reasons, Defendants' Motions to Stay (Dkt. Nos. 47 and 130) and Motion to Join the Motion to Stay (Dkt. No. 161) are hereby **DENIED**.

**SIGNED this 6th day of December, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE