IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>METACAFE, INC., et al.<br><br>    Defendants.<br><br>And Related Counterclaims. | CIVIL ACTION NO. 2:07-CV-102<br><br>JURY TRIAL REQUESTED |

## MOTION OF DEFENDANTS TO RENEW MOTION TO STAY PENDING REEXAMINATION

### Introduction

Defendants Google Inc., YouTube, LLC (incorrectly sued as YouTube, Inc.), Sony Pictures Entertainment Inc., Sony Electronics Inc., Sony Computer Entertainment America Inc., Sony BMG Music Entertainment, Crackle, Inc. (f/k/a Grouper Networks, Inc.), GoTuit Media Corp., Discovery Communications, Inc., Macmillan Publishers, Inc., Macmillan Publishers, Ltd., Digital Playground, Inc., New Frontier Media, Inc., SBO Pictures, Inc., Vivid Entertainment, LLC, Sun Microsystems, Inc., MLB Advanced Media, L.P., and Metacafe, Inc. (collectively "Defendants"), by their undersigned attorneys, hereby move to renew the motion for a stay pending a final decision on the *ex parte* reexamination of U.S. Patent No. 5,734,961 ("the '961 patent") at issue in this case. These are all the Defendants who have appeared in this action.[1]

---

[1] Pure Video Networks, Inc., has not yet filed an answer.

Defendants Google, YouTube, Macmillan Publishers Inc., Macmillan Publishers Ltd.'s, and Digital Playground, Inc. all previously moved for a stay modeled upon this Court's order in *DataTreasury Corp. v. Bank of America Corp.*, No. 2:05-cv-00292-DF. Specifically, they affirmed that they would accept the following stipulation language:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

(Dkt. Nos. 47, 161, *see also* Dkt. No. 86.) On December 6, 2007, this Court denied the motions to stay. (Dkt. No., 166.) In doing so, the Court placed heavy emphasis on the fact that no office action had yet issued in the reexamination. The Court found this made the benefits of the stay "speculative," and raised the possibility of an "indefinite" delay of the case. (*Id.* at 7-8 (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)).) The Court, however, stated: "the Court is aware that the patents at issue are under reexamination and a ruling by the Patent Office may affect the balance of competing interests for a stay. Therefore, the parties may renew their motion to stay, subject to a ruling by the Patent Office, as they deem it appropriate." (*Id.* at 8.)

On December 14, 2007, the PTO issued a non-final Office Action in the reexamination rejecting <u>all</u> claims of the '961 patent at issue as anticipated under 35 U.S.C. § 102. (Attached hereto as Exhibit A.) Defendants submit that this Office Action has affected the balance of competing interests such that a stay is now appropriate. Specifically, the Court's expressed concerns about the "speculative nature" of the benefits of the stay and "indefinite" delay in the reexamination are now gone.

Accordingly, Defendants request their motion to stay be granted.

**Background**

I. **THE PTO REJECTS ALL CLAIMS IN THE '961 PATENT.**

On December 14, 2007, the PTO issued a twenty-two page non-final Office Action (the "Office Action") in the reexamination of the '961 patent. This Office Action rejects <u>all</u> claims of the '961 Patent based on three separate references. The Examiner rejected claims 1-29 under 35 U.S.C. § 102(e) in view of U.S. Patent No. 4,918,588. (Ex. A, 9.) The Examiner also rejected claims 1-3, 5-7, 9, 11-15, 17-19 and 21-29 under 35 U.S.C. §§ 102(a) and 102(b) as being anticipated by Ghafoor, A. et al., "A Distributed Multimedia Database System," *IEEE Proceedings: Workshop on the Future Trends of Distributed Computing Systems I the 1990s*, pp. 461-69, September 14-16, 1988. (*Id.* at 2.) The Examiner further rejected Claims 1-3, 5, and 13-15 of the '961 patent under 35 U.S.C. § 102(b) as being anticipated by S. Christodoulakis and T. Velissaropoulos, "Issues in the Design of a Distributed Testbed for Multimedia Information Systems (MINOS)," *Journal of Management Information Systems*, Vol. 4, No. 2, Fall 1987, pp. 8-33. (*Id.* at 7.)

The Office Action makes clear that the Examiner intends to move quickly in providing a final resolution in the Reexamination. The Examiner noted that "35 U.S.C. 305 requires that reexamination proceedings 'will be conducted with special dispatch' (37 CFR 1.55(a).)"[2] The Examiner also states that "the next Office action, . . . is intended to be a final action." (*Id.* at 21.) Antor was also put on a short leash, as the Examiner required a response from Antor within one month, *i.e.* by January 14, 2008. (*Id.* at 1.)

---

[2] The Examiner also notes the "Special Dispatch" in not applying in his rejection of the remaining prior art identified in the reexamination by the petitioners. (Ex. A, 19).

Although the Examiner showed its intent to move quickly on the Reexamination, Antor has sought to delay it. Specifically, on December 21, 2007, Antor sought a one month extension of time to respond to the Office Action. In its recent Notice to the Court, Antor indicates that it sought the extension because Antor and the Examiner have scheduled an interview on Friday, January 11, 2007 to discuss the rejections of record. (Dkt. No. 169, 2.) The PTO granted this request on January 3, 2008.

**Argument**

**I.   The Relevant Factors Support Granting a Stay.**

As indicated by the Court in its December 6 Order, "[i]n deciding whether to stay litigation pending reexamination, courts typically consider: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set.'" (Dkt. No. 166 at 6-7 (citing *Soverain Software*, 356 F. Supp. 2d at 662).) Now that the Office Action has issued rejecting all claims of the '961 patent, each of these factors strongly favors granting a stay.

**A.   There Is No Undue Prejudice or Tactical Disadvantage to Antor from a Stay.**

In its Order denying the motions to stay, the Court found that "the potential delay for an 'indefinite period' due to a stay pending reexamination would likely prejudice Plaintiff," and therefore, weighed against a grant of stay. (Dkt. No. 166 at 7.) This is no longer the case. The PTO has now acted and it has rejected all claims in the '961 patent. Indeed, in doing so, the Examiner makes clear he intends to move with "special dispatch." (Ex. A. at 19, 21.) Antor requested a meeting with the Examiner regarding the rejections, and got one quickly on January 11, 2008. The Examiner also indicates the next action will be final. (*Id*. at 21.)

Further, even if Plaintiff appeals that final rejection, that appeal should move quickly. As the PTO indicates in the "Frequently Asked Questions" section regarding the Board of Patent Appeals and Interferences on its website, such appeals are made a "special" priority:

> **7.** Part One: What are the current time-lags for decisions in *ex parte* appeals in ordinary applications, and in reexaminations?
>
> <u>All appeals in reexamination proceedings are handled as "special" cases at the Board. That is, they are reviewed and docketed ahead of other appeals and are marked as special on the docket listings sent monthly to each APJ</u>.

(http://www.uspto.gov/web/offices/dcom/bpai/bpaifaq.htm (emphasis added).)

In fact, the only thing delaying the Reexamination is now Antor itself. It is *Antor* that sought and obtained a one month extension to respond to the Examiner's recent rejection.

Notably, at the Motion to Stay hearing on November 26, 2007, Plaintiff specifically noted that it would not suffer any harm from the stay: "THE COURT: What do you see as the harm to your client if the Court grants the stay? MR. CHIAVIELLO: I don't think there is any true harm." (Transcript of 11/26/07 Hearing, 9:25-10:3.) Instead, Plaintiff stated "it's really a matter of frustration" because no action had occurred in the Reexamination."[3] (*Id*. at 10:3-5.) Now that the Examiner has acted, this concern has been removed.

*Ricoh Co. v. Aeroflex*, *Inc.*, Case Nos. 03-4669-MJJ and 03-02289-MJJ, 2006 WL 3708069 (N.D. Cal. Dec. 14, 2006), is instructive on this point. In *Ricoh*, the court initially denied a motion to stay pending a newly filed reexamination in which no office action had

---

[3] Later in the hearing, Plaintiff's counsel did vaguely claim delay alone causes Plaintiff prejudice. (Trans. 18:1-11) ("So really the prejudice is one of a matter of justice delayed being justice denied.") Plaintiff's conclusion of prejudice from delay, however, rings hollow in light of Plaintiff's own delay of several years in bringing claims on a patent that issued in 1998 and the fact that Antor *stipulated* to a stay in other cases and previously indicated it would not oppose a stay under those same terms in this case. (Dkt. No. 87, 7)

issued. (*Id.* at *1.) The court then issued a claim construction order and denied a motion for summary judgment. *Id.* Subsequently, an office action issued rejecting all claims. *Id.* Upon a renewed motion by the defendants, the court granted the stay. In doing so, the court found any prejudice to plaintiff did not weigh against a stay. Instead, that court found <u>defendants</u> would be unfairly prejudiced without a stay:

> [a]lthough not addressed by the parties, the Court notes the risk of prejudice to Defendants if a stay is not issued. Defendants will be forced to potentially litigate a lengthy patent trial and a potential appeal, and possibly be forced to pay significant damages for infringing the exact claims that have already been determined to be invalid by the PTO.

*Id.* at *3.[4] The same is true here.[5] Indeed, Defendants would have to engage in an even more costly and time-consuming proceedings than in *Ricoh* given that the case has not yet progressed beyond the pleading stages. Thus, a stay is even more appropriate here.[6]

---

[4] Notably, *Purechoice*, 2007 WL 1189844 at *1, cited by the Court in its Order denying the stay, relies on *Ricoh Co.,* 2006 WL 3708069 at *2, insofar as it notes the potential for prejudice from a stay to a plaintiff where no office action has issued in a reexamination.

[5] Antor may argue *Ricoh* is distinguishable because the examiner in *Ricoh* took less time for a first office action. There is no reason, however, to believe that the Examiner here would not respond to any response by Plaintiff with the "special dispatch" he says he will. (Ex. A, 19, 21.) Indeed, the Examiner notes its next action will be <u>final</u>. (*Id.* at 21.)

[6] In its Order, the Court noted "this Court has already spent significant effort familiarizing itself with the patent and underlying technology because a claim construction hearing was held in a related litigation." (Dkt. No. 166 at 8.) While it is true that the Court held a claim construction hearing in a related litigation, it was not done for this litigation and Defendants had no opportunity to take part in it. It is demonstrably unfair for Defendants to be precluded from a stay based on work done in a different case simply because Plaintiff chose to sue these Defendants later than others. Further, Antor's infringement theories and allegations, defendants' invalidity position(s), and the claim construction issues are not necessarily the same in this case. Moreover, all of these theories, positions, and issues are now in flux based on the current rejection of all claims by the PTO. If this case is allowed to proceed, the Court (and the parties) will necessarily have to revisit these same issues based on the evolving dynamics in the PTO. Efficiency dictates the matter be stayed for the process to be completed in the PTO.

### B. A Stay Will a Simplify the Issues in Question and the Case.

As the Court previously found, "[r]eexamination may well result in simplification of the issues due to elimination, narrowing, or amendment of the claims." (Dkt. No. 166 at 7.) Nevertheless, the Court found that this factor did not weigh in favor of a stay because "streamlining is too speculative to outweigh the other factors." *Id*. The potential for streamlining issues in this case is, however, no longer speculative. If the *status quo* of all claims being rejected remains, the case would be gone completely. Indeed, given the rejection of the claims, it is speculative to assume that the asserted patent would survive reexamination unchanged or even at all.

Again, *Ricoh* is instructive. In *Ricoh*, the court initially denied a stay finding the results of the reexamination to be speculative. *Ricoh*, 2006 WL 3708069 at *1. Once the office action rejecting the claims issued, however, the court found that was "no longer an issue of concern:"

> the Court again notes that the circumstances surrounding the PTO's reexamination of the '432 patent have changed since Defendants' previous request for stay. <u>The Court's primary concern regarding this factor in denying Defendants' previous request was the unpredictability of the PTO's reexamination proceedings. However, that is no longer an issue for concern</u>. As explained above, the PTO has specifically rejected each of the '432 patent claims and has done so in a relatively expeditious manner. As a result the likelihood that the PTO's reexamination and expertise would assist the Court in determining patent validity, or potentially eliminating the need to try the action, has increased significantly.

(*Id*. at *4 (emphasis added).) As in *Ricoh*, the Office Action rejecting all claims in the '961 patent has increased significantly "the likelihood that the PTO's reexamination and expertise would assist the Court in determining patent validity, or potentially eliminating the need to try the action." *Id.* Thus, this factor also supports a stay.

### C. Completion of Discovery and Trial Date

As this Court noted in its Order, "[t]his suit is in the early stages and a scheduling conference was recently set for January 9, 2008. (Dkt. No. 165) This factor would support a stay of proceedings." (Dkt. No. 166 at 8.) This remains true. Thus, this factor still supports a stay.

### II. The Office Action Shows the *DataTreasury* Stay Is Appropriate.

As detailed in Defendants' previous papers, the *DataTreasury* stipulation precludes Defendants from raising prior art printed publications that were submitted by the petitioner in the reexamination proceedings, but allows Defendants to rely on references submitted by the patentee and as well as references submitted by petitioners in combination with prior art that was not so submitted for obviousness arguments. This stipulation preserves for Defendants the ability to articulate invalidity positions that have not been advanced before the PTO Office, while only precluding arguments that have genuinely been considered by the PTO.

The Office Action further shows that the *Data Treasury* stipulation — rather than the *Nokia* stipulation that would preclude Defendants from relying on <u>all</u> references raised in the reexamination — is appropriate. Specifically, the Office Action demonstrates that Defendants were correct in believing that the Examiner could not, and would not, examine in detail each of the hundreds of references dumped by Antor in the reexamination. At the end of the Office Action, in a section entitled "***Information Disclosure Statement***," the Examiner notes that "[a] voluminous, thirty-one page information disclosure statement, citing to approximately <u>nine hundred</u> references, was filed on March 3, 2006 in the `7839 proceeding, May 19, 2006 in the `7936 proceeding, May 23, 2006 in the `7942 proceeding, and on May 25, 2006 in the `7957 proceeding." (Ex. A, 20 (emphasis in original).) The Examiner does not rely on <u>any</u> of this art

in his rejection of all the claims in the '961 patent. Instead, the Examiner cites MPEP 2256 to explain the limited degree to which he can review the art submitted by Antor in its "voluminous" information disclosure statement:

> Where patents, publications, and other such items of information are submitted by a party (patent owner or requester) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information. The initials of the examiner placed adjacent to the citations on the form PTO /SB /08A and 08B or its equivalent, without an indication to the contrary in the record, do not signify that the information has been considered by the examiner any further than to the extent noted above.

(*Id*.)

As the Examiner makes clear, he is not considering the hundreds of references submitted by Antor. The MPEP takes into account the practical constraints under which Examiners work. Given the volume of Antor's reference dump and its failure to explain those references, this Examiner is entirely justified in not reviewing or considering them. It is, however, demonstrably unfair for Defendants here to be precluded from presenting references in litigation when they clearly (and justifiably) have not been considered by the Examiner.

## Conclusion

For the foregoing reasons, Defendants' motion for a stay of this action pending a final decision by the Patent Office on the *ex parte* reexamination of the '961 patent should be granted.

DATED: January 4, 2008             Respectfully submitted,

                                   By  /s/  Melissa R. Smith
                                       Melissa R. Smith
                                       State Bar No. TX 24001351
                                       GILLAM & SMITH, LLP
                                       303 S. Washington Ave.
                                       Marshall, Texas 75670
                                       Telephone: (903) 934-8450

Facsimile: (903) 934-8257
Melissa@gillamsmithlaw.com


   /s/ Charles K. Verhoeven
Charles K. Verhoeven, *pro hac vice*
charlesverhoeven@quinnemanuel.com
Attorney In Charge
David A. Perlson, *pro hac vice*
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants Google Inc. and
YouTube, LLC.

/s/ G. William Lavender
---
G. William Lavender
ATTORNEY-IN-CHARGE
Texas Bar No. 11999590
Email: blav@lavenderlaw.com
LAVENDER LAW
210 N State Line Ave., Suite 503
P.O. Box 1938
Texarkana, AR 75504-1938
tel. 870/773-3187
fax 18707733181

Attorneys for Defendant Metacafe, Inc.

/s/ Li Chen
---
Li Chen
ATTORNEY-IN-CHARGE
Texas Bar No. 24001142
Email: LChen@Sidley.com
KELLEY CONATY
Texas Bar No. 24040716
Email: kconaty@Sidley.com
SIDLEY AUSTIN, L.L.P.
717 North Harwood, Suite 3400
Dallas, Texas 75201
tel. 214-981-3300
fax 214-981-3400

Attorneys for Defendants
Macmillan Publishers, Inc.
and Macmillan Publishers Ltd.

/s/ Becky V. Christensen
---
Becky V. Christensen (Lead Attorney)
CA State Bar No. 147013
Enrique Perez
ILL State Bar No. 6230026
O.CONNOR CHRISTENSEN & McLAUGHLIN
Trial Division of the Eclipse Group LLP
1920 Main Street, Suite 150
Telephone: (949) 851-5000
Facsimile: (949) 851-5051
bchristensen@eclipsegrp.com
eperez@eclipsegrp.com

Kristi I. McCasland
TX State Bar No. 13381030
Greer, McCasland & Miller, LLP
3512 Texas Blvd.
Texarkana, TX  75503
Telephone:  (903) 791-9300
Facsimile: (903) 791-9301
kmccasland@greermccasland.com

Attorneys for Defendant
DIGITAL PLAYGROUND, INC.


/s/  Allen F. Gardner
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
John F. Bufe
State Bar No. 03316930
johnbufe@potterminton.com
Allen F. Gardner
allengardner@potterminton.com
Allen F. Gardner
allengardner@potterminton.com
POTTER MINTON, PC
110 N. College, 500 Plaza Tower
Tyler, TX 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

Attorneys for Defendant
GOTUIT Media Company


/s/  Sharon Barner
Guy N. Harrison
217 N. Center Street
P.O. Box 2845
Longview, Texas 75601
Tel: (903) 758-7361
Fax: (903) 753-9557
State Bar No. 00000077
E-Mail: cj-gnharrison@att.net

Sharon R. Barner, Attorney-in-Charge
Illinois State Bar No. 6192569
Email: SBarner@foley.com
David R. Melton
Illinois State Bar No. 1883267
Email: DMelton@foley.com
Jennifer L. Gregor
Illinois State Bar No. 6286281
Email: JGregor@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Phone: 312-832-4500
Fax: 312-832-4700

George C. Beck
District of Columbia Bar No. 441979
Email: GBeck@foley.com
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

Attorneys for Defendant
MLB Advanced Media, LP


/s/ Thomas M. Dunham
---
Thomas M. Dunham (*pro hac vice*)
Attorney-in-Charge
HOWREY LLC
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 783-0800

Attorneys for Defendant
Sun Microsystems, Inc.


/s/ Robert P. Latham
---
Robert P. Latham
Texas State Bar No. 11975500
John M. Jackson

Texas State Bar No. 24002340
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6109
(214) 661-6645 - Fax
Email:  blatham@jw.com
Email:  jjackson@jw.com

Sean Fletcher Rommel
Texas State Bar No. 24011612
PATTON, ROBERTS, McWILLIAMS &
CAPSHAW, L.L.P.
P.O. Box 6128
Texarkana, TX  75505
(903) 334-7000
(903) 334-7007 - Fax
Email:  srommel@pattonroberts.com

Attorneys for Defendant
Discovery, Communications Inc.


/s/  Kevin P.B. Johnson
Attorney In Charge
Kevin P.B. Johnson (admitted *pro hac vice*)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Defendants Sony Pictures
Entertainment Inc., Sony Electronics Inc., Sony
Computer Entertainment America Inc., Sony
BMG Music Entertainment, and Crackle, Inc.


/s/  R. Laurence Macon

R. Laurence Macon
State Bar No. 12787500
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000 (telephone)
(210) 281-2035 (facsimile)

Attorney for Defendant
New Frontier Media, Inc.

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), the undersigned counsel for Google Inc. and YouTube, LLC has conferred with counsel for Antor Media Corporation in a good faith attempt to resolve the matter without Court intervention. Antor is opposed to this motion.

/s/ Charles K. Verhoeven

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 4, 2008. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/
Melissa R. Smith