IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § | **02:07CV-102** |
| METACAFE, INC., ET AL., | § § | JURY DEMANDED |
| DEFENDANTS. | § § § | |

**PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANTS TO RENEW MOTION TO STAY PENDING REEXAMINATION**

Plaintiff, Antor Media Corporation ("Antor") responds to the Motion of Defendants to Renew Motion to Stay Pending Reexamination ("Renewed Motion") and respectfully requests that the Renewed Motion be denied.

**I.
INTRODUCTION**

On December 6, 2007, this Court issued an Order denying the Defendants' Motion to Stay Pending Reexamination of U.S. Patent No. 5,734, 961 (the "'961 Patent"). (Dkt. No. 166). On December 14, 2007, the United States Patent & Trademark Office ("USPTO") mailed a non-final office action (the "Current Action") rejecting the claims of the '961 Patent. On January 4, 2008, the Defendants renewed their Motion to Stay. (Dkt. No. 170).

In the Renewed Motion, the Defendants argue that issuance of the Current Action justifies a stay. The primary argument revolves centers on the notion that issuance of the Current Action, even approximately two years after initiation of the reexamination proceeding, removes

the possibility of an indefinite delay in the reexamination proceeding. *See* Dkt. No. 170, pg. 2. However, the Defendants' position is incorrect insomuch as the mere issuance of a single office action does not remove the uncertainty of the reexamination proceeding at this stage. There is still significant potential for delay of an indefinite period, despite the Defendants' best arguments to the contrary. Also, the scheduling order and discovery procedures outlined by the parties and approved by this Court precludes prejudice to the Defendants should this action move forward in parallel with the reexamination proceeding.

## II.
## ARGUMENT

The parties are in agreement that, in deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d at 662. In the case at hand, these factors weigh in favor of denying any stay.

**A.** **UNDER THE PRESENT CIRCUMSTANCES ANY STAY WILL UNDULY PREJUDICE ANTOR**

Despite the Defendants' claims to the contrary, any stay pending reexamination of the '961 Patent is an indefinite stay. Such an indefinite stay would unduly prejudice Antor. Each of the Defendants' suggestions to the contrary falls flat.

The Defendants strongly imply that reexamination of the '961 Patent will quickly be resolved because the "next Office action, . . . is intended to be a final action." Dkt. No. 170 at pgs. 3, 4, 6. However, the question is not whether the next office action is final, all second office

actions during reexamination or otherwise are "intended" to be final, but whether the next office action maintains the rejections or withdraws the rejections and confirms patentability.[1]

The Defendants emphasize the fact that the Examiner rejects each claim of the '961 Patent. *See* Dkt. No. 170 at pg. 3. However, as the Defendants are aware, the claims of a patent are often rejected in an initial action. Of course, this often changes after the Examiner is afforded a chance to consider an Applicant's arguments and/or amendments in view of references cited against the pending claims. At this stage of the reexamination, the Examiner has not had the benefit of <u>any</u> argument on Antor's behalf. In fact, all claims are cancelled in a reexamination requested by a third-party in only 12% of cases. *See* Exhibit A. In view of the above, the Defendants' excitement over the rejections of record is premature.

Finally, in an attempt to bolster their argument for a stay, the Defendants attempt to liken *Ricoh Co. v. Aeroflex, Inc.*, Case Nos. 03-4669-MJJ and 03-02289-MJJ, 2006 WL 3708069 (N.D. Cal. Dec. 14, 2006), to the case at hand. However, as the Defendants are forced to point out, *Ricoh* is distinguishable from this case. In *Ricoh*, the USPTO moved relatively quickly (i.e., approximately nine months) in issuing a first office action. The Court noted "[i]n light of the PTO's rejection of the specific claims at issue <u>and the PTO's relatively quick turnaround</u>, the Court finds the previous finding of risk of prejudice to be significantly lessened." (*Id.* at *2)

---

[1] Indeed, the Manual of Patent Examining Procedure ("M.P.E.P.") contemplates several situations where a subsequent action <u>cannot</u> be made final. For instance, a subsequent action cannot be final "where the examiner introduces a new ground of rejection that is [not] necessitated by applicant's amendment. . . ." *See* M.P.E.P. § 706.07(a). "Furthermore, a second or any subsequent action on the merits in any application or patent undergoing reexamination proceedings will not be made final if it includes a rejection, on newly cited art, . . . of any claim not amended by applicant or patent owner in spite of the fact that other claims may have been amended to require newly cited art." *Id.* "A second or any subsequent action on the merits in any application or patent involved in reexamination proceedings should not be made final if it includes a rejection, on prior art not of record, of any claim amended to include limitations which should reasonably have been expected to be claimed." *Id.*, *see* M.P.E.P. 0904 *et seq*. In view of the above, if the Examiner changes the rejection of record with respect to <u>any</u> non-amended claim, the second action cannot be final. Importantly, in such case, the parties would find themselves in the same position before the Current Action was issued. That is, the parties would again be forced to wait while the Examiner either: 1) performed a new search, or 2) performed a new analysis of the art of record.

(emphasis added). Of course, "the PTO's relatively quick turnaround" is simply absent from this case. Therefore, *Ricoh* cannot be appropriately applied to the case at hand.

### B. A STAY WILL NOT SIMPLIFY THE ISSUES IN QUESTION

In the Renewed Motion, the Defendants assert "given the rejection of the claims, it is speculative to assume that the asserted patent would survive reexamination unchanged or even at all." Dkt. No. 170 at pg. 7. However, the Defendants' assertion ignores objective data that suggests otherwise. As mentioned above, statistics show that all claims are cancelled in a reexamination requested by a third-party in only 12% of cases. *See* Exhibit A. Based on this data, in all likelihood, claims of the '961 Patent will survive the reexamination completely unchanged. Therefore, a stay will not prevent the parties from going through discovery, constructing defenses and the like.

In any event, the reexamination proceeding does not address prior art other than prior art patents and printed publications, or any other invalidity defenses. Also, as this Court has noted, it is already familiar with the '961 Patent. The Court's familiarity allows this case to move forward in an efficient manner. In view of the above, waiting for the completion of the reexamination will not simplify the case.

### C. COMPLETION OF DISCOVERY AND TRIAL DATE

The scheduling order and discovery procedures outlined by the parties and approved by this Court preclude prejudice to the Defendants should this action move forward in parallel with the reexamination proceeding. On January 24, 2008, the Court issued a Scheduling Order and Discovery Procedures for this case. Accordingly, discovery deadlines are in place and a trial date has been set. Currently, trial is set for October 2009. According to the Defendants' own rationale, the reexamination proceeding will be resolved between now and the time for trial.

Following the Defendants' rationale, each Defendant will have the benefit of knowing whether Antor has valid claims to assert. According to the Scheduling Order, the timing of this action meshes well with the timing of the reexamination proceeding. Therefore, assuming arguendo that the reexamination will be resolved relatively quickly, the parties would be well-equipped to eliminate issues in the event the actions proceed in parallel.

### D. THE DATATREASURY STAY IS NOT APPROPRIATE IN THE ANTOR LITIGATION

Defendants argue that this Court should grant the DataTreasury Stipulation instead of the Antor Stipulation because the number of references submitted by Antor during reexamination of the '961 Patent has precluded a meaningful reexamination. *See* Dkt. No. 170 at pg. 9. As has been well-briefed before this Court, Antor was obligated to submit the references which are now before the USPTO. Had Antor not submitted those references, Defendants would accuse Antor of inequitable conduct. Curiously, the Defendants complain that Antor "dumped" hundreds of references on the USPTO, but ignore the fact that other defendants asserted those same references against Antor as invalidating prior art. The Defendants also ignore the fact that the Examiner took approximately two years to review these references before he issued the Current Action. In contrast, DataTreasury untimely submitted the references <u>after</u> the Examiner issued an office action.

In the Renewed Motion, the Defendants point to their Exhibit A, at page 20, and note that the Examiner did not rely on any references submitted in other reexamination proceedings, i.e., the '7839 proceeding, '7936 proceeding, '7942 proceeding, and '7957 proceeding, which have now been merged. As Antor best understands, Exhibit A of the Renewed Motion does not have a page 20. However, at page 19 of Exhibit A, the Examiner explains why that art was not relied upon. That is, the Examiner states "a cursory inspection appears to reveal that the remaining

prior art appears cumulative to the prior art applied in this proceeding." In other words, the Examiner inspected the remaining art and considered that art to be of little value.

Finally, this Court granted the DataTreasury Stipulation where the Plaintiff failed to submit any prior art until after issuance of the first Office Action, i.e., until after the USPTO had already made its initial analysis of the prior art. Primarily, the Defendants were concerned that the USPTO would give less attention to that art submitted after its initial evaluation in formulating the rejections in the first Office Action. This, of course, is not applicable to the case at hand. Defendants have not shown this Court anything it has not already seen. As a result, Defendants should be treated no differently than other Antor defendants.

## III.
## CONCLUSION

WHEREFORE, Antor respectfully requests that Defendants' Renewed Motion to Stay Pending Completion of Reexamination be, in all respects, denied. However, in the event this Court is inclined to stay this litigation, Antor requests that the Court do so subject to the Antor Stipulation.

Respectfully submitted this 29th day of January, 2008.

    /s/ Robert M. Chiaviello, Jr.

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

S. Calvin Capshaw, III
Elizabeth L. DeRieux
BROWN McCARROLL L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR., P.C.
109 W. Tyler
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Otis W. Carroll
IRELAND CARROLL & KELLEY, PC
6101 South Broadway
Suite 500
Tyler, TX 75711-7879
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on January 29, 2008.

                                           */s/ Robert M. Chiaviello, Jr.*
                                           Robert M. Chiaviello, Jr.