# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANTOR MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>METACAFE, INC., et al.<br><br>Defendants. | CIVIL ACTION NO. 2:07-CV-102<br><br>JURY TRIAL REQUESTED |

# REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION

**Introduction**

Plaintiff has failed to rebut Defendants' showing that the Office Action in the reexamination rejecting <u>all</u> claims of the asserted '961 patent has changed the balance of competing interests such that a stay of this case pending reexamination is now appropriate. Plaintiff identifies no prejudice it will suffer from a stay and fails to counter the simplification of issues the stay will provide. Indeed, *Plaintiff* itself requested a stay in *Antor Media Corp. v. Sony Ericsson Mobile Communications, Inc., et al.*, 5:06-cv-00239-DF (*"Sony Ericsson"*), a case involving the same patent-in-suit that was filed seven months prior to the present case and was set for trial in June 2008, pending resolution of this later filed case. This shows that even Plaintiff recognizes the benefits of a stay in simplifying issues. It also suggests that Plaintiff is not interested in expediting its patent claims; but instead has chosen to *delay* trying its claims. Moreover, the statistics Plaintiff provides indicate that claims get changed or cancelled in 71% of all reexaminations. Proceeding in parallel with the reexamination in which the claims have already been rejected thus presents a grave risk that the Court and parties would have wasted their time litigating infringement, invalidity, and claim construction theories not relevant to the rejected or revised claims. Finally, the fact that Antor agreed to no estoppel conditions at all in the *Sony Ericsson* stay, shows Defendants' requested stipulation here from *DataTreasury* is entirely reasonable. Defendants' Motion should be granted.

**Argument**

**I.    Plaintiff Provides No Support for its Claims of Prejudice and Indefinite Delay**

Plaintiff Antor's arguments only address whether there will be a delay from a stay, not what harm it would purportedly suffer from it. This is because there is no harm. Indeed, at the Motion to Stay hearing on November 26, 2007, Plaintiff specifically said: "I don't think there is any true harm" from a stay. (Transcript of 11/26/07 Hearing, 9:25-10:3.)

Perhaps the best evidence that mere delay presents no prejudice to Antor is the stay that Antor itself requested on January 24, 2008 in *Sony Ericsson*, which involves the same patent

(U.S. Patent 5,934,961) and the same court as the instant case. (*Sony Ericsson,* Dkt. 135.) Antor filed the *Sony Ericsson* case on October 23, 2006. Antor then went through discovery and a claim construction hearing. Jury selection was set for June 3, 2008. (*Id.,* Dkt. 82 at 4.) Rather than proceed to trial in *Sony Ericsson*, however, Antor chose to delay its claim against Sony Ericsson and instead wait until the later filed instant case (filed on March 27, 2007) goes through discovery, claim construction, trial, and even any appeals to pursue its claim against Sony Ericsson. (*Id.*, Dkt. 138.) While Antor cries foul at the purported "indefinite" nature of a stay pending reexamination, there is no logical distinction between the stay Antor requested in *Sony Ericsson* and the stay Defendants seek here.[1] Indeed, the fact that Antor requested a stay shortly before trial in *Sony Ericsson* suggests Antor actually wants to delay resolution of its claims.

Antor also argues that the next office action might not be final and that Antor might be able to persuade the Examiner to change his mind because "[a]t this stage of the reexamination, the Examiner has not had the benefit of <u>any</u> argument on Antor's behalf." (Opp. at 3 (emphasis in original).) This is false. Antor obtained a January 11, 2008 interview with the Examiner to address the rejection. (Dkt. 169 at 2.) Notably, Plaintiff makes no mention of what occurred at this interview. If Antor had any suggestion from this interview that it might be able to change the Examiner's mind, one would expect Antor to mention that. And on January 14, 2008, shortly *after* the interview, the Examiner issued a thorough 22-page Supplemental Office Action again rejecting all the claims of the '961 patent, further suggesting that Plaintiff did not change the Examiner's mind. (A copy of the Jan. 14, 2008 Supplemental Office Action is attached hereto as Ex. A.)

---

[1] In *Sony Ericsson*, Antor suggested that staying its claim against Sony Ericsson pending the resolution of its claims against the Sony entities in this case would narrow issues in *Sony Ericsson*. (*Sony Ericsson,* Dkt. 135, 1-2.) Applying the same logic Antor used in *Sony Ericsson*, it would be proper to stay this action pending the outcome of the reexamination because the PTO's decision will likely narrow the issues in this case.

Moreover, Plaintiff's argument that "all claims are canceled in a reexamination requested by a third-party in only 12% of cases" is misleading at best. (Opp. at 3.) First, Antor's cited set of statistics give percentages for all reexaminations as of March 31, 2006. These statistics say nothing as to what percentage of patents survive reexamination where all claims are rejected in a first office action as here. Further, the statistics cited by Antor show that claims in third party reexaminations are changed in 59% of the time. (Dkt. 187, Ex. A at 2.) Combined with third party reexaminations in which all claims are cancelled, this means that 71% of all patents emerge from reexamination invalidated or changed. Plaintiff's suggestion that its '961 patent will emerge unscathed from reexamination has no support beyond Plaintiff's wishful speculation.

## II. Antor Fails to Rebut that a Stay Will Simplify the Case and the Issues in Question.

Again citing data that the claims are canceled in a reexamination requested by a third-party in only 12% of cases, Plaintiff states "[b]ased on this data, in all likelihood, claims of the '961 Patent will survive the reexamination completely unchanged." (Opp. at 4.) Thus, Plaintiff reasons, the issues will not be simplified by a stay. Plaintiff's data, however, actually show that it is *unlikely* that the claims would survive reexamination unchanged. Again, the data actually shows 71% of all patents emerge from reexamination invalidated or changed. (*See* Dkt. 187, Attach. 1 at 2.)

Further, even if the claims are changed rather than canceled, this would still have a very significant impact on the case. When claims are substantively changed, liability does not commence until reissuance. *Bloom Eng. Co., v. North Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). If this case proceeds in parallel with the pending reexamination and the claims later change, the Court and the parties would have wasted their time litigating infringement, invalidity, and claim construction theories not relevant to the revised claims, all of which would need to be revisited based on the evolving dynamics in the PTO. Thus, proceeding in this case in parallel with the reexamination would only serve to complicate this case and create a waste of resources

for the Court and the parties. *See Ricoh Co. v. Aeroflex, Inc.,* Case Nos. 03-4669-MJJ; 03-02289-MJJ, 2006 WL 3708069, *5 (N.D. Cal., Dec. 14, 2006).[2]

### III. The Early Stage of this case Favors a Stay

Plaintiff suggests that the setting of a schedule in this case somehow weighs against a stay. (Opp. at 4-5.) But in the Order on Defendants' previous stay motion, the Court already recognized that this factor supports a stay even though a scheduling conference had been set. (Dkt. 166 at 8.) Plaintiff also argues that "assuming arguendo the reexamination will be resolved relatively quickly, the parties would be well-equipped to eliminate issues in the event the actions proceed in parallel." (Opp. at 5.) The question, however, is not whether the parties and the Court *can* adjust to that changing landscape, but rather whether they should do so unnecessarily. For all the reasons discussed herein and in Defendants' Motion, they should not.

### IV. The *DataTreasury* Stay Is Appropriate.

As noted in Defendants' Motion, the *DataTreasury* stay is particularly appropriate due to the Examiner's comments on page 20 of the Office Action regarding why he did not review in detail the approximately "<u>nine hundred</u> references" submitted by Antor. (Dkt. 169, Ex. A at 20 (emphasis in original).) It would be demonstrably unfair for Defendants to be precluded from

---

[2] Antor's argument that "the reexamination proceeding does not address prior art other than prior art patents and printed publications, or any other invalidity defenses," is a red herring. (Opp. at 4.) "Simplification may occur by the very nature of the reexamination procedure itself, as claims, arguments and defenses can be narrowed or entirely disposed of, preserving the resources of the parties and the court." *See Ricoh*, 2006 WL 3708069, *5 . Antor also argues that "the Court's familiarity allows this case to move forward in an efficient manner." (Opp. at 4.) That Antor would request a stay in *Sony Ericsson,* however, shows that even Antor recognizes the Court's familiarity with the patent at issue does not weigh against a stay. Antor stated in that motion "in order to avoid the potential further use of scarce judicial resources that will occur if these two cases are prosecuted in parallel." (*Id.* at 2-3.) Here, reexamination will similarly narrow issues and save "scare judicial resources."

presenting those references in this litigation because the Examiner, appropriately, did not review or rely on them. Plaintiff ignores this point entirely.[3]

Plaintiff argues that the *DataTreasury* stay should be rejected because "Defendants should be treated no differently than other Antor defendants." (Opp. at 6.) But *Plaintiff* requested that a stay be granted in the *Sony Ericsson* case with no conditions whatsoever for defendant Sony Ericsson. (*Sony Ericsson*, Dkt. 135). Thus, Plaintiff's argument actually suggests there should be no conditions on Defendants' requested stay at all.

Antor also attempts to distinguish *DataTreasury* on the basis that the patentee in *DataTreasury* disclosed a large amount of prior art after the first office action in that reexamination proceeding rather than before as here. Regardless of the timing of the patentee's document dump, however, the logic behind the Court's holding in *DataTreasury* applies equally here. Both cases present a situation where there is a realistic concern that not all the prior art will be properly considered by the PTO. *See DataTreasury Corp. v. Bank of America, et al.,* 2:05-cv-292-DF, Dkt. 107 at 2.) Just like in *DataTreasury*, Defendants should not be precluded from raising references in litigation that will not be considered by the Examiner.

## Conclusion

For the foregoing reasons, Defendants' motion for a stay of this action pending a final decision by the Patent Office on the *ex parte* reexamination of the '961 patent should be granted.

---

[3] Plaintiff instead addresses the Examiner's comments on page 19 regarding his treatments references raised by the petitioners. (Opp. at 5-6.) Plaintiff tries to justify addressing the Examiner's comments on page 19, rather than page 20, by stating "[a]s Antor best understands, Exhibit A of the Renewed Motion does not have a page 20." (Opp. at 5.) Exhibit A is the Office Action that was mailed to Plaintiff by the PTO on December 14, 2007 and filed by *Plaintiff* on January 3, 2008. (Dkt. 169, Ex. A.) Thus, Plaintiff knows full well there is a page 20 to the Office Action and what it says. As is obvious, however, page 20 of the Office Action was accidentally omitted. Plaintiff's feigned ignorance of page 20 seems calculated to avoid responding to Defendants' actual argument even if it means misleading the Court in the process.

DATED: February 8, 2008  Respectfully submitted,

By /s/ Charles K. Verhoeven
Charles K. Verhoeven, *pro hac vice*
charlesverhoeven@quinnemanuel.com
Attorney In Charge
David A. Perlson, *pro hac vice*
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants Google Inc. and YouTube, LLC.

/s/ G. William Lavender
G. William Lavender
ATTORNEY-IN-CHARGE
Texas Bar No. 11999590
Email: blav@lavenderlaw.com
LAVENDER LAW
210 N State Line Ave., Suite 503
P.O. Box 1938
Texarkana, AR 75504-1938
tel. 870/773-3187
fax 18707733181

Attorneys for Defendant Metacafe, Inc.

/s/ Li Chen
-----------
Li Chen
ATTORNEY-IN-CHARGE
Texas Bar No. 24001142
Email: LChen@Sidley.com
KELLEY CONATY
Texas Bar No. 24040716
Email: kconaty@Sidley.com
SIDLEY AUSTIN, L.L.P.
717 North Harwood, Suite 3400
Dallas, Texas 75201
tel. 214-981-3300
fax 214-981-3400

Attorneys for Defendants
Macmillan Publishers, Inc.
and Macmillan Publishers Ltd.


/s/ Becky V. Christensen
------------------------
Becky V. Christensen (Lead Attorney)
CA State Bar No. 147013
Enrique Perez
ILL State Bar No. 6230026
O.CONNOR CHRISTENSEN & McLAUGHLIN
Trial Division of the Eclipse Group LLP
1920 Main Street, Suite 150
Telephone: (949) 851-5000
Facsimile: (949) 851-5051
bchristensen@eclipsegrp.com
eperez@eclipsegrp.com

Kristi I. McCasland
TX State Bar No. 13381030
Greer, McCasland & Miller, LLP
3512 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 791-9300
Facsimile: (903) 791-9301
kmccasland@greermccasland.com

Attorneys for Defendant
DIGITAL PLAYGROUND, INC.

/s/ Allen F. Gardner
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
John F. Bufe
State Bar No. 03316930
johnbufe@potterminton.com
Allen F. Gardner
allengardner@potterminton.com
Allen F. Gardner
allengardner@potterminton.com
POTTER MINTON, PC
110 N. College, 500 Plaza Tower
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Defendant
GOTUIT Media Company


/s/ Sharon Barner
Guy N. Harrison
217 N. Center Street
P.O. Box 2845
Longview, Texas 75601
Tel: (903) 758-7361
Fax: (903) 753-9557
State Bar No. 00000077
E-Mail: cj-gnharrison@att.net

Sharon R. Barner, Attorney-in-Charge
Illinois State Bar No. 6192569
Email: SBarner@foley.com
David R. Melton
Illinois State Bar No. 1883267
Email: DMelton@foley.com
Jennifer L. Gregor
Illinois State Bar No. 6286281
Email: JGregor@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Phone: 312-832-4500

Fax: 312-832-4700

George C. Beck
District of Columbia Bar No. 441979
Email: GBeck@foley.com
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

Attorneys for Defendant
MLB Advanced Media, LP


/s/ Thomas M. Dunham
Thomas M. Dunham (*pro hac vice*)
Attorney-in-Charge
HOWREY LLC
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 783-0800

Attorneys for Defendant
Sun Microsystems, Inc.


/s/ Robert P. Latham
Robert P. Latham
Texas State Bar No. 11975500
John M. Jackson
Texas State Bar No. 24002340
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6109
(214) 661-6645 - Fax
Email: blatham@jw.com
Email: jjackson@jw.com

Sean Fletcher Rommel
Texas State Bar No. 24011612
PATTON, ROBERTS, McWILLIAMS &
CAPSHAW, L.L.P.

P.O. Box 6128
Texarkana, TX  75505
(903) 334-7000
(903) 334-7007 - Fax
Email:  srommel@pattonroberts.com

Attorneys for Defendant
Discovery, Communications Inc.


/s/  Kevin P.B. Johnson

Attorney In Charge
Kevin P.B. Johnson (admitted *pro hac vice*)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Defendants Sony Pictures Entertainment Inc., Sony Electronics Inc., Sony Computer Entertainment America Inc., Sony BMG Music Entertainment, and Crackle, Inc.


/s/  R. Laurence Macon

R. Laurence Macon
State Bar No. 12787500
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000 (telephone)
(210) 281-2035 (facsimile)

Attorney for Defendant
New Frontier Media, Inc.

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 8, 2008. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ David A. Perlson

51233/2377557.2
**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY**