IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | CIVIL ACTION NO. |
| PLAINTIFF, | § § | |
| V. | § § | **02:07CV-102** |
| METACAFE, INC., ET AL., | § § | JURY DEMANDED |
| DEFENDANTS. | § § § | |

## PLAINTIFF'S SURREPLY TO DEFENDANTS' RENEWED MOTION TO STAY PENDING REEXAMINATION

Plaintiff, Antor Media Corporation ("Antor") responds to Defendants' Reply in Support of their Renewed Motion to Stay Pending Reexamination ("Defendants' Reply") and respectfully requests that the Renewed Motion be denied.

## ARGUMENT

### A. A STAY WILL PREJUDICE ANTOR AND PRESENT A CLEAR TACTICAL DISADVANTAGE TO ANTOR

The bottom line is that Antor has been, and continues to be, unduly prejudiced by the indefinite nature of the reexamination of the '961 Patent. Defendants' alleged evidence to the contrary cannot change this fact. The first office action did not issue for approximately two years, so that the Examiner could review the enormous number of prior patents and printed publications dumped on Antor by various defendants.[1] If progress remains constant, the reexamination proceeding will be resolved no sooner than four years after its initiation. This, of course, assumes from here on out a best case scenario with no appeals. Given that the average length of a reexamination proceeding is supposed to be twenty-one months, and that reexamination of the '961 Patent will necessarily take much longer, staying this case pending resolution of the reexamination of the '961 Patent is unduly prejudicial simply by virtue of the extraordinary time requirement. At this point, it is safe to say that no one can reasonably approximate when the reexamination of the '961 Patent will be resolved.

Defendants reason that, because *Antor Media Corporation v. Sony-Ericsson Mobile Communication (USA) Inc.*, 5:06-cv-00239-DF ("the Sony Ericsson litigation") has recently been stayed, this case should be stayed as well. *See* Dkt. No. 201 at pgs. 1-2. However, as Defendants are well-aware, the Sony Ericsson litigation presented a unique set of facts that

---

[1] Under the Rules of the USPTO, Antor was obligated to disclose to the Examiner all material prior art known to Antor. Given the fact the defendants alleged the prior patents and printed publications to be "invalidating" references, Antor had no choice but to disclose them all.

suggested a stay was appropriate, particularly in view of the current litigation. Specifically, Sony Pictures Entertainment, Inc., Sony Electronics, Inc., Sony Computer Entertainment America, Inc., Sony BMG Music Entertainment GP, Inc., and Crackle, Inc. (f/k/a Grouper Networks, Inc.) (collectively "the Sony Defendants") are defendants in the current litigation and are also related to Sony-Ericsson Mobile Communication (USA) Inc. Therefore, a stay of the Sony-Ericsson litigation in light of the broader litigation involving the same issues would serve to streamline the process and conserve scarce judicial resources.[2] Defendants' suggestion that Antor attempted to delay resolution of the case is wrong.

Moreover, in an attempt to bolster the idea that the Examiner will not allow the reexamined claims, Defendants' Reply incorrectly states: "Antor obtained a January 11, 2008 interview with the Examiner to address the rejection. Notably, Plaintiff makes no mention of what occurred at this interview. If Antor had any suggestion from this interview that it might be able to change the Examiner's mind, one would expect Antor to mention that. And on January 14, 2008, shortly *after* the interview, the Examiner issued a thorough 22-page Supplemental Office Action again rejecting all the claims of the '961 Patent, further suggesting that Plaintiff did not change the Examiner's mind." *See* Dkt. No. 201 at pgs. 1-2. This recitation of the facts is wrong.

Scheduling conflicts necessitated delaying the interview until January 29, 2008. The interview went well, and Antor remains confident that the Patent Office will confirm the claims of the '961 Patent following reexamination. The January 14, 2008 Supplemental Office Action issued ***before*** the January 29, 2008 interview, not ***after***, as Defendants incorrectly state. Antor

---

[2] *See* Sony Ericsson Joint Motion for Stay ("[t]herefore, in order to avoid the potential further use of scarce judicial resources that will occur if these two cases are prosecuted in parallel only to have a resolution in the broader case (i.e., the *MetaCafe* case) effectively resolve the narrower case (i.e., this action)" the parties move to stay). *See Antor Media Corporation v. Sony-Ericsson Mobile Communication (USA) Inc.*, 5:06-cv-00239-DF, Dkt. No. 137 at 1.

attaches hereto the Summary of the Interview (*see* Exhibit A) and its Response to the Office Action including exhibits. *See* Exhibit B. The Summary of the Interview documents the January 29, 2008 interview. Antor's Response demonstrates that each Patent Office rejection is fully addressed with strong arguments for patentability reinforced by supporting expert opinion.

### B.  A STAY IS NOT LIKELY TO SIMPLIFY THE ISSUES OR TRIAL OF THIS CASE

Defendants contend that reexamination of the '961 Patent will simplify the issues for trial. In doing so, Defendants assert "71% of all patents emerge from reexamination invalidated or changed." *See* Dkt. No. 201 at pg. 3. In contrast, the USPTO only cancels all claims of a patent in a mere 12% of reexaminations. In other words, approximately 90% of all reexaminations result in confirmation of at least some of the claims in a patent. Accordingly, even if only one claim remains after reexamination of the '961 Patent, the same issues at stake now will continue to require this Court's attention. As such, a stay would not preserve many judicial resources.

Notably, Defendants fail to indicate what percentage of reexaminations result in minor or inconsequential changes to the reexamined patent claims. As a practical matter, Defendants should recognize that, in many cases, minor changes made in reexamination do not affect pending litigation. In the event reexamination of the '961 Patent does result in any amendments to its claims, this Court is certainly capable of efficiently addressing that contingency if it should arise. Consistent with this premise, this Court has previously recognized that it is often best to allow reexamination and litigation to proceed in parallel. *See e.g., Soverain Software v. Amazon.com, Inc.*, 356 F. Supp. 2d. 660 (E.D. Tex. 2005).

Further, Defendants gloss over the fact that the USPTO will consider invalidity based only on patents and printed publications. Of course, this means that the USPTO will not

consider other grounds for invalidity, including Defendants' assertions of inequitable conduct or invalidity based on 35 U.S.C. §§ 101 and 112. Also, the USPTO will not address non-infringement, laches, estoppel, or acquiescence defenses put forth by Defendants. Based on the 88% percent likelihood that at least some claims will survive the reexamination – each of the issues mentioned above will remain for this Court's consideration. Therefore, Antor asks this Court to deny Defendants' Motion because reexamination of the '961 Patent likely will not finally resolve many, if any, issues in the litigation.

### C. A STAY IS INAPPROPRIATE BECAUSE OF THE CURRENT STATE OF LITIGATION

The Eastern District of Texas Local Rules and Patent Rules, as well as this Court's Scheduling Order, require the parties to prepare for discovery early in litigation. Indeed, Defendants will have Antor's Infringement Contentions and accompanying documentation before this Court will consider this Renewed Motion to Stay. Also, Antor will have served interrogatories and requests for production on Defendants before their Renewed Motion to Stay is considered. Further, this case is unique in that this Court has a great amount of experience with the '961 Patent. *See, e.g., Antor Media Corp. v. Audiogalaxy Inc. et al.*, 2:03-cv-00320-DF, Dkt Nos. 111, 120; *Antor Media Corporation v Nokia, Inc. et al.*, 2:05-cv-00186-DF-CMC, Dkt Nos. 327, 356; *Antor Media Corporation v. Sony-Ericsson Mobile Communication (USA) Inc.*, 5:06-cv-00239-DF, Dkt. Nos. 84, 90. Accordingly, this case is well-suited to move forward in expedited fashion so that Antor can quickly have its day in court.

### D. THE DATATREASURY STAY IS NOT APPROPRIATE IN THE ANTOR LITIGATION

Defendants argue that this Court should grant the DataTreasury Stipulation instead of the Antor Stipulation because the number of references submitted by Antor during reexamination of the '961 Patent has precluded a meaningful reexamination. *See* Dkt. No. 201 at pg. 4. As has

been well-briefed before this Court, Antor was obligated to submit the references which are now before the USPTO. Had Antor not submitted those references, Defendants would accuse Antor of inequitable conduct. Curiously, Defendants complain that Antor "dumped" hundreds of references on the USPTO, but ignore the fact that other defendants asserted those same references against Antor as allegedly invalidating prior art in prior lawsuits. In any event, the Examiner did not make such negative statements about the cited art not relied upon in the Office Action as Defendants would have this Court believe. Rather, the Examiner merely stated that "a cursory inspection appears to reveal that the remaining prior art appears <u>cumulative</u> to the prior art applied in this proceeding" (emphasis added). In other words, the Examiner inspected the remaining art and considered that the art was not necessary to the Office Action.

Finally, this Court granted the DataTreasury Stipulation where the Plaintiff failed to submit *any* prior art until after issuance of the first Office Action, i.e., until after the USPTO had already made its initial analysis of the prior art. In *DataTreasury*, Defendants were concerned that the USPTO would give less attention to that art submitted after its initial evaluation in formulating subsequent rejections of the reexamined patent. This, of course, is not applicable to the case at hand where the Examiner had two years to consider the submitted prior patents and printed publications. Defendants have not shown this Court anything it has not already seen. As a result, Defendants should be treated no differently than other Antor defendants.

## CONCLUSION

WHEREFORE, Antor respectfully requests that Defendants' Renewed Motion to Stay Pending Completion of Reexamination be, in all respects, denied. However, in the event this Court is inclined to stay this litigation, Antor requests that the Court do so subject to the Antor Stipulation.

Respectfully submitted this 21st day of February, 2008.

                        */s/ Robert M. Chiaviello, Jr.*

Robert M. Chiaviello, Jr.,
Lead Attorney
Texas Bar No. 04190720
Email: bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
Email: bgovett@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

COUNSEL FOR PLAINTIFF
ANTOR MEDIA CORPORATION

OF COUNSEL

| | |
|---|---|
| S. Calvin Capshaw, III | Otis W. Carroll |
| Elizabeth L. DeRieux | IRELAND CARROLL & KELLEY, PC |
| BROWN McCARROLL L.L.P. | 6101 South Broadway |
| 1127 Judson Road, Suite 220 | Suite 500 |
| Longview, TX 75601 | Tyler, TX 75711-7879 |
| Telephone: (903) 236-9800 | Telephone: (903) 561-1600 |
| Facsimile: (903) 236-8787 | Facsimile: (903) 581-1071 |

T. John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR., P.C.
109 W. Tyler
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on February 21, 2008.

                                             */s/ Robert M. Chiaviello, Jr.*
                                            Robert M. Chiaviello, Jr.