IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 2:07-CV-102 (DF) |
| V. | § § | OPPOSED |
| METACAFE, INC., ET AL. | § § | |
| DEFENDANTS. | § § | |

**DEFENDANTS' MOTION TO CLARIFY NOTICE OF AGREEMENT REGARDING MEDIATION (Dkt No. 217) AND ORDER REGARDING MEDIATION (Dkt No. 219).**

Defendants respectfully request that this Court clarify the Notice of Agreement Regarding Mediation (Dkt No. 217) and the Court's July 25, 2008 Order concerning mediation (Dkt No. 219). A dispute has arisen between the parties as to how to construe the Order. Defendants would like to clarify that early mediation will be conducted on a voluntary basis as the case has been on a temporary discovery hold and some parties have a good faith belief that they are without sufficient information to engage in a mediation session at this early stage in the litigation process. Plaintiff contends that the July 25, 2008 mediation session is not voluntary.

In the original joint conference report, the parties proposed that "mediation take place no later than 75 days before the date of the initial pretrial conference." (Dkt No. 173 at 2). The Court adopted this proposed mediation deadline. (*See* Dkt No. 184, Revised Scheduling Order and Discovery Procedures dated January 24, 2008 ("Mediation shall take place no later than 75 days before the date of the initial pretrial conference.")). Accordingly, under the Amended

Scheduling Order, the deadline for mandatory Court appointed mediation is not until the year 2009. (*See* Dkt No. 220 at 5).

With the July 25, 2008 deadline for voluntary early mediation approaching, Plaintiff requested that Defendants agree to use Jim Knowles as a mediator. (*See* Dkt No 220 at 2). Defendants agreed with Plaintiff to use Jim Knowles as a mediator, but at the same time submitted a joint motion to amend the scheduling order that specifically states that the July 25, 2008 mediation will occur "at the parties' request." (Dkt No. 218 at 2). While Defendants did agree with Plaintiff's request to use Jim Knowles as a mediator, Defendants did not intend to agree to be required by the Court to attend mediation on or before July 25, 2008. (Smith Decl. ¶ 3). In fact, when Plaintiff persisted that Defendants agree to use Mr. Knowles as a mediator there was no discussion whatsoever that doing so, and submitting a notice to the Court to that effect, would trigger the Court issuing an order submitting the entire case to mandatory early mediation. (*Id.* at ¶ 3). Instead, Defendants believed that they were only selecting a mediator and this would allow defendants to individually decide for themselves whether they would voluntarily participate in early mediation by the agreed deadline of July 25, 2008. (*Id.* at ¶ 5).

Accordingly, Defendants request that the Court grant defendants motion to clarify the Court's May 13, 2008 Order to clarify that the July 2008 mediation is voluntary.

DATED:      May 20, 2008                    Respectfully submitted,

                                            GILLAM & SMITH, LLP

                                              /s/ Melissa R. Smith
                                            Melissa R. Smith
                                            State Bar No. 24001351
                                            GILLAM & SMITH, L.L.P.
                                            303 South Washington Avenue
                                            Marshall, Texas 75670
                                            Telephone:  (903) 934-8450
                                            Facsimile:  (903) 934-9257


/s/ *Charles K. Verhoeven, with permission*  
**Charles K. Verhoeven**  
*Counsel for Google, Inc. and YouTube, LLC*

/s/ *Li Chen, with permission*  
**Li Chen**  
*Counsel for Macmillan Publishers, Inc. and Macmillan Publishers, Ltd.*

/s/ *Kevin P.B. Johnson, with permission*  
**Kevin P.B. Johnson**  
*Counsel for Crackle, Inc. (f/k/a Grouper Network, Inc.); Sony Pictures Entertainment, Inc,; Sony Electronics, Inc.; Sony Computer Entertainment of America, Inc.; and Sony BMG Music Entertainment, GP*

/s/ *Laurin Mills, with permission*  
**Laurin Mills**  
*Counsel for MetaCafe, Inc.*

/s/ *Becky V. Christensen, with permission*  
**Becky V. Christensen**  
*Counsel for Digital Playground, Inc.*

/s/ *Sharon R. Barner, with permission*  
**Sharon R. Barner**  
*Counsel for MLB Advanced Media, LP*

/s/ *Robert Parke Latham, with permission*  
**Robert Parke Latham**  
*Counsel for Discovery Communications, Inc.*

/s/ *R. Laurence Macon, with permission*  
**R. Laurence Macon**  
*Counsel for New Frontier Media, Inc*

/s/ *Michael E. Jones, with permission*  
**Michael E. Jones**  
*Counsel for GoTuIt Media Corporation*

/s/ *Anthony J. Dain, with permission*  
**Anthony J. Dain**  
*Counsel for SBO Pictures, Inc. and Vivid Entertainment, LLC*

/s/ *Thomas Dunham, with permission*  
**Thomas Dunham**  
*Counsel for Sun Microsystems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A) on May 20, 2008.

                                        */s/ Melissa R. Smith*
                                        Melissa R. Smith

## CERTIFICATE OF CONFERENCE

      Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the motion is opposed.

      A conference took place on May 20, 2008 between lead and local counsel for Defendants and lead counsel for Plaintiff. Local counsel for Plaintiff was unavailable. Plaintiff insists that the early mediation is mandatory rather than at the request of parties and that all Defendants should be made to appear at mediation prior to July 25, 2008. Defendants prefer not to attend a mandatory mediation 15 months prior to trial, while the patent-at-issue is in reexamination, and while the case is in a temporary discovery hold.
      As such discussions have conclusively ended in an impasse a court intervention is required.

                                        /s/
                                      Melissa R. Smith